1  **JOHN L. RUSSO**, *Attorney at Law*
New York State Bar No.: **2332344**
2  [Pending *Pro Hac Vice* Petition]
31 - 01 Broadway, 4th Floor
3  Astoria, New York 11106-2648
Tel:   718.777.1777
4  Fax:   718.777.2737
Em:    johnlawny@msn.com
5  *Lead Counsel*

6  **DAVID L. WRIGHT**, *Attorney at Law*
State Bar No.: **189346**
7  1882 South Caliente Road
Palm Springs, California 92264
8  Tel:   760.969.8800
Em:    davidlawps@gmail.com
9  *California Counsel*

10

11  Attorneys for Plaintiffs
Daniel Carlos Garcia
12  David L. Wright

13  **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

14  **DANIEL CARLOS GARCIA and
DAVID L. WRIGHT** ED CV    Case No. :  **00034** VAP  (OPx)

15                                   **COMPLAINT FOR CIVIL RIGHTS
                    *Plaintiffs,*   VIOLATIONS AND DAMAGES**

16

17        vs.

18  **THE COUNTY OF RIVERSIDE;
COUNTY OF RIVERSIDE BOARD
19  OF SUPERVISORS; RODRIC
ANTHONY PACHECO; KELLY
20  PATRICK KEENAN; SARA LYNN
DANVILLE; OTIS STERLING, III;
21  LISA DiMARIA; BRUCE BLANCK;
COUNTY OF RIVERSIDE
22  SHERIFF'S DEPARTMENT;
STANLEY SNIFF, JR.; DAVE
23  NORDSTROM; RAYMOND
GREGORY; PAUL TESINSKY;
24  LINDA HUGHES; M. NAVARRO;
BRANDES; SHUMWAY; GLOBAL
25  TEL LINK; BRIAN OLIVER and
DOES 1 through 10, *Inclusive*;**

26        *Defendants.*         **DEMAND FOR JURY TRIAL**

27

28

*Garcia, et al.  vs The County of Riverside, et al.*     **Complaint for Civil Rights Violations and
Case No.                                              Damages**

1  **COMES NOW** Plaintiffs, **DANIEL CARLOS GARCIA** and **DAVID L.**

2  **WRIGHT** and for causes of action against Defendants **COUNTY OF RIVERSIDE**;

3  **COUNTY OF RIVERSIDE BOARD OF SUPERVISORS**; **RODRIC ANTHONY**

4  **PACHECO**; **KELLY PATRICK KEENAN**; **SARA LYNN DANVILLE**; **OTIS**

5  **STERLING, III**; **LISA DiMARIA**; **BRUCE BLANCK**; **COUNTY OF**

6  **RIVERSIDE SHERIFF'S DEPARTMENT**; **STANLEY SNIFF, JR.**; **DAVE**

7  **NORDSTROM**; **RAYMOND GREGORY**; **PAUL TESINSKY**; **LINDA HUGHES**;

8  **M. NAVARRO**; **BRANDES**; **SHUMWAY**; **GLOBAL TEL LINK**; **BRIAN**

9  **OLIVER** and **DOES 1** through **25**, Inclusive, and complain and allege as stated

10  hereinafter.

11  **I.**

12  **JURISDICTION**

13  (**Federal Questions**)

14  1.     Plaintiffs bring this civil action pursuant to *Title* 42 *United States Code* §§ 1983,

15  1985(3), and 1988 and the *First, Fourth*, *Fifth*, *Sixth* and *Fourteenth Amendments*

16  to the United States Constitution. Jurisdiction is based on *Title* 28 *United States Code*

17  §§1331, 1343(a)(3)(4), and *Title* 42 *United States Code* § 2000cc, *et seq.,* and the

18  federal statutory and constitutional provisions cited above.

19  (**Concurrent Jurisdiction - State Causes of Action**)

20  2.     Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to *Title*

21  28 *United States Code* § 1367, over any and all State Law claims and as against all

22  parties that are so related to claims in this action within the original jurisdiction of this

23  Court that they form part of the same case or controversy.

24  **II.**

25  **VENUE**

26  3.     Venue is proper in the United States District Court for the Central District of

27  California pursuant to *Title* 28 *United States Code* § 1391(a) because it is the district

28  in which the Plaintiffs' claims arose.

### III,

### PARTIES

#### (*Plaintiffs*)

4.     Plaintiff **DANIEL CARLOS GARCIA**, hereinafter " Garcia" is an individual, a citizen of the United States of America.

5.     Plaintiff  Garcia is and was at all times mentioned herein a detainee, who is and as been since March 13th, 2009 incarcerated   at various Defendant County's jail facilities.

6.     At all relevant times herein, Plaintiff  **DAVID L. WRIGHT**, hereinafter, "Wright"is an individual, and is an attorney licensed to practice law in the State of California. Wright resides in Riverside County, California.

7.     Not a party, but throughout this complaint **JANE ROE**, hereinafter, "Roe"is the Spiritual Advisor/Practitioner for Garcia.

#### (*Defendants*)

8.     Defendant **THE COUNTY OF RIVERSIDE**, hereinafter "County", is and was at all times mentioned herein a local political subdivision of the State of California, was at all times mentioned herein responsible for the supervisory and budgetary operations of its law enforcement agencies. County is also a recipient of federal funds, which it distributes to its subordinate law enforcement agencies.

9.     Plaintiffs are informed and believe that Defendant County is  the  policy-maker and fiduciary supervisors of the remaining subordinates identified hereinafter.

10.     Plaintiffs are informed and believe that Defendant County had knowledge that the wrongs  hereinafter mentioned  were and continue to be done;  were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

11.     Plaintiffs are informed and believe that it is through the leadership,  ratification, and support of Defendant County that its subordinate law enforcement  agencies and Defendant GTL identified hereinafter, had  permission to  implement  the  custom,

---

1  practice and usage which violated and continue to violate Plaintiffs' constitutionally,
2  statutory and regulatory rights, activities, privileges, immunities and confidentiality
3  afforded to suspects in their professional relationship with their attorneys, legal defense
4  teams and spiritual advisors in accordance with the ***United States Constitution***, 1st, 4th,
5  5th, 6th, and 14th ***Amendments***; ***Title*** 42 ***United States Code*** § 2000cc *et seq[1]*.; including
6  ***California Constitution***, Art 1, §§ 1[2], 4[3], 7(a)[4], 13[5],  24[6], 26[7]; and Art 3, § 3.5[8];
7  ***California Penal Code*** §§ 636(a)[9]; 637[10] and 637.2(a)[11] *et seq.; **California Penal Code***
8  § 11149.4[12]; ***California Evidence Code***, §§ 954[13] and 1034[14] *et seq.*; and ***California***
9  ***Code of Civil Procedure*** § 2018.030(a)[15].Defendant County is being sued in its official
10  capacity.

11  12.    Defendant **COUNTY OF RIVERSIDE BOARD OF SUPERVISORS**,
12  hereinafter "Supervisors", are and were at all times, elected officials, with the duty and
13  responsibility to monitor and supervise Defendant County's subordinate law
14  enforcement entities, departments, and agents.

15  13.    Plaintiffs are informed and believe that Defendants Supervisors are policy-
16  makers and fiduciary supervisors of the other local entities named herein.

17  14.    Plaintiffs are informed and believe that Defendants Supervisors had knowledge
18  that the wrongs hereinafter mentioned were done, continued to be done;  were about
19  to be done, and having power to prevent or aid in preventing the commission of the
20  same, neglected or refused so to do.

21  15.    Plaintiffs are informed and believe that it is through the leadership,  ratification,
22  and support of Defendants Supervisors that its subordinate law enforcement entities,
23  departments, agents and Defendant GTL identified hereinafter, had knowledge and
24  permission to establish and implement the custom, practice and usage which violated
25  and  continues to violate Plaintiffs' constitutional, statutory and regulatory protected
26  rights, activities, privileges, immunities and confidentiality as fully stated above in ¶
27  10.

28

---

16.     Defendants Supervisors are being sued in their official and individual capacities.

17.     Defendant **RODRIC ANTHONY PACHECO**, hereinafter "Pacheco", is and was at all times mentioned herein an employee of Defendant County, to wit, Defendant County's District Attorney.

18.     Plaintiffs are informed and believe that Defendant Pacheco is a policy-maker and supervises the remaining individual subordinates identified hereinafter.

19.     Plaintiffs are informed and believe that Defendant Pacheco had knowledge that the wrongs hereinafter mentioned were done, continued to be done; were about to be done, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

20.     Plaintiffs are informed and believe that it is through the leadership, ratification, and support of Defendant Pacheco that his subordinate law enforcement officers, assistant/deputy District Attorneys, mentioned hereinafter, executed, implemented and enforced said policy in violation of Plaintiffs' constitutionally, statutory and regulatory protected rights, activities, privileges, immunities and confidentiality afforded to suspects in their professional relationship with their attorneys, legal defense teams and religious advisors as fully stated above in ¶ 10.

21.     Defendant Pacheco is being sued in his official and personal capacity.

22.     Defendants **KELLY PATRICK KEENAN,** hereinafter **"Keenan"; SARA LYNN DANVILLE,** hereinafter **"Danville"; OTIS STERLING, III,** hereinafter **"Sterling"** are hereinafter collectively referred to as **"Senior DAs"** are and were at all times mentioned herein supervisors, invested with and given the authority to enforce the custom, practice, usage and implementation of Defendants County, Supervisors and Pacheco's policies regarding the monitoring, listening, recording, copying, reading, duplicating and distributing attorney-client confidential and privileged telephone calls, work-product doctrine protected documents, and legal mail, and religious advisor's communication with their remaining subordinates.

---

23.     Plaintiffs are informed and believe that Defendants Senior DAs had knowledge that the wrongs hereinafter mentioned were done, continued to be done, and were about to be done, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

24.     Plaintiffs are informed and believe that it is through the leadership, inspiration, ratification, and support of Senior DAs that their subordinate law enforcement and Defendant GTL had knowledge and permission in establishing a custom, practice and usage which violated and continue to violate Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges, immunities and confidentiality afforded to suspects/detainees in their professional relationship with their attorneys, legal defense teams and religious advisors as fully stated above in ¶ 10.

25.     Defendants Senior DAs are being sued in their official and individual capacity.

26.     Defendant **LISA DiMARIA,** hereinafter **"DiMaria"** is and was at all times mentioned herein supervisor of Defendant Bruce Blanck, invested with and given the authority to enforce the custom, practice, usage and implementation of Defendants County, Supervisors, Pacheco and Senior DAs' policies regarding the monitoring, listening, recording, copying, reading, duplicating and distributing attorney-client confidential and privileged telephone calls, work-product doctrine protected documents, and legal mail, and religious-advisor's communication with their remaining governmental subordinates.

27.     Plaintiffs are informed and believe that Defendant DiMaria had knowledge that the wrongs hereinafter mentioned were done and continue to be done, and were about to be done, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do. In fact, Plaintiffs are informed and believe that Defendant DiMaria was instrumental in using her position, under colour of law, by ordering her subordinate Defendant Bruce Blanck to violate Plaintiffs' constitutionally, statutorilly and regulatorily protected rights, activities, privileges, immunities and confidentiality afforded to suspects/detainees in their professional relationship with

1   their attorneys, legal defense teams and religious advisors, in order to illegally obtain

2   an advantage over Plaintiff Garcia's pending criminal case.

3   28.   Plaintiffs are informed and believe that it is through the leadership, ratification,

4   and support of Defendant DiMaria that Defendants Blanck, County of Riverside

5   Sheriff's Department; Stanley Sniff, Jr.; Dan Eaglin; Paul Tesinsky; Linda Hughes; M.

6   Navarro; Brandes and Shumway and Defendant GTL had knowledge and permission

7   in establishing a custom, practice and usage which violated and continue to violate

8   Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges,

9   immunities and confidentiality afforded to suspects/detainees in their professional

10   relationship with their attorneys, legal defense teams and religious advisors as fully

11   stated above in ¶ 10.

12   29.   Defendant DiMaria is being sued in her official and individual capacity.

13   30.   Defendant **BRUCE BLANCK,** hereinafter **"Blanck"** is and was at all times

14   mentioned herein an investigator for Defendants County, Supervisors, Pacheco, Senior

15   DAs and DiMaria, invested with and giving the authority to enforce the custom,

16   practice, usage and implementation of Defendants County, Supervisors, Pacheco,

17   Senior DAs and DiMaria's policies regarding the monitoring, listening, recording,

18   copying, reading, duplicating and distributing attorney-client confidential and

19   privileged telephone calls, work-product doctrine protected documents, and legal mail,

20   with their remaining governmental subordinates.

21   31.   Plaintiffs are informed and believe that Defendant Blanck had knowledge that

22   the wrongs hereinafter mentioned were done, continued to be done; were about to be

23   done, and having power to prevent or aid in preventing the commission of the same,

24   neglected or refused so to do. In fact, Plaintiffs are informed and believe that

25   Defendant Blanck was instrumental in using his position, under color of law, by

26   directing and demanding Defendants County of Riverside Sheriff's Department;

27   Stanley Sniff; Dan Eaglin; Paul Tesinsky; Linda Hughes; M. Navarro; Brandes and

28   Shumway, to violate Plaintiffs' constitutional, statutory and regulatory protected rights,

1  activities, privileges, immunities and confidentiality afforded to suspects/detainees in
2  their professional relationship with their attorneys, legal defense teams and religious
3  advisors, in order to illegally obtain an advantage in Plaintiff Garcia's pending criminal
4  case.

5  32.    Plaintiffs are informed and believe that it is through the leadership, inspiration,
6  ratification, and support of Defendant Blanck that Defendants County of Riverside
7  Sheriff's Department; Stanley Sniff; Dan Eaglin; Paul Tesinsky; Linda Hughes; M.
8  Navarro; Brandous and Shumway and Defendant GTL had knowledge and permission
9  in establishing a custom, practice and usage which violated and continue to violate
10 Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges,
11 immunities and confidentiality afforded to suspects/detainees in their professional
12 relationship with their attorneys, legal defense teams and religious advisors as fully
13 stated above in ¶ 10.

14 33.    Defendant Blanck is being sued in his official and individual capacity.

15 34.    Defendant **COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT,**
16 hereinafter **"Department"** is and was at all times mentioned herein, a subordinate
17 entity to Defendant County, with certain statutory and directives in the administration
18 of, among other things, policing, maintaining and operating local jails.

19 35.    Plaintiffs are informed and believe that Defendant Department has five (5) jails,
20 or correctional facilities, in Defendant County, all managed by the Defendant
21 Department Corrections Division.

22 36.    Plaintiffs are informed and believe that Defendant Department is a policy-
23 maker of the remaining governmental subordinates identified hereinafter.

24 37.    Plaintiffs are informed and believe that Defendant Department had knowledge
25 that the wrongs hereinafter mentioned were done, continued to be done, and were about
26 to be done, and having power to prevent or aid in preventing the commission of the
27 same, neglected or refused so to do.

28

---

38.     Plaintiffs are informed and believe that it is through the leadership, ratification, and support of Defendant Department that its subordinate law enforcement entities, departments and agents (and Defendant GTL identified hereinafter) knew, permitted, ratified, supported and implemented the custom, practice and usage which violated and continues to violate Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges, immunities and confidentiality afforded to suspects in their professional relationship with their attorneys, legal defense teams and religious advisors as fully stated above in ¶ 10.

39.     Defendant Department is being sued in its official capacity.

40.     Defendant **STANLEY SNIFF, JR.,** hereinafter **"Sniff"** is and at all times mentioned herein an employee of Defendant County, elected to the position of Sheriff.

41.     Plaintiffs are informed and believe that Defendant Sniff is a policy-maker and supervises the remaining governmental subordinates identified hereinafter. Defendant Sniff has longstanding policy supporting Defendant Pacheco's desired treatment of detainees.

42.     Plaintiffs are informed and believe that Defendant Sniff had knowledge that the wrongs hereinafter mentioned were done, continued to be done, and were about to be done, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

43.     Plaintiffs are informed and believe that it is through the leadership, , ratification and support of Defendant Sniff that his subordinate law enforcement officers mentioned hereinafter, executed, implemented and enforced said policy in violation of Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges, immunities and confidentiality afforded to suspects in their professional relationship with their attorneys, legal defense teams and religious advisors as fully stated above in ¶ 10.

44.     Defendant Sniff is being sued in his official and personal capacity.

45.   Defendants **DAVE NORDSTROM; RAYMOND GREGORY; DAN EAGLIN, PAUL TESINSKY, LINDA HUGHES, M. NAVARRO, BRANDOUS,** and **SHUMWAY** hereinafter collectively **"Deputies"** are and were at all times mentioned herein employees of Defendants County, Supervisors, Department and Sniff.

46.   Plaintiffs are informed and believe that Defendant Deputies had knowledge that the wrongs hereinafter mentioned were done, continued to be done and were about to be done, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

47.   Plaintiffs are informed and believe that it is through the ratification and support of Defendant Deputies that their superiors, executed, implemented and enforced said policy in violation of  Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges, immunities and confidentiality afforded to suspects in their professional relationship with their attorneys, legal defense teams and religious advisors as fully stated above in ¶ 10.

48.   Defendant Tesinsky is being sued in his official capacity. All other Defendants Deputies are being sued in their official and individual capacity.

49.   Defendant **GLOBAL TEL LINK, a Delaware Corporation,** hereinafter **"GTL"** is also doing business as **DSI-ITI, LLC.  GTL** is a Mobile, Alabama based firm, and does business within the State of California with Defendants County, Supervisors, Department and Sniff.

50.   Plaintiffs are informed and believe that Defendant  GTL manufactures and oversee the maintenance of the "Lazer-Phone®" system, security software features and provides technical services to the aforementioned Defendants.

51.   Plaintiffs are informed and believes that Defendant  GTL, with its on-line, real-time capability, Lazer-Phone® provides for the monitoring, blocking and terminating calls when necessary, "all with the click of a button."

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.                                        Page 10 of  80
**Complaint for Civil Rights Violations and Damages**

52.     Furthermore, Plaintiffs are informed and believe that said Lazer-Phone® attaches notes to call records, pin numbers, and/or destination numbers; creates notes containing case numbers, inmate's names, or comments related to certain cases, the searches and retrieves calls specifically according to Defendants' notes.  The notes can then be saved and used in other programs such as MS Word, WordPerfect, Excel, dBase, and more.

53.     Moreover, Plaintiffs are informed and believe that the Defendant  GTL's Investigative Management System is designed specifically for inmate telephone customers, such as the aforementioned Defendants.  The investigative tool uses GTL's database analysis and monitoring expertise to interface with any inmate platform in order to follow inmate calling patterns.

54.     In addition, Plaintiffs are informed and believe that Lazer-Phone® digitally records all conversations, except those flagged as confidential and stores them without tapes.  It wraps recorded conversations in a security envelope that remain intact when the recoding is transferred to a compact disc and played back for evidence.

55.     Plaintiffs are informed and believe that Lazer-Phone® recorded call can be easily transferred to a portable medium for use as evidence.  To protect against possible legal challenges, the date and time of each recording as well as the telephone numbers involved are automatically encrypted into each call record and then enclosed in a tamper-proof electronic Security Envelope.  The integrity of the Security Envelope is verified prior to each call playback to insure evidence authenticity.

56.     Plaintiffs allege that Defendant GTL is so intertwined in its relationship with the Defendant Governmental Authorities and is so symbiotic as to and create a "mantle of authority" that enhanced the power of harm caused to the Plaintiffs. Defendant GTL's action of monitoring, recording, duplicating, copying and disseminating confidential, privileged and protected telephone calls on said telephone system was performed and executed under color of law[16].

---

57.     Plaintiffs are informed and believe that Defendant  GTL's acts and omissions were and continue to be executed under colour of state law when it implements, monitors, secures, stores and transfers confidential, privileged and protected telephone recorded conversations to law enforcement in violation of established federal and state laws.

58.     Furthermore, Plaintiffs alleges that Defendant GTL acted under color of law by hiding behind the authority of law, and engaged in "joint participation" with the governmental Defendants in the deprivation of constitutional rights, when it corruptly conspiring with they remaining governmental office in a joint scheme to defraud the Plaintiffs of their the protected rights, entitlements, immunities, privileges and the like, subjecting itself to be sued as a 'state actor" under the Civil Rights Act of 1964, as amended.

59.     Plaintiffs are informed and believe that it is through the leadership,  inspiration, ratification and support of Defendant GTL that the aforementioned governmental Defendants, executed, implemented and enforced said policy in violation of Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges, immunities and confidentiality afforded to suspects in their professional relationship with their attorneys, legal defense teams and religious advisors as fully stated above in ¶ 10.

60.     Defendant  GTL is being sued in its official capacity, as a state actor and individual corporate capacity.

61.     Plaintiffs are informed and believe that Defendant Brian Oliver, hereinafter "Oliver" is the Chief Executive Officer, for Defendant  GTL, and through his leadership, inspiration, ratification and  support of the remaining governmental Defendants with his knowledge and permission established a custom, practice and usage of violating the constitutionally protected rights, privileges, immunities and confidentiality afforded to Plaintiff Garcia pre-trial detainee within the Defendants' custody and control; Plaintiff Wright as a California licensed attorney and legal

consultant to Plaintiff Garcia and Reverend Roe as the Religious Advisor/ Practitioner to Plaintiff Garcia, as fully stated herein.

62.     Plaintiffs are informed and believe that Defendant GTL's acts and omissions were executed under color of state law when he ratified, supported and encouraged the implementation, monitoring, security, storage and transferring of  confidential, privileged and protected telephone recorded  conversations to law enforcement in violation of established federal and state laws.

63.     In addition, Plaintiffs alleges that Defendant Oliver acted under color of law by hiding behind the authority of law, and engaged in "joint participation" with the governmental Defendants in the deprivation of constitutional rights, when he corruptly conspiring with they remaining governmental office in a joint scheme to defraud the Plaintiffs of their the protected rights, entitlements, immunities, privileges and the like as as fully stated herein, subjecting itself to be sued as a 'state actor" under the Civil Rights Act of 1964, as amended.

64.     Defendant Oliver is being sued in its official, as a state actor and individual capacity.

65.     ***California Penal Code*** § 11149.4 pertinently provides:

> Any vendor or employee of a vendor who intentionally discloses information, not otherwise public, which that person knows or should reasonably know was obtained from confidential information, **shall be subject to a civil action for invasion of privacy by the individual to whom the information pertains**.

66.     Defendant Oliver acted under color of law when corruptly conspiring with they remaining governmental office in a joint scheme to defraud the Plaintiffs of their protected rights, entitlements, immunities, privileges and the like as as fully stated above.

67.     Plaintiffs allege that the acts, conduct, behavior and omissions by the Defendants, and each of them, were planned, designed, executed and implemented under color of law, and under such authority of police power that such injuries would not have otherwise been inflicted.

68.     In addition, Plaintiffs allege that the Defendants, and each of them, knew and reasonably believed that their acts, conduct and behavior would, could and did violate Plaintiffs constitutional and statutory protected rights, entitlements, services, immunities and privileged, and still proceeded to do so.

69.     Plaintiffs are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs allege that these DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including negligence in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

70.     Plaintiff Garcia alleges that Defendants County, Supervisors, Sniff, and DOES Deputy Sheriff's 1-10, unlawful and without warrant intercepted and copied documents privileged legal mail and religious communications with his Religious Advisor/ Practitioner transmitted through the United States Mail; routinely conducted searches of privileged documents outside his presence; routinely denied him visits with his attorneys, investigators, and legal runners; conducted warrantless searches and seizures of legal documents from his property box in my cell which were clearly marked as privileged and/or legal mail and/or identified by the attorney's name and title; failed to transport him to court on at least five (5) occasions depriving him of equal protection afforded to pre-trial detainees, and obstructing the administration of justices by depriving him of his presence at said legal hearings; housed him more than hundred (100) miles away from his attorney, obstructing, infringing, depriving or preventing him from having access to meet with his attorney; urging, ratifying and supporting Defendant GTL to profit through an unlawful monopoly with predatory pricing for

their phone system, which encourage and promotes statutory violations under both *California Penal Code* § 636 *et seq.*, and *Title* 42 *United States Code* § 2000cc, *et seq.,* as fully stated herein and obstructing and interfering with Plaintiff Garcia's constitutionally and statutory protected rights to access the discovery, interfering and interfering ability to prepare for his defense in a criminal case which potentially could expose him to life without the possibility of parole.

71.   Plaintiffs allege that each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things herein alleged, was  acting within the scope of such agency, employment and/or conspiracy and with the permission, consent and ratification of other co-defendants.

72.   All Defendants' actions at all relevant times were taken under color of state law and without lawful justification. Acting in the course and scope of their duties and functions as agents and officers of Defendant County, Defendants maintained a pattern and practice of subjecting Plaintiffs to unjustified, invasive, intrusive, and unconstitutional conditions of detainee's confinement.

## IV.

## EXHIBITS

73.   Plaintiffs incorporate the following Exhibits into this complaint as respectfully referenced hereinafter to wit:

a.   Exhibit 1   **Plaintiff's Docket Arrest Sheet**

b.   Exhibit 2   **Hon. Superior Court Judge Douglass Protective Order.**

c.   Exhibit 3   **Hon. Superior Court Judge Downing Protective Order.**

d.   Exhibit 4   **Contract between Defendants County, Supervisors, Department, Sniff and GTL**

/ / /

/ / /

/ / /

/ / /

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.                                          Page 15 of  80
**Complaint for Civil Rights Violations and Damages**

# V.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

74.    Plaintiff Daniel Carlos Garcia is awaiting trial on several criminal counts including first  degree murder and conspiracy to commit first degree murder. Post-preliminary hearing and pretrial,  in the initial discovery phase, Plaintiff Garcia became aware that various privileged conversations  including ones with his attorneys, their agents, and his religious advisors, had been taped by the  Riverside County Jail at the Indio Facility, Robert Presley Detention Center, Blythe Jail, and Southwest Jail in violation of *California Penal Code* § 636. These taped conversations were then turned  over to the Riverside County District Attorney's Office.

75.    Plaintiff Garcia had requested an evidentiary hearing to determine the facts surrounding this  alleged taping and potential violations of Plaintiff Garcia's right to counsel under the United States  Constitution's *Sixth Amendment* and under Art. 1, § 15 of the California Constitution. The hearing  was continued to November 05th, 2010 after Defendant Lisa DiMaria filed a motion for a  continuance under *California Penal Code* § 1050, which The Honorable Judge David Downing granted  due to a finding that Defendant DiMaria was ill (though she did appear in another court  room on a different matter as well as briefly made an appearance and remained in this court even though the hearing was continued). This continuance was particularly troubling for Plaintiff Garcia  because he feared that privileged conversations were still being recorded and therefore his rights  were jeopardized ongoing.

76.    Plaintiff Garcia was arrested on March 9, 2009 in Sacramento, California, in the case entitled *People v. Garcia, et al.*, Indio Superior Court  Case No.: **INFO64492**.

77.    On March 13th, 2009, Plaintiff  Garcia was transported to a detention facility in Riverside County and remains in the custody and control of Defendants County and Sniff.

78.    In or about March 13th, 2009, and continuing to date, Plaintiff  Garcia while in the custody and control of Defendants County and Sniff, commenced privileged and

1  confidential telephone communications with his legal defense team and his spiritual
2  advisors including Plaintiffs Wright and Reverend Roe.

3  79.    At all times mentioned herein and continuing to date Plaintiff Garcia while in
4  the custody and control of Defendants County and Sniff, did not express, imply or
5  actually waive his attorney-client privilege or the religious advisor-penitent privilege.

6  80.    In or about March 13th, 2009 and continuing to date, Plaintiff Garcia while in
7  the custody and control of Defendants County and Sniff, commenced privileged and
8  confidential written communications with his legal defense team, including Plaintiffs
9  Wright and Reverend Roe.

10  81.    In or about March 13th, 2009 and continuing to date, Plaintiff Garcia while in
11  the custody and control of Defendants County and Sniff, began to transmit and
12  receive 'legal mail,' and at no time mentioned herein, did Plaintiff Garcia express,
13  imply or actually waived his attorney-client privilege.

14  82.    In or about March 13th, 2009 and continuing to date, Plaintiff Garcia while in
15  the custody and control of Defendants County and Sniff, began to prepare for his
16  defense and reducing both of his and his legal defense team, thoughts, suggestions,
17  recommendations, ideas, plans, strategies, and elaborated and systematic plans of
18  action in writing.

19  83.    At all times mentioned herein and continuing to date Plaintiff Garcia while in
20  the custody and control of Defendants County and Sniff, did not expressly or implicitly
21  or actually waive his attorney-client work-product doctrine and protection.

22  84.    On March 13th, 2009, Plaintiff Garcia was transported to the Robert Presley
23  Detention Center in Riverside County.

24  85.    On March 15th, 2009, Garcia was transferred to the Indio Jail facility.

25  86.    On March 19th, 2009, Plaintiff Garcia was arraigned on a complaint, which
26  included all charges of *California Penal Code* §§ 187 (murder) and 182(a)(1)
27  (conspiracy to commit murder).   At this point, Plaintiff Garcia was remanded to
28  custody without bail.   Garcia remains in the Indio Jail pending his trial.

---

*Garcia, et al. vs The County of Riverside, et al.*    **Complaint for Civil Rights Violations and**
Case No.    Page 17 of 80    **Damages**

87.     On January 04th, 2010, inmate Mr. John Childs was caught searching Plaintiff Garcia's legal property box and stealing Plaintiff Garcia's privileged legal documents and providing them to Defendants Department and Sniff's Jail investigators. Plaintiff Garcia and the other nine (9) inmates in that tank found hundreds of pages of stolen legal documents and handwritten notes pertaining to several high-profile cases in the Riverside County, including Plaintiff Garcia's. Plaintiff Garcia alerted jail authorities, who responded by forcibly seizing all of the documents, armed with tasers and pepper spray. The documents were later reviewed by Defendants Department and Sniff's Jail Investigator Cassandra Morrow, who in turn provided them to Defendant Lisa DiMaria.

88.     The documents seized demonstrated a longstanding agreement between Mr. John Childs and the Sheriff's Department where he acted as their agent to gather evidence against other inmates with whom he was housed. Notably, Plaintiffs are informed and believe that Mr. John Childs attempting to testify at the preliminary hearing in the Zunaga death penalty case however, he ultimately did not testify. It is unknown how many other potential agents of law enforcement may have been housed with Plaintiff Garcia in an effort to gather information for law enforcement and invade, molest and violate Plaintiffs' constitutional and statutory rights, privileges and immunities.

89.     Since learning of the jail's taping of his privileged and non-privileged calls, Plaintiff Garcia has become extremely distrustful of using the jail's phones to prepare his defense against the alleged offenses. Unfortunately, given the location of paralegal, the motion writer, their supervisor, and the civil attorneys, it is impossible to avoid utilizing the phone as a communication device. Plaintiff Garcia constantly fears and believes that privileged calls are continuously recorded by the jail, disseminated to the District Attorney's Office, and listened to by either or both parties.

90.     On May 10th, 2010. Plaintiff Garcia was granted *in pro se* status by Hon. Judge Downing. As a *in pro se* defendant, Judge Downing advised Plaintiff Garcia that he

would be acting as his own lawyer. By extension this translated to Plaintiff Garcia that he was to coordinate and head his own defense team and strategy. In order to assist Plaintiff Garcia, the court appointed private investigator Luis Bolanos to serve as the investigator, as well as appointed a paralegal and a motion writer. In order to divvy out assignments and insure that defense strategies were implemented, Plaintiff Garcia needed to, and continues to need to, have many calls with the people (hereinafter referred to as "Team"). All of the team members have registered their names and numbers with Defendant GTL as well as Defendant Department. Plaintiff Garcia also has retained attorney David Wright and John Russo to represent him on his civil lawsuits arising out of this case. Defendant DiMaria is well aware of their representation in that attorney Wright has been personally present at a great deal of the court dates.

91.    Plaintiff Garcia has consistently requested that the Indio Jail block privileged numbers for each of the members of the Team as pursuant to the jail's inmate orientation handout. Many members of Team, both criminal and civil, have experienced that while on the phone with Plaintiff Garcia they have heard the recording indicating that they were being taped. As such, each member of the team re-registered their names and numbers as "privileged" with the Indio Jail, as has Plaintiff Garcia.

92.    However, Plaintiffs are unsure if Defendants are obeying the Hon. Judge Downing's order, since, they have and are believed to continue to violate the previous protective and restraining orders mentioned herein.

93.    During the month of May 2010, Plaintiff Garcia received several CDs from the Defendants and discovered that in fact, the Defendants were not only recording privileged and confidential telephone communications with his legal defense team, including Plaintiffs Wright and Reverend Roe, but also Plaintiffs are informed and believe that the following individuals listed in the above ¶ 10 had also access to said privileged and confidential telephone communications.

94.    On June 04th, 2009, Defendant DiMaria notified the court that she had received from the Sheriff's Department copies of Plaintiff Garcia's phone calls made from within the jail including numerous calls between Plaintiff Garcia and his then private attorney, Mario Rodriguez. Defendant DiMaria represented to the court that while listening to these calls, she recognized the voice of Plaintiff Garcia's then current attorney, Mario Rodriguez, and stopped listening as soon as she came to that realization. Despite that representation, Judge Douglass issued an order prohibiting law enforcement and the District Attorney's Office from listening to Plaintiff Garcia's attorney-client privileged calls. Defendant DiMaria again notified the court around January 2010 that she received copies of privileged calls from the Defendant Department, and that she stopped listening to calls when she recognized attorney Cameron James Quinn's voice, Plaintiff Garcia's prior defense attorney appointed from the Conflicts Panel. Despite that representation, Judge Douglass issued an order prohibiting law enforcement and the District Attorney's Office from listening to Plaintiff Garcia's attorney-client privileged calls.

95.    Despite the June 04th, 2009 court order and her claims, Defendant DiMaria has made repeated requests of the Sheriff's Department *vis-à-vis* Defendants GTL and Blanck to tape and turn over all calls made by Plaintiff Garcia from the jail. One such request from May 13th, 2010 included a note that "**[Mr.] Garcia is now Pro Per and no attorney/client privileged call need be blocked**."

96.    In addition to the representations made regarding attorney Mario Rodriguez's and Plaintiff Garcia's calls, Defendant DiMaria openly acknowledged listening to some of Plaintiff Garcia's privileged calls with his religious advisors including, Reverend Roe.

97.    Plaintiff Garcia has consistently requested that the Indio Jail block privileged numbers for each of the members of the Team as pursuant to the jail's inmate orientation handout. Many members of Team, both criminal and civil, have experienced that while on the phone with Plaintiff Garcia they have heard the

recording indicating that they were being taped.   As such, each member of the team re-registered their names and numbers as "privileged" with the Indio Jail, as has Plaintiff  Garcia on his end.

98.    On June 18th, 2010 Defendant DiMaria argued that some of some calls with Reverend Roe should not be considered privileged due to the  content of the calls. Clearly such a significant description gives raise to an undisputed certainty that Defendant DiMaria had indeed been listening to the aforementioned tapes, despite the fact that they are privileged and registered as  such as of this court date. In response to this issue of taping privileged calls being renewed before  the court a second time, the Hon. Judge David Downing granted Plaintiff Garcia's motion for a  protective order against recording calls and issued a minute order to that effect.

99.    During discovery, Defendant DiMaria released to Plaintiff Garcia and his five co-defendants  recorded copies of over six (600) hundred of Plaintiff Garcia's calls made between mid-April of 2009 and  mid-May of 2010. Of these six (600) hundred calls, approximately five (500) hundred are calls to Plaintiff Garcia's attorneys, agents working on behalf of his case, and spiritual advisors. These phone calls have been in Defendant DiMaria's possession for an extended period.

100.   On June 18th, 2010, Hon. Judge Downing, issued another protective/restraining order, commanding and restraining the Defendants from listening and/or recording any of Plaintiff Garcia's confidential and privileged telephone calls.

101.   Plaintiff  Garcia is informed and believes that Defendants Pacheco and his subordinate Defendant Senior DAs, DiMaria and Defendant Blanck instructed, ordered, and directed the remaining Defendants to disregard both of the aforementioned protective/restraining orders and Plaintiff  Garcia's constitutionally and statutory protected rights regarding and/or arising from factors of the attorney-client and religious advisor/penitent privilege, and to proceed to listen, record, copy, duplicate and disseminate to third parties said confidential and privilege telephone communications.

102.   As of the filing of this action, Plaintiffs are informed and believe that Defendants continue to listen, record, copy, duplicate and disseminate to third parties said confidential and privilege telephone communications.

103.   Plaintiff alleges that he is and was a paying customer of Defendant GTL, and is informed and believes that Defendants GTL and Oliver owed him a duty of care and protection against the invasion of his constitutionally and statutory protected rights, entitlements, immunities, benefits and services otherwise mandated by among others, *California Penal Code* § 11149.4 (*supra*).

104.   Defendant DiMaria claimed during the October 12th and November 05th, 2010 hearings that she has never listened to privileged calls between  Garcia and his attorneys (or has stopped listening to calls when she recognizes the attorney's voice or that the call is in fact privileged), and that she has no intention of ever doing so.  At this time, Defendant DiMaria did not state that she has not listened to any privileged calls; she only mentioned attorney-client calls.

105.   On October 08th, 2010,  Garcia appeared in court to hold an evidentiary hearing in regards to the taping of calls with the hope that the issue of privileged calls being taped would be cleared up and his fear and distrust of using the jail phones for privileged calls would be eased.  Without prior notice, Judge Downing alerted Plaintiff Garcia that Defendant DiMaria had filed and been granted a continuance under *California Penal Code* § 1050 due to an illness.  The court determined to not rescind Defendant DiMaria's continuance even after it came to the court's attention that Defendant DiMaria made an appearance that morning in another courtroom.  Defendant DiMaria made a brief appearance in Department 1B, and remained for some time even though she claimed to be late for a doctor's appointment.  The issue of the illegal taping was put over until November 05th, 2010.

106.   For the entire duration of the court proceedings in this case, Plaintiff  Garcia has been in the custody of the Sheriff's Department and has carried on and engaged in long and detailed conversations with his attorneys, and their agents, regarding his pending

criminal matter including defense strategies and detailed, confidential, and privileged matters directly connected to these pending criminal matters. Plaintiff Garcia has also sought religious guidance and penitence from his religious advisors relating to his acts in the criminal matter. During his incarceration in the various Riverside County facilities, Plaintiff Garcia has spoken to no less than twenty-one (21) individuals whom would fall under the veil of privilege.

107. As if the taping of calls was not egregious enough, Plaintiff Garcia's personal legal mailbox's confidentiality has been jeopardized. It is in this mailbox that Plaintiff Garcia stores his legal documents as well as work product. On over forty (40) occasions, Plaintiff Garcia's legal letters and work product have been copied by jail personnel.

108. From the inception of this case, Defendants Department and DiMaria have relied heavily on the use of jailhouse informants working as their agents to gather information to assist the prosecution. There have been at least six (6) individuals who, acting as state actors, have been housed with the various defendants in the aforementioned criminal case and have provided information to the authorities.

109. Plaintiffs are informed and believe that a certain Mr. Arthur Jimenez who received a plea agreement with the District Attorney's Office to severely reduce his sentence in exchange for his testimony. In addition, inmates Mr. Juan Tegle, Mr. Anthony Coleman, Mr. Albert Farrar, Mr. Robert Taylor, and Mr. John Childs have attempted to receive similar arrangements in exchange for them assisting law enforcement in gathering information on this case.

110. On November 02nd, 2009, while outside of his cell, a Defendant Hughes surreptitiously searched Plaintiff Garcia's legal mailbox at the request of Defendant Blanck and copied numerous documents, many of which contained sensitive and confidential work product regarding Plaintiff Garcia's criminal defense strategy. In addition, the jail had "flagged" Plaintiff Garcia's legal mail and ordered it to be copied and turned over to the District Attorney's Office without a warrant or a subpoena.

1   During discovery, Plaintiff Garcia received from the District Attorney's office

2   approximately two (200) hundred pages of documents that had previously been kept

3   exclusively in his legal mailbox.

4   111.   Since learning of the jail's taping of his privileged and non-privileged calls,

5   Plaintiff Garcia has become extremely distrustful of using the jail's phones to prepare

6   his defense against the alleged offenses. Unfortunately, given the location of paralegal,

7   the motion writer, their supervisor, and the civil attorneys, it is impossible to avoid

8   utilizing the phone as a communication device. Plaintiff Garcia constantly fears and

9   believes that privileged calls are continuously recorded by the jail, disseminated to the

10   District Attorney's Office, and listened to by either or both parties.

11   112.   On November 04th, 2010, Plaintiffs, and each of them, filed an Administrative

12   Claim with Defendant County Clerk's Office.

13   113.   On November 18th, 2010, Defendant County rejected Plaintiffs', and each of

14   them claims.

15   114.   It was not until the court hearing on November 19th, 2010 that the court took

16   affirmative steps to put an end to taped calls. Following representations made by

17   members of both the civil and criminal teams, Judge Downing personally went to the

18   jail with a list prepared by Plaintiff Garcia of the numbers that should be marked as

19   privileged. Members of the team received confirmation of such within two hours

20   following the hearing.

21   115.   Plaintiff Garcia is not the only co-defendant to have had his privileged calls

22   recorded. Mr. Kashaul Niroula, the co-defendant currently still attached to Plaintiff

23   Garcia's case, has also had his privileged calls taped.

24   116.   On November 05th, 2010 Judge Downing, *sua sponte*, allowed Plaintiff Garcia

25   to question an out-of-town witness, Mr. Kevin McNeil, hereinafter "Mr. McNeil" the

26   custodian of records from Defendant GTL as an initial part of the evidentiary hearing

27   so as to prevent a waste of judicial time and Defendant County's resources in recalling

28   the witness. Defendants County and DiMaria were not prepared to cross-examine said

---

*Garcia, et al. vs The County of Riverside, et al.*          **Complaint for Civil Rights Violations and**
Case No.                              Page 24 of 80                              **Damages**

witness. Thus, Judge Downing continued the hearing of the motion and the conducting

of the evidentiary hearing and ordered the Mr. McNeil back for further inquiry.

117.   Though the hearing was not complete, two pieces of testimony elicited were:

    a.   The explanation that the tape recorded voice warning of taping, which

occurs every 180 seconds, means that taping is in fact going on.

    b.   Mr. McNeil committed perjury when he testified that the Defendants

County, Supervisors, Department and Sniff did not purchase the package containing

all of the telephone numbers of lawyers registered with the State Bar because it was too

expensive for said Defendants, therefore, Defendant GTL removed those secure

numbers.  However, Plaintiffs discovered that, in fact, said Defendants did not pay any

money to Defendant GTL for the installation of Defendant GTL's telephone system.

On the contrary, Defendant GTL entered into a financial and service agreement with

said Defendants, as follows:

    i.   On March 09th, 2009, Defendants County, Supervisors and Sniff

entered into a written agreement, the terms of which were not limited to the following:

    ii.   For three (3) years, plus an option to renew for two (2) one-year

renewal periods, for a total of five years, in accordance with *Ordinance* 459.4, and;

    iii.   Will pay the Defendant  County a fixed price of two million

($2,000,000) dollars for the first year of the contract.

    iv.   The yearly payments are to be made in twelve equal monthly

installments of one hundred, sixty-six thousands, six hundred and sixty-seven

($166,667. 00) dollars

    v.   The first monthly payment is due upon contract execution with

subsequent payments every month thereafter.

    vi.   The second and subsequent year payments will be prorated on a

baseline inmate population of 3,600, the average population for the preceding calendar

year. For example, if calendar year 2009 average jail population is 3,672 (2% increase

over 3,600) the second contract year payments would be two million and forty-

1  thousands ($2,040,000) dollars (2% increase over two million ($2,000,000) dollars).

2          vii.   This yearly amount will be adjusted up or down annually on the

3  contract execution date. This money will be deposited in the Inmate Welfare Fund, per

4  the requirements of the *California Penal Code* § 4025 (d)[17].

5          viii.   Authorize the Purchasing Agent to sign amendments and exercise

6  renewal options.

7          ix.   In addition, Defendant GTL agreed to fund two (2) County

8  employees, User Technical Support positions.

9          x.   Defendant GTL agreed to provide a call monitoring and recording

10  system that records every call made on the system and stores recorded calls for three

11  (3) years online and one (1) additional three (3) year period archived.

12          xi.   The technical support personnel will administer this recording

13  system, and upon request by the Sheriff's Department or other law enforcement

14  agencies will analyze call records and transfer calls to CD's. This will relieve jail staff

15  of this responsibility.

16  118.   On December 01st, 2010, Plaintiff  Garcia was informed by his defense

17  investigator that another defendant, not associated with the underlying criminal matter

18  and in a different courthouse, in the City of Riverside, sought and obtained copies of

19  the telephone recording from Defendants County, Pacheco, Department, Sniff and

20  GTL.   That upon listening and reviewing the contents of said recordings, it was

21  discovered that some of the recordings were of Plaintiff  Garcia and his prior legal

22  counsel Rodriguez.

23  **FIRST CAUSE OF ACTION**
**Unlawful Invasion of Privacy in Violation of**
**_California Penal Code_ § 632[18] _et seq._**
24  **By Plaintiffs Garcia and Wright Against All Defendants**

25

26  119.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 118 of

27  this complaint as if set forth in full at this point.

28

---

*Garcia, et al.  vs The County of Riverside, et al.*          **Complaint for Civil Rights Violations and**
Case No.                            Page 26 of  80                          **Damages**

120.   This cause of action is brought on behalf of Plaintiffs, by and through their legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the unlawful invasion of privacy and deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs by *California Penal Code* § 632 *et seq.*

121.   Plaintiffs allege that they engaged in protected and confidential telephone conversations arising from factors of their professional attorney-client privilege and religious-advisor/penitent relationship.

122.   Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, at certain times, commencing from March 13th, 2009 and continuing through the filing of this complaint unlawfully invaded, molested,  infringed and encroached upon their constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits imbedded in accordance with *California Penal Code* § 632 *et seq.*, by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating  privileged and confidential telephone communications between Plaintiffs, and then releasing said confidential and privileged information to third parties.

123.   Plaintiffs are informed and believe, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment." (*California Government Code* § 815.2 *et seq.*)

124.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing,

1  copying, distributing and disseminating privileged and confidential telephone

2  communications and legal documents between Plaintiffs.

3  125.   Defendants' acts caused the Plaintiffs' the   aforementioned deprivation,

4  invasion, molestation, infringement, of their constitutional and statutory rights,

5  privileges and immunities and is the direct and proximate cause of Plaintiffs' severe

6  physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment

7  of life.

8  126.   All individual Defendants are, therefore, jointly and severally liable to Plaintiff

9  in this action.

10  **SECOND CAUSE OF ACTION**
**Unlawful Intrusion into Private Affairs**

11  **By Plaintiffs Garcia and Wright Against All Defendants**

12  127.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 126 of

13  this complaint as if set forth in full at this point.

14  128.   This cause of action is brought on behalf of Plaintiffs, by and through their legal

15  counsels, be entitled to bring this cause of action, and is set forth herein to redress the

16  unlawful intrusion into private affairs and deprivation, under color of statute,

17  ordinance, regulation, policy, custom, practice or usage of a right, privilege, and

18  immunity secured to Plaintiffs by public policy.

19  129.   Plaintiffs allege that they engaged in protected and confidential telephone

20  conversations arising from factors of their professional attorney-client privilege and

21  religious-advisor/penitent relationship.

22  130.   Plaintiffs are informed and believe and thereon allege that the Defendants, and

23  each of them, at certain times, commencing from March 13th, 2009 and continuing

24  through the filing of this complaint unlawfully invade,  infringe and encroach upon

25  their constitutional and statutory protected rights, association, entitlements, immunities,

26  privileges and private affairs, by reviewing, listening to, duplicating, reproducing,

27  copying, distributing and disseminating   privileged and confidential telephone

28  communications between Plaintiffs, and then releasing said confidential and privileged

information to third parties.

131.   Plaintiffs are informed and believe, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment." (*California Government Code* § 815.2.)

132.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications and legal documents between Plaintiffs.

133.   Defendants' acts caused the Plaintiffs' the  aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities and is the direct and proximate cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

**THIRD CAUSE OF ACTION**
**Violation of the Right to Privacy under Art I, §1 of the California Constitution**
**By Plaintiffs Garcia and Wright Against All Defendants**

134.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 133 of this complaint as if set forth in full at this point.

135.   This cause of action is brought on behalf of Plaintiffs, by and through their legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the unlawful intrusion into private affairs and deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and im-

1    munity secured to Plaintiffs pursuant to *Article* I, § 1 of the *California Constitution*.

2    (*Supra*)

3    136.   Plaintiffs allege that they engaged in protected and confidential telephone

4    conversations arising from factors of their professional attorney-client privilege and

5    religious-advisor/penitent relationship.

6    137.   Plaintiffs are informed and believe and thereon allege that the Defendants, and

7    each of them, at certain times, commencing from March 13th, 2009 and continuing

8    through the filing of this complaint unlawfully invade, molest,  infringe and encroach

9    upon their constitutional and statutory protected rights, association, entitlements,

10   immunities, privileges and private affairs, by reviewing, listening to, duplicating,

11   reproducing, copying, distributing and disseminating   privileged and

12   confidential telephone communications between Plaintiffs, and then releasing said

13   confidential and privileged information to third parties.

14   138.   Plaintiffs are informed and believe, and thereon allege that "A public entity may

15   be liable for injury caused by acts or omissions of its employees in the course and

16   scope of employment." (*California Government Code* §§ 815.2 and 815.4[19])

17   139.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each

18   of them, was willful, knowing, based on an informed intelligent decision and process;

19   malicious, criminal and unlawful, and specifically intended to unlawfully invade,

20   molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected

21   rights, association, entitlements, immunities, privileges and benefits, in violation of

22   the attorney-client privileged communications, work-product and religious-

23   advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing,

24   copying, distributing and disseminating privileged and confidential telephone

25   communications and legal documents between Plaintiffs.

26   140.   Defendants' acts caused the Plaintiffs' the   aforementioned deprivation,

27   invasion, molestation, infringement, of their constitutional and statutory rights,

28

privileges and immunities and is the direct and proximate cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## FOURTH  CAUSE OF ACTION
**Violation of the Right of Free Exercise and Enjoyment of Religion under Art I, § 4 of the California Constitution**
**By Plaintiff  Garcia Against All Defendants**

141.   Plaintiff  Garcia  restates and incorporates by reference the foregoing ¶¶ 1 through 140 of this complaint as if set forth in full at this point.

142.   This cause of action is brought on behalf of Plaintiff Garcia, by and through his legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the unlawful intrusion into private affairs and deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs pursuant to *Article* I, § 4 of the *California Constitution*. (*Supra*)

143.   Plaintiff  Garcia alleges that the conduct described above  by the Defendants, and each of them, whether as supervisors or subordinate, violated Plaintiffs' right of free exercise and enjoyment of religion by maliciously, criminally and unlawfully, and specifically intended to unlawfully invade, molest, infringe and encroach upon their constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits  and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications between Plaintiff Garcia and Roe.

144.   Plaintiff is informed and believes, and thereon alleges that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment."  Furthermore, "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity

1   to the same extent that the public entity would be subject to such liability if it were a

2   private." (*California Government Code* §§ 815.2 and 815.4 respectively)

3   145.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each

4   of them, was willful, knowing, based on an informed intelligent decision and process;

5   malicious, criminal and unlawful, and specifically intended to unlawfully invade,

6   molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected

7   rights, association, entitlements, immunities, privileges and benefits, in violation of

8   the attorney-client privileged communications, work-product and religious-

9   advisor/penitent's relationship by reviewing, listening to, duplicating, re-producing,

10  copying, distributing and disseminating privileged and confidential telephone

11  communications and legal documents between Plaintiffs.

12  146.   Defendants' acts caused Plaintiff Garcia the  aforementioned deprivation,

13  invasion, molestation, infringement, of their constitutional and statutory rights,

14  privileges and immunities and is the direct and proximate cause of Plaintiffs' severe

15  physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment

16  of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff

17  in this action.

18
19  **FIFTH  CAUSE OF ACTION**
**Deprivation of Due Process of Law or Denied Equal Protection of the Laws**
**under Art I, § 7(a) of the California Constitution**
**By Plaintiffs Against All Defendants**
20

21  147.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 146 of

22  this complaint as if set forth in full at this point.

23  148.   This cause of action is brought on behalf of Plaintiffs by and through their legal

24  counsels, be entitled to bring this cause of action, and is set forth herein to redress the

25  unlawful intrusion into private affairs and deprivation, under color of statute,

26  ordinance, regulation, policy, custom, practice or usage of a right, privilege, and

27  immunity secured to Plaintiffs pursuant to *Article* I, § 7(a) of the *California*

28  *Constitution*. (*Supra*)

149.  Plaintiffs are informed and believe and thereon alleges that they were individually and collectively entitled to the statutory protection arising from the attorney-client and religious advisor/penitent confidential and privileged relationship, with fear or apprehension that their confidential and privileged telephone calls were being listened to, recorded, duplicating, reproducing, copying, distributing and disseminating without their knowledge or approval third parties.

150.  Plaintiffs alleges that their due process and equal protection protected rights pursuant to *Article* I, § 7(a) of the *California Constitution*, which were violated by the Defendants, and each of them, whether said Defendants held a supervisory authority or were subordinate to same, on the basis that without good cause and a search warrant, the Defendants ratified each other actions and omissions by allowing the listening, recording, duplicating, reproducing, copying, distributing and disseminating of confidential and privileged telephone calls between the Plaintiffs, and one another.

151.  Plaintiffs are informed and believe, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment."  Furthermore, "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private." (*California Government Code* §§ 815.2 and 815.4 respectively)

152.  Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications and legal documents between Plaintiffs.

153.   Defendants' acts caused the Plaintiffs' the   aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities.

### SIXTH CAUSE OF ACTION
**Violation of the Right to Be Secure in Their Persons, Papers, and Effects
Against Unreasonable Seizures and Searches under Art I, § 13
of the California Constitution
By Plaintiffs Against All Defendants**

154.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 153 of this complaint as if set forth in full at this point.

155.   This cause of action is brought on behalf of Plaintiffs by and through their legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the unreasonable search, seizure and deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Plaintiffs pursuant to *Article* I, § 13 of the *California Constitution*. (*Supra*)

156.   Plaintiffs are informed and believe and thereon allege that they were individually and collectively entitled to the statutory protection arising from the attorney-client and religious advisor/penitent confidential and privileged   relationship, with fear or apprehension that their confidential and privileged telephone calls were being listened to, recorded, duplicating, reproducing, copying, distributing and disseminating without their knowledge or approval, to third parties.

157.   Plaintiffs alleges that their due process and equal protection protected rights pursuant to *Article* I, § 13 of the *California Constitution*, which were violated by the Defendants, and each of them, whether said Defendants held a supervisory authority or were subordinate to same, on the basis that without good cause and a search and seizure warrant, the Defendants ratified each other actions and omissions by allowing the listening, recording, duplicating, reproducing, copying, distributing and disseminating of confidential and privileged telephone calls between the Plaintiffs, and one another.

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.                                    Page 34 of  80                **Complaint for Civil Rights Violations and
Damages**

158.   Furthermore, Plaintiffs alleges that confidential and protected legal documents were copies  and also disseminated as stated herein without good cause and a search and seizure warrant.

159.   Plaintiffs are informed and believe, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment."  Furthermore, "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private." (*California Government Code* §§ 815.2 and 815.4 respectively)

160.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and    religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications and legal documents between Plaintiffs.

161.   Defendants' acts caused the Plaintiffs' the   aforementioned deprivation, invasion, infringement, of their constitutional and statutory rights, privileges and immunities.

**SEVENTH CAUSE OF ACTION**
**Refusal to Enforce the Statutes Governing Attorney-client and Religious Advisor-penitent Privilege under Art 3, § 3.5(a) of the California Constitution By Plaintiffs Against All Defendants**

162.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 161 of this complaint as if set forth in full at this point.

163.   This cause of action is brought on behalf of Plaintiffs by and through their legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the

1  Defendants' refusal to enforce the statutes governing attorney-client and religious
2  advisor-penitent privilege and deprivation, under color of statute, ordinance,
3  regulation, policy, custom, practice or usage of a right, privilege, and immunity secured
4  to Plaintiffs pursuant to *Article* 3, § 3.5(a) of the *California Constitution*. (*Supra*)
5  164.   Plaintiffs are informed and believe and thereon allege that they were individually
6  and collectively entitled to the statutory protection to enforce the statutes arising from
7  the attorney-client and religious advisor/penitent confidential and privileged
8  relationship, with fear or apprehension that their confidential and privileged telephone
9  calls were being listened to, recorded, duplicating, reproducing, copying, distributing
10  and disseminating without their knowledge or approval, to
11   third parties.
12  165.   Plaintiffs allege that their protected rights pursuant to *Article* 3, § 3.5(a) of the
13  *California Constitution*, which were violated by the Defendants, and each of them,
14  whether said Defendants held a supervisory authority or were subordinate to same, on
15  the basis that without good cause and a search and seizure warrant, the Defendants
16  ratified each other actions and omissions by allowing the listening, recording,
17  duplicating, reproducing, copying, distributing and disseminating of confidential and
18  privileged telephone calls between the Plaintiffs, and one another.
19  166.   Furthermore, Plaintiffs alleges that confidential and protected legal documents
20  were copies  and also disseminated as stated herein without good cause and a search
21  and seizure warrant.
22  167.   Plaintiffs are informed and believe, and thereon allege that "A public entity may
23  be liable for injury caused by acts or omissions of its employees in the course and
24  scope of employment."  Furthermore, "A public entity is liable for injury proximately
25  caused by a tortious act or omission of an independent contractor of the public entity
26  to the same extent that the public entity would be subject to such liability if it were a
27  private." (*California Government Code* §§ 815.2 and 815.4 respectively)
28

168.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications and legal documents between Plaintiffs.

169.   Defendants' acts caused the Plaintiffs' the  aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities and is the direct and proximate cause of Plaintiffs' severe physical, mental and  emotional  injuries, loss  of earning capacity  and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

### EIGHTH CAUSE OF ACTION
#### Gross Negligence
**By Plaintiffs Against All Defendants County, Supervisors, Pacheco, Senior DAs, DiMaria, Blanck**

170.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 169 of this complaint as if set forth in full at this point.

171.   This cause of action is brought on behalf of Plaintiffs by and through their legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the Defendants' gross negligence and deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured by fundamental law and public policy.

172.   Defendants County, Supervisors, Pacheco, Senior DAs, DiMaria, Blanck had a duty to the community and to Plaintiff s to respect Plaintiffs' constitutional and statutory rights as fully stated  above. This duty included avoiding causing harm,

1  invading, molesting, infringing and deliberately depriving Plaintiffs from their
2  professional relationship, as stated above.

3  173.   Defendant breached this duty when they allowed, encouraged, ratified and
4  supported their own actions and that of the remaining Defendants, in disregard to
5  Plaintiffs' protected rights to the attorney-client and religious advisor-penitent
6  privilege and confidentiality, including Plaintiffs' rights as reflected in the above ¶ 10.

7  174.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each
8  of them, was willful, knowing, based on an informed intelligent decision and process;
9  malicious, criminal and unlawful, and specifically intended to unlawfully invade,
10 infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights,
11 association, entitlements, immunities, privileges and benefits, in violation of  the
12 attorney-client privileged communications, work-product and religious-
13 advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing,
14 copying, distributing and disseminating privileged and confidential telephone
15 communications and legal documents between Plaintiffs.

16 175.   Defendants' acts caused the Plaintiffs' the  aforementioned deprivation,
17 invasion, molestation, infringement, of their constitutional and statutory rights,
18 privileges and immunities and is the direct and proximate cause of Plaintiffs' severe
19 physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment
20 of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff
21 in this action.

22                          **NINTH CAUSE OF ACTION**
                    **Violation of California Penal Code § 11149.4**
23              **By Plaintiffs Against Defendants GTL and OLIVER**

24 176.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 175 of
25 this complaint as if set forth in full at this point.

26 177.   This cause of action is brought on behalf of Plaintiffs by and through their legal
27 counsels, be entitled to bring this cause of action, and is set forth herein to redress the
28 Defendants GTL and Oliver's intentional disclosure of information not other public

1    and which was obtained from confidential source, and deprivation, under color of

2    statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege,

3    and immunity secured by fundamental law and public policy.

4    178.   *California Penal Code* § 11149.4 pertinently provides:

5              Any vendor or employee of a vendor who intentionally discloses
       information, not otherwise public, which that person knows or should
6    reasonably know was obtained from confidential information, **shall be
       subject to a civil action for invasion of privacy by the individual to
7    whom the information pertains**.

8    179.   Plaintiffs allege that Defendants GTL and Oliver are vendor governed by

9    *California Penal Code* § 11149.4.

10   180.   Plaintiffs are informed and believe that on March 31st, 2009, Defendants GTL

11   and Oliver entered into a written contractual agreement referenced above.

12   181.   On November 05th, 2010, the Chief, Security Officer, hereinafter "CSO"for said

13   Defendants testified under oath that their telephone system contains a package were

14   attorney's telephone number for a particular State Bar are identified, and should such

15   a attorney make telephonic contact with a detainee/inmate/prisoner, the 'system' would

16   block all and any recordings.

17   182.   Said CSO of Defendants GTL and Oliver testified that Defendant County

18   ordered not to have said safety feature assigned to its system, which would allow the

19   governmental Defendants to monitor, record, copy, duplicate, eavesdrop, publish and

20   disseminate, at the will and with impurities, attorney-client and religious-advisor's

21   confidential and privileged telephone communications, as they did in this case.

22   183.   Said CSO of Defendants GTL and Oliver also testify that Defendant County did

23   not want said feature because, "it would cost the County more money", CSO testified.

24   184.   However, the review of the attached agreement between the Defendants County

25   and GTL reveals that the Defendants County, Supervisors, Pacheco and Sniff were not

26   paying for said system, instead Defendant GTL would pay Defendant County at least

27   two million ($2,000,000.00) dollars for the first three (3) years as commission from the

28   money GTL would be collecting from the detainees/inmates/prisoners housed under

1   the control and possession of Defendants County, Supervisors, Pacheco and Sniff.

2   185.   Plaintiffs allege that in order to achieve maximum assess to said attorney-client

3   and religious-advisor's confidential and privileged telephone communications

4   Defendants GTL, and its agents, representatives, and employees entered into a

5   collusion for the purpose of allowing the government Defendants complete and

6   unlimited access to privileged and confidential telephone communications between the

7   detainees/inmates/prisoners and their respective legal counsels/consultant/legal defense

8   team, and their religious-advisors.

9   186.   Plaintiff Garcia is informed and believes that the Defendant GTL have heard,

10  copied, duplicated, reproduced and disseminated his confidential and privileged

11  telephone calls with his legal defense team and his religious-advisor in excess of nine

12  hundred (900) calls, to third parties.

13  187.   Plaintiffs are informed and believe that any reasonable person, who conducts

14  business with law enforcement detention centers, jails and/or prison, would have

15  reasonably know or should have know that Defendants County, Supervisors, Pacheco

16  and Sniff's intention not to install the list of lawyers and their numbers, as part of the

17  'packaged deal' intended to harm, invade, molest, infringe and deliberately deprive

18  said detainees/inmates/prisoners, in this action Plaintiffs Garcia, attorney Wright and

19  religious-advisor Roe from their constitutionally and statutory protected professional

20  relationship.

21  188.   Plaintiffs allege that the conduct of the Defendants GTL and Oliver, and each

22  of them, was willful, knowing, based on an informed intelligent decision and process;

23  malicious, criminal and unlawful, and specifically intended to unlawfully invade,

24  infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights,

25  association, entitlements, immunities, privileges and benefits, in violation of the

26  attorney-client privileged communications, work-product and religious-

27  advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing,

28

---

*Garcia, et al. vs The County of Riverside, et al.*          **Complaint for Civil Rights Violations and**

Case No.                              Page 40 of 80                              **Damages**

1  copying, distributing and disseminating privileged and confidential telephone
2  communications and legal documents between Plaintiffs.

3  189.   Defendants' acts caused the Plaintiffs' the   aforementioned deprivation,
4  invasion, molestation, infringement, of their constitutional and statutory rights,
5  privileges and immunities and is the direct and proximate cause of Plaintiffs' severe
6  physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment
7  of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff
8  in this action.

9  **TENTH CAUSE OF ACTION**
**Trespass to Chattel**
10  **By Plaintiff  Garcia Against Defendants County, Pacheco, and DiMaria**

11  190.   Plaintiff  Garcia  restates and incorporates by reference the foregoing ¶¶ 1
12  through 187 of this complaint as if set forth in full at this point.

13  191.   This cause of action is brought on behalf of Plaintiff  Garcia by and through his
14  legal counsels, be entitled to bring this cause of action, and is set forth herein to redress
15  the Trespass to Chattel by Defendants County, Pacheco, and DiMaria.

16  192.   On or about March 13th, 2009, Defendants County, Pacheco, and DiMaria
17  ordered the apprehension and arrest of Plaintiff  Garcia.  Without a search and seizure
18  warrant law enforcement personnel under the direction of Defendants County,
19  Pacheco, and DiMaria arrested Plaintiff Garcia and seized proprietary and confidential
20  electronic data retention storage equipment (i.e. 42 X-box hard drives) containing
21  certain trade secrets, hereinafter "program[1]" belonging to Plaintiff  Garcia.

22  193.   Plaintiff  Garcia alleges that based on a report prepared by Defendant Sniff's
23  investigator Pemberton (Off. ID. 3403) the 'program' estimated value is approximately

24
25
26
27  [1]Plaintiff  Garcia has created a program that would be very useful to Law
Enforcement and other government agencies to track down child sex offenders. The
28  program would assist in evaluating threat levels based on who is viewing child
pornography, how much and so forth.

1   two-hundred million ($200,000,000.00) dollars.  (See Inv. Pemberton's Rpt[2]. pg 6 of

2   10, ¶ 3)

3   194.   Plaintiff  Garcia has made several demands to Defendants County, Pacheco,

4   through Defendant DiMaria, who has and continue to acknowledge that said "program"

5   belongs to Plaintiff  Garcia, but she refuses and continue to refuse to release it to either

6   Plaintiff  Garcia or his attorney.

7   195.   The aforementioned conduct of Defendants County, Pacheco, and DiMaria is

8   and was at all times mentioned herein intentional and resulted in depriving Plaintiff

9   Garcia of property or legal rights or otherwise causing injury, and subjected Plaintiff

10   Garcia to a cruel and unjust hardship in conscious disregard of Plaintiff  Garcia's rights

11   so as to justify an award of exemplary and punitive damages.

12
13                        **ELEVENTH CAUSE OF ACTION**
          **Violation of the First Amendment U.S. Constitution**
14   **Governmental Intrusion - Attorney-client and  Religious-advisor Privilege**
     **By Plaintiffs Against Defendants County, Pacheco, Senior DAs, DiMaria,**
15      **Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro,**
                          **Brandes and Shumway**

16   196.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 195 of

17   this complaint as if set forth in full at this point.

18   197.   This cause of action is brought on behalf of Plaintiffs by and through their legal

19   counsels, be entitled to bring this cause of action, and is set forth herein to redress

20   violation of the ***First Amendment*** U.S. Constitution for Defendants County, Pacheco,

21   Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro,

22   Brandous and Shumway intrusion of the attorney-client and religious-advisor privilege

23   and deprivation, under color of statute, ordinance, regulation, policy, custom, practice

24   or usage of a right, privilege, and immunity.

25   _____

26        [2]Presently said Report is under seal of court, and Plaintiff Garcia will at the
     request of the assigned judge to this action, seek another to allow said assigned judge
27   to review said investigation report in camera.  Plaintiff  Garcia is informed and
     believe that said report contains sensitive information that could jeopardize the safety
28   of deputies, detainees and inmates alike if it was made public.

198.   Plaintiffs allege that they were individually and collectively entitled to the statutory protection to enforce the statutes arising from the attorney-client and religious advisor/penitent confidential and privileged  relationship, with fear or apprehension that their confidential and privileged telephone calls were being listened to, recorded, duplicating, reproducing, copying, distributing and disseminating without their knowledge or approval, to third parties.

199.   Plaintiffs allege that their protected rights pursuant to the ***First Amendment*** to the United States Constitution, which was violated by Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway, and each of them, whether said Defendants held a supervisory authority or were subordinate to same, on the basis that without good cause and a search and seizure warrant, Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway ratified each other actions and omissions by allowing the listening, recording, duplicating, reproducing, copying, distributing and disseminating of confidential and privileged telephone calls between the Plaintiffs, and one another.

200.   Furthermore, Plaintiffs alleges that confidential and protected legal documents were copies  and also disseminated as stated herein without good cause and a search and seizure warrant.

201.   Plaintiffs are informed and believe, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment."  Furthermore, "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private." (***California Government Code*** §§ 815.2 and 815.4 respectively)

202.   Plaintiffs allege that the conduct of Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway, and each of them, was willful, knowing, based on an informed intelligent

1  decision and process; malicious, criminal and unlawful, and specifically intended to

2  unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and

3  statutory protected rights, association, entitlements, immunities, privileges and

4  benefits, in violation of the attorney-client privileged communications, work-product

5  and religious-advisor/penitent's relationship by reviewing, listening to, duplicating,

6  reproducing, copying, distributing and disseminating privileged and confidential

7  telephone communications and legal documents between Plaintiffs.

8  203.   Defendants' acts caused the Plaintiffs' the   aforementioned deprivation,

9  invasion, molestation, infringement, of their constitutional and statutory rights,

10  privileges and immunities and is the direct and  proximate  cause of Plaintiffs' severe

11  physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment

12  of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff

13  in this action.

14  ### TWELFTH CAUSE OF ACTION

15  **Violation of the Fourth Amendment to the U.S. Constitution - Unconstitutional Search and Seizure**

16  **By Plaintiffs Against Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro,**

17  **Brandes and Shumway**

18  204.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 203 of

19  this complaint as if set forth in full at this point.

20  205.   This cause of action is brought on behalf of Plaintiffs by and through their legal

21  counsels, be entitled to bring this cause of action, and is set forth herein to redress

22  violation of the ***First Amendment*** of the ***United States Constitution*** for Defendants

23  County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky,

24  Hughes, Navarro, Brandous and Shumway intrusion of the attorney-client and

25  religious-advisor privilege and deprivation, under color of statute, ordinance,

26  regulation, policy, custom, practice or usage of a right, privilege, and immunity.

27  206.   Plaintiffs alleges that they were individually and collectively entitled to the

28  statutory protection to enforce the statutes arising from the attorney-client and religious

---

advisor/penitent confidential and privileged  relationship, with fear or apprehension that their confidential and privileged telephone calls were being listened to, recorded, duplicating, reproducing, copying, distributing and disseminating without their knowledge or approval, to third parties.

207.   Plaintiffs alleges that their protected rights pursuant to the ***First Amendment*** to the ***United States Constitution***, which was violated by Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway , and each of them, whether said Defendants held a supervisory authority or were subordinate to same, on the basis that without good cause and a search and seizure warrant, Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway ratified each other actions and omissions by allowing the listening, recording, duplicating, reproducing, copying, distributing and disseminating of confidential and privileged telephone calls between the Plaintiffs, and one another.

208.   Furthermore, Plaintiffs alleges that confidential and protected legal documents were copies  and also disseminated as stated herein without good cause and a search and seizure warrant.

209.   Plaintiffs are informed and believe, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment."  Furthermore, "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private." (***California Government Code*** §§ 815.2 and 815.4 respectively)

210.   Plaintiffs allege that the conduct of Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and

statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications and legal documents between Plaintiffs.

211.   Defendants' acts caused the Plaintiffs' the  aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities.

212.   In addition, the continued possession and controlled of the above mentioned "program" without a warrant constitutes an unreasonable search and seizure under the ***Fourth Amendment*** to the ***United States Constitution***.

213.   Furthermore, the opening of legal mailing, reading, copying and disseminating attorney-client work-product doctrine protected documents without a warrant constitutes an unreasonable search and seizure under the ***Fourth Amendment*** to the ***United States Constitution***.

214.   Plaintiff Garcia claims that the above incidents by Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway, and each of them was conducted pursuant to a policy, practice, or custom that violates the ***Fourth Amendment*** to the ***United States Constitution*** and is the direct and proximate cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## THIRTEENTH CAUSE OF ACTION
**Violation of the Fifth Amendment to the U.S. Constitution - Self-incrimination By Plaintiffs Against Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway**

215.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 214 of this complaint as if set forth in full at this point.

---

216.   This cause of action is brought on behalf of Plaintiffs by and through their legal counsels, be entitled to bring this cause of action, and is set forth herein to redress violation of the *First Amendment* to the *United States Constitution* for Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway, and each of them intrusion of the attorney-client and religious-advisor privilege and deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity.

217.   This Count is brought the Plaintiffs who from on or about March 13th, 2009, entered into a professional relationship with one another.  A relationship that is protected under the attorney-client privilege and work-product doctrine, which involves Plaintiff  Garcia and his legal defense team,  including Plaintiff Wright, and a religious-advisor privilege which involves Plaintiff  Garcia and Plaintiff Roe.

218.   When Defendant GTL receive payment from Plaintiff  Garcia to use its telephone system it is jointly and willfully engaging with the state actors, Defendants County, Supervisors, Pacheco, Department, and Sniff, who contract with it, under color of state law, to act as herein alleged.

219.   At all times relevant, there existed a provision of the Constitution of the United States, commonly known as the *Fifth Amendment*, which states, in relevant part, "…nor shall be compelled in any criminal case to be a witness against himself…".

220.   The U.S. Supreme Court  has held that the right against self-incrimination applies whether the witness is in a federal or state court (see *Malloy v. Hogan*, 378 U.S. 1 (1964)), and whether the proceeding itself is criminal or civil (see *McCarthy v. Arndstein*, 266 U.S. 34 (1924)).

221.   Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway, and each of them, which it is jointly and willfully acting with, has set up a regime whereby any member of Defendants County,

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.                              Page 47 of  80
**Complaint for Civil Rights Violations and Damages**

Supervisors, Pacheco, Department, and Sniff could sign a form, entitled "**Riverside County Sheriff's Department Corrections Division Inmate Communication Release of Records**" acknowledging and certifying that he/she full understood that it is a "**felony**" pursuant to *California Penal Code* § 636(a) to listen to privileged information involving conversations between Plaintiff Garcia and his legal defense team, including his religious advisor. Furthermore, said requester, must also sign and certify, that he/she had prior knowledge that he/she was prohibited by law from disclosing any privileged information during the review of said records. In fact, Defendant Blanck certified on five (5) different forms and occasions that, "*I will not release any privileged conversation discovered during any review of these recordings.*"

222. However, Plaintiffs are informed and believe that Defendant Blanck not only listened to privileged conversations, but copied same on a CD, removed said CD from the detention facility and gave it to Defendant DiMaria, who in turn, listened to, copied and distribute said privileged conversations to unauthorized individuals.

223. In so doing, Defendant GTL through and along with the state actors, Defendants County, Supervisors, Pacheco, Department, and Sniff by which it is jointly and willfully acting with, has potentially revealed controlled, sensitive, confidential and privileged information against the self-interest of Plaintiff Garcia by knowingly, willfully, maliciously and with specific intent, invaded, molested, and unlawfully pierced the vile of the attorney-client, work-product doctrine and religious advisor privilege.

224. At all times relevant, there exists a certain statute, *Title* 42 *United States Code* § 1983, that states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

225.   Plaintiffs allege that the conduct of Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway, and each of them, was willful, knowing, based on an informed intelligent decision and process; malicious, criminal and unlawful, and specifically intended to unlawfully invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights, association, entitlements, immunities, privileges and benefits, in violation of the attorney-client privileged communications, work-product and religious-advisor/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential telephone communications and legal documents between Plaintiffs.

226.   Defendants' acts caused the Plaintiffs' the  aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities.

227.   In addition, the continued possession and controlled of the above mentioned "program" without a warrant constitutes an unreasonable search and seizure under the ***Fifth Amendment*** to the ***United States Constitution***.

228.   Furthermore, the opening of legal mailing, reading, copying and disseminating attorney-client work-product doctrine protected documents without a warrant constitutes an unreasonable search and seizure under the ***Fifth Amendment*** to the ***United States Constitution***

229.   Plaintiff  Garcia claims that the above incidents by Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway, and each of them, was conducted pursuant to a policy, practice, or custom that violates the ***Fifth Amendment*** to the ***United States Constitution***.

/ / /

/ / /

---

1

2

3

4

### FOURTEENTH CAUSE OF ACTION
**Violation of the Fifth Amendment to the U.S. Constitution**
**Invasion of Privacy - By Plaintiffs Against Defendant GTL through and along**
**with the state actors Defendants County, Pacheco, Senior DAs, DiMaria,**
**Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and**
**Shumway**

5   230.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 229of

6   this complaint as if set forth in full at this point.

7   231.   This cause of action is brought on behalf of Plaintiffs by and through their legal

8   counsels, be entitled to bring this cause of action, and is set forth herein to redress

9   violation of the *First Amendment* of the *United States Constitution* for Defendant

10  GTL through and along with the state actors Defendants County, Pacheco, Senior DAs,

11  DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and

12  Shumway, and each of them intrusion of the attorney-client and religious-advisor

13  privilege and deprivation, under color of statute, ordinance, regulation, policy, custom,

14  practice or usage of a right, privilege, and immunity.

15  232.   This is a claim for violation of the constitutional right to privacy under the Due

16  Process Clause of the *Fifth Amendment* of the *United States Constitution*.  Plaintiffs

17  claims that the above incidents by Defendant GTL through and along with the state

18  actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff,

19  Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway, and each of them,

20  violated the *Fifth Amendment* of the *United States Constitution* by conducting an

21  unduly invasive monitoring, eavesdropping, copying, reproducing, distributing,

22  disseminating and harassment, which infringed upon the Plaintiffs' rights, as described

23  above, and to be free from government intrusion.

24  233.   Plaintiff Garcia claims that the above incidents by Defendant GTL through and

25  along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck,

26  Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway, and

27  each of them, was conducted pursuant to a policy, practice, or custom that violates the

28  *Fifth Amendment* of the *United States Constitution* and is the direct and proximate

1  cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning

2  capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly

3  and severally liable to Plaintiff in this action.

**FIFTEENTH CAUSE OF ACTION**
**Violation of the Fifth Amendment to the U.S. Constitution - Violation of Due Process Protection Clause**
**By Plaintiffs Against Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway**

8  234.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 232 of

9  this complaint as if set forth in full at this point.

10  235.   This cause of action is brought on behalf of Plaintiffs by and through their legal

11  counsels, be entitled to bring this cause of action, and is set forth herein to redress

12  violation of the *Fifth Amendment* of the *United States Constitution* for Defendant

13  GTL through and along with the state actors Defendants County, Pacheco, Senior DAs,

14  DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and

15  Shumway, and each of them, intrusion of the attorney-client and religious-advisor

16  privilege and deprivation, under color of statute, ordinance, regulation, policy, custom,

17  practice or usage of a right, privilege, and immunity.

18  236.   This is a claim for violation of the due process protections guaranteed by the

19  *Fifth Amendment* of the *United States Constitution*.   Defendant GTL through and

20  along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck,

21  Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway, and

22  each of them, violated the *Fifth Amendment* of the *United States Constitution* by,

23  among other things, monitoring, listening to, duplicating , copying, disseminating and

24  illegal obtaining access to attorney-client and religious advisor telephone privileged

25  and confidential conversations  and harassment described above without sufficient

26  legal basis or warrant and by illegally using the Defendant GTL's phone system to

27  implement and achieve their illegal acts, in violation the due process clause of the *Fifth*

28  *Amendment* of the *United States Constitution*, is the direct and proximate cause of

1  Plaintiff's severe physical, mental and emotional injuries, loss of earning capacity and

2  loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally

3  liable to Plaintiff in this action.

### SIXTEENTH CAUSE OF ACTION
**Violation of the Fourteenth Amendment to the U.S. Constitution**
**Violation of Equal Protection Clause**
**By Plaintiffs Against Defendant GTL through and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandous and Shumway**

8  237.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 236 of

9  this complaint as if set forth in full at this point.

10  238.   This cause of action is brought on behalf of Plaintiffs by and through their legal

11  counsels, be entitled to bring this cause of action, and is set forth herein to redress

12  violation of the   *Fourteenth Amendment* of the *United States Constitution* for

13  Defendant GTL through and along with the state actors Defendants County, Pacheco,

14  Senior DAs, DiMaria, Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro,

15  Brandes and Shumway, and each of them, intrusion of the attorney-client and

16  religious-advisor privilege and deprivation, under color of statute, ordinance,

17  regulation, policy, custom, practice or usage of a right, privilege, and immunity.

18  239.   This is a claim for violation of the due process protections guaranteed by the

19  *Fourteenth Amendment* of the *United States Constitution*.  Defendant GTL through

20  and along with the state actors Defendants County, Pacheco, Senior DAs, DiMaria,

21  Blanck, Department, Sniff, Eaglin, Tesinsky, Hughes, Navarro, Brandes and Shumway,

22  and each of them, violated the   *Fourteenth Amendment* of the *United States*

23  *Constitution* by, among other things, monitoring, listening to, duplicating , copying,

24  disseminating and illegal obtaining access to attorney-client and religious advisor

25  telephone privileged and confidential conversations  and harassment described above

26  without sufficient legal basis or warrant and by illegally using the Defendant GTL's

27  phone system to implement and achieve their illegal acts, in violation the due process

28  clause of the *Fourteenth Amendment* of the *United States Constitution*, is the direct

1  and proximate cause of Plaintiff's severe physical, mental and emotional injuries, loss

2  of earning capacity and loss of enjoyment of life. All individual Defendants are,

3  therefore, jointly and severally liable to Plaintiff in this action.

## SEVENTEENTH CAUSE OF ACTION
### Civil Rights Claim Pursuant to *Title* 42 *United States Code* § 1983 - Policy, Practice or Procedure
### By Plaintiffs Against Defendants County, Pacheco, Department, and Sniff

7  240.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 239 of

8  this complaint as if set forth in full at this point.

9  241.   Defendant County has a policy, practice, and/or custom that encourages or

10  allows Defendants Pacheco, Department, Sniff and their  employees to intentionally,

11  or with reckless disregard for the rule of law, the constitutionally and statutory

12  protected rights of Plaintiff  Garcia as a detainee in regards to his professional

13  relationship with his defense team and religious advisor as stated in the above ¶ 10.

14  242.   This policy, practice, and/or custom of Defendants County, Pacheco,

15  Department, and Sniff caused or contributed to a violation of the Plaintiffs, and each

16  of them, constitutional rights to due process under the ***Fourth***, ***Fifth*** and ***Fourteenth***

17  ***Amendments*** of the ***United States Constitution*** and Plaintiff  Garcia's rights as an

18  accused under the ***Sixth*** and ***Fourteenth Amendments*** to the ***United States***

19  ***Constitution***.

20  243.   This policy, practice, and/or custom was implemented and controlled by

21  Defendant Pacheco, Department, and Sniff , who are and were at all times mentioned

22  herein  policymakers for Defendant County.

23  244.   Defendants County, Pacheco, Department, and Sniff were deliberately

24  indifferent to the fact that this policy, practice, and/or custom would deprive the

25  Plaintiffs, and each of them, of their rights to due process under the ***Fifth*** and

26  ***Fourteenth Amendments*** of the ***United States Constitution*** and Plaintiff  Garcia's

27  rights as an accused under the ***Sixth*** and ***Fourteenth Amendments*** of the ***United States***

28  ***Constitution***.

245.   Indeed, the Defendants County, Pacheco, Department, and Sniff knew or should have known that their subordinate remaining Defendants, excluding Defendants GTL and Oliver were listening, recording, duplicating, discussing, distributing and disseminating attorney-client and religious advisor/penitent confidential and privileged telephone calls without the Plaintiffs' knowledge or approval, to unauthorized individuals.

246.   Plaintiffs alleges that nevertheless, Defendants County, Pacheco, Department, and Sniff approved, acquiesced, and/or encouraged these actions by, among other things, failing to adequately punish their subordinate remaining Defendants, excluding Defendants GTL and Oliver, responsible for said constitutionally and statutorily violations.

247.   Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver ere deliberately indifferent to the rights of the Plaintiffs, and each of them. Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver's failure to train and supervise resulted in the violation of Plaintiffs' rights to due process under the ***First***, ***Fourth***, ***Fifth*** and ***Fourteenth Amendments*** of the ***United States Constitution*** and Plaintiff  Garcia's rights as an accused under the ***Fourth***, ***Fifth***, ***Sixth*** and ***Fourteenth Amendments*** of the ***United States Constitution***.  Plaintiffs, and each of them have been damaged as a result.

**EIGHTEENTH CAUSE OF ACTION**
**Civil Rights Claim Pursuant to *Title* 42 *United States Code* § 1983**
**Failure to Train And/or Supervise**
**By Plaintiffs Against Defendants County, Supervisors, Pacheco, Department, Sniff , GTL and Oliver**

248.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 247 of this complaint as if set forth in full at this point.

249.   Defendants County, Supervisors and Pacheco failed to adequately train and/or supervise Defendants Senior DAs, DiMaria, and Blanck concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of telephone

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.                              Page 54 of  80
**Complaint for Civil Rights Violations and**
**Damages**

1   communications arising from factors of the attorney-client and religious-advisor

2   privilege and attorney-work product doctrine confidential documents.

3   250.   Defendants County, Supervisors, Department, and Sniff failed to adequately

4   train and/or supervise Defendants Eaglin, Tesinsky, Hughes, Navarro, Brandes and

5   Shumway concerning the non-disclosure, prohibitive invasion, copying, duplicating,

6   distributing and dissemination of telephone communications arising from factors of the

7   attorney-client and religious-advisor privilege and attorney-work product doctrine

8   confidential documents.

9   251.   Defendants GTL and Oliver failed to adequately train and/or supervise the two

10  unknown employees referred to in the aforementioned contract between Defendants

11  GTL,  County and Supervisors, hereinafter referred to as unknown employees Doe 1

12  and 2, respectively, concerning the non-disclosure, prohibitive invasion, copying,

13  duplicating, distributing and dissemination of telephone communications arising from

14  factors of the attorney-client and religious-advisor privilege.

15  252.   Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver

16  also maintained a system of grossly inadequate training and/or supervision pertaining

17  to the law of filing authorizing and supervising authorized law enforcement personnel

18  accessing the telephone system, in that Defendants County, Supervisors, Pacheco,

19  Department, Sniff , GTL and Oliver did not mandate verification that  telephone

20  communications arising from factors of the attorney-client and religious-advisor

21  privilege were not  being invaded, heard, copied, duplicated and transferred to CDs

22  were they could be removed from said secured area and disseminated to third parities,

23  no did  Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver

24  mandate any of their employees to seek and obtain a search warrant to access

25  telephone communications arising from factors of the attorney-client and religious-

26  advisor privilege which would then be placed under seal and delivered to the trial

27  presiding judge for an in camera inspection or delivered to a special master, as required

28  applicable federal and state laws on cases arising from a pending criminal prosecution.

253.   The need for such training and supervision was obvious to Defendants County, Supervisors, Pacheco, Department, and Sniff policymakers, including Defendants, GTL and Oliver, since at least two (2) prior Superior Court Orders had issued directing said Defendants to cease and desist such practice, invasion and intrusion of telephone communications arising from factors of the attorney-client and religious-advisor privilege.

254.   The failure to train and supervise was an official policy of the Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver. It was implemented and controlled by Defendants Pacheco, Department, and Sniff, policymaker for the Defendants County, Supervisors.

255.   Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver ere deliberately indifferent to the rights of the Plaintiffs, and each of them. Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver's failure to train and supervise resulted in the violation of Plaintiffs' rights to due process under the ***First***, ***Fourth***, ***Fifth*** and ***Fourteenth Amendments*** of the ***United States Constitution*** and Plaintiff Garcia's rights as an accused under the ***Fourth***, ***Fifth***, ***Sixth*** and ***Fourteenth Amendments*** of the ***United States Constitution***.  Plaintiffs, and each of them have been damaged as a result.

## NINETEENTH CAUSE OF ACTION
### Interference with Prospective Economic Advantage
### By Plaintiff Garcia Against Defendants County, Supervisors, Pacheco, and DiMaria

256.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 255 of this complaint as if set forth in full at this point.

257.   This cause of action is brought on behalf of Plaintiff Garcia by and through his legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the interference with prospective economic advantage by Defendants County, Supervisors, Pacheco, and DiMaria.

---

258.   On or about March 13th, 2009, Defendants County, Pacheco, and DiMaria ordered the apprehension and arrest of Plaintiff Garcia. Without a search and seizure warrant law enforcement personnel under the direction of Defendants County, Supervisors, Pacheco, and DiMaria arrested Plaintiff Garcia and seized proprietary and confidential electronic data retention storage equipment (i.e. 42 X-box hard drives) containing certain trade secrets, hereinafter "program" belonging to Plaintiff Garcia.

259.   Plaintiff Garcia alleges that based on a report prepared by Defendant Sniff's investigator  Pemberton (Off. ID. 3403) the 'program' estimated value is approximately two-hundred million ($200,000,000.00) dollars. (See Inv. Pemberton's Rpt. pg 6 of 10, ¶ 3)

260.   Plaintiff Garcia has made several demands to Defendants County, Pacheco, through Defendant DiMaria, who has and continue to acknowledge that said "program" belongs to Plaintiff Garcia, but she refuses and continue to refuse to release it to either Plaintiff Garcia, or his attorney.

261.   The aforementioned conduct of Defendants County, Pacheco, and DiMaria is and was at all times mentioned herein intentional and resulted in interfering with Plaintiff Garcia's prospective economic advantage or legal rights or otherwise causing injury, and subjected Plaintiff Garcia to a cruel and unjust hardship in conscious disregard of Plaintiff Garcia's rights so as to justify an award of exemplary and punitive damages.

### TWENTIETH CAUSE OF ACTION
#### Violation of *California Penal Code* § 11149.4
#### By Plaintiffs Against Defendants GTL and Oliver

262.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 260 of this complaint as if set forth in full at this point.

263.   This cause of action is brought on behalf of Plaintiffs by and through their legal counsels,  be  entitled to bring this cause of action, and is set forth herein to redress the statutory mandate pursuant to ***California Penal Code*** § 11149.4 by Defendants GTL and Oliver.

1
2
3
4
5
6
7

> Any vendor or employee of a vendor who intentionally discloses information, not otherwise public, which that person knows or should reasonably know was obtained from confidential information, shall be subject to a civil action for invasion of privacy by the individual to whom the information pertains.   In any successful action brought under this section, the complainant, in addition to any special or general damages awarded, shall be awarded a minimum of two thousand five hundred dollars ($2,500) in exemplary damages as well as attorney's fees and other litigation costs reasonably incurred in the suit.   The right, remedy, and cause of action set forth in this section shall be nonexclusive and is in addition to all other rights, remedies, and causes of action for invasion of privacy, inherent in Section 1, Article I of the California Constitution.

8   264.   Plaintiffs allege that pursuant to the aforementioned contract executed on March

9   31st, 2009,  between Defendants County, Supervisors, Department, Sniff and GTL,

10   Defendant GTL:

11
12
13
14
15

> "... agrees to fund two County employees, User Technical Support positions. Global Tel*Link will provide a call monitoring and recording system that records every call made on the system and stores recorded calls for three years online and one additional three year period archived. The technical support personnel will administer this recording system, and upon request by the Sheriff's Department or other law enforcement agencies will analyze call records and transfer calls to CD's. **This will relieve jail staff of this responsibility**." (Emphasis added)

16   265.   Plaintiffs allege that upon the request by Defendants Department, Blanck and

17   DiMaria, GTL and Doe 1 and 2 transferred privilege and confidential attorney-client

18   and religious-advisor telephone calls to CDs, and delivered same to Defendant Blanck,

19   who listened to said recordings, who in turn delivered them to Defendants Pacheco,

20   Senior DAs and  DiMaria, who listened to, copied, duplicated, reproduced, delivered,

21   disseminated and distributed same to the individuals identified in the above ¶ 97(c).

22   266.   Plaintiffs allege that nevertheless, Defendants GTL, Oliver and  Does 1 and 2

23   approved, acquiesced, and/or encouraged these actions by, among other things, failing

24   to adequately punish their subordinate remaining Defendants, excluding Defendants

25   GTL and Oliver, responsible for said constitutionally and statutory violations.

26   267.   Defendants GTL, Oliver and  Does 1 and 2 were deliberately indifferent to the

27   rights of the Plaintiffs, and each of them.

28   268.   Plaintiffs allege that Defendants GTL, Oliver and  Does 1 and 2's wilful and

intentional conduct resulted in the violation of Plaintiffs' rights to due process under the **First**, **Fourth**, **Fifth** and **Fourteenth Amendments** of the **United States Constitution** and Plaintiff Garcia's rights as an accused under the **Fourth**, **Fifth**, **Sixth** and **Fourteenth Amendments** of the **United States Constitution**. Plaintiffs, and each of them have been damaged as a result.

## TWENTY-FIRST CAUSE OF ACTION
### Violation of *Title 42 United States Code* §1985(3) - Conspiracy
### By Plaintiff Garcia Against All Defendants

269.   Plaintiff restates and incorporates by reference the foregoing ¶¶ 1 through 268 of this complaint as if set forth in full at this point.

270.   This cause of action is brought on behalf of Plaintiff Garcia by and through his legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the conspiracy Defendants, and each of them, planned, undertook, implemented and executed to deprive the Plaintiffs, and each of them of their constitutionally protected rights, as fully stated above.

271.   All Defendants have conspire and acted in concert to deny Plaintiffs' civil rights.

272.   The conspiratorial purpose was to deny Plaintiffs, among other protected rights, entitlements, benefits and immunities:

    a.   Their fundamental constitutional and statutory freedom of professional association under the4 provisions, practice and custom of the attorney-client and religious-advisor confidential and privileged relationship.

    b.   Their fundamental right to due process arising from factors of the illegal search and seizure of privileged and confidential attorney-client, work-product doctrine and religious-advisor telephone conversations and documents.

    c.   Their fundamental right to equal protection of the law arising from factors of the illegal search and seizure of privileged and confidential attorney-client, work-product doctrine and religious-advisor telephone conversations and documents.

273.   The conspiracy, as it developed, also emerged to protect the participants in the unofficial "shadow justice" system that operates in Defendants County, Department,

1   District Attorney's Office and detention centers within said Defendant County's

2   jurisdiction and venue..

3   274.   Plaintiff  Garcia claims that the first step in the conspiracy was taken by

4   Defendants Pacheco, Senior DAs and DiMaria when they plotted with Defendants

5   Department, Sniff and his subordinate to invade and unlawful pierce the attorney-client

6   and religious-advisor confidential and privileged telephone communications between

7   the Plaintiff  Garcia and the defense team, including invading and piercing the work-

8   product doctrine with probable cause or search warrant, then directing Defendant

9   Blanck and Doe 1 and 2 to reproduce CDs of said attorney-client and religious-advisor

10   confidential and privileged telephone communications between the Plaintiffs and the

11   defense team, so they could be recopied and distributed to the unauthorized

12   individuals.

13   275.   All individual Defendants, other than those acting in their official capacity for

14   the State of California, insinuated themselves into the conspiracy and metamorphosed

15   the private actors into State  actors.

16   276.    This action took the form of involvement in some or all of Plaintiff  Garcia's

17   pending litigation seeking to limit and deny any plausible and viable defenses or

18   strategy to prove his innocence.

19   277.   Plaintiffs claim that the Defendants, and each of them, in some intentionally

20   manner, plan, implementation and execution interfered with Plaintiff Garcia's exercise

21   and enjoyment of their clear and established rights secured by the state and federal

22   constitutions or laws of the United States and/or the State of California, and thereby

23   deprived Plaintiff  Garcia of those rights and caused them injuries.

24   278.   As a result of the concerted unlawful and malicious conspiracy of all the

25   Defendants, the  Plaintiff  Garcia was deprived of their rights to both due process and

26   the equal protection of the laws, the due course of justice was impeded, and their

27   fundamental rights to prepare for a defense was impeded, impeded, and impeded, in

28   violation of the citations listed in the above ¶ 10.

279.   The conspiratorial acts of Defendants, and each of them, were the legal and proximate cause of Plaintiff Garcia's injuries.

280.   Plaintiff Garcia has and continues to be harmed, have incurred considerable legal debt which would not otherwise have been incurred, and has suffered the loss of the constitutionally, statutory and fundamentally protected rights, benefits, immunities and privileges imbedded with the attorney-client and religious-advisor professional relationship; confidence in and feelings of betrayal by the justice system, shock, and emotional scarring, all compensable as emotional distress, and other damages.

### TWENTY-SECOND CAUSE OF ACTION
**Violation of Title 42 United States Code § 2000cc *et seq*
Interference with Religious Practices
By Plaintiff Garcia Against All Defendants**

281.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 280 of this complaint as if set forth in full at this point.

282.   This cause of action is brought on behalf of Plaintiffs Garcia by and through his legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the interference of their religious practices by Defendants County, Supervisors, Department and Sniff, and each of them, planned, undertook, implemented and executed to deprive the Plaintiff Garcoa of his constitutionally protected rights, as fully stated above.

283.   ***Title*** 42 ***United States Code*** § 2000cc–1(a) provides for the protection of religious exercise of institutionalized persons which in relevant and pertinent parts mandates: ***Title*** 42 ***United States Code*** § 2000cc-5(7)(A)defines the term "religious exercise" includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief.

> **"No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person** . . ." (Emphasis added)

---

284.    Plaintiffs   Garcia and Roe claim that Defendants County, Supervisors, Department and Sniff, and each of them, are recipients of federal subsidy and therefore are subject to certain statutory mandates as provided under *Title* 42 *United States Code* § 2000cc et seq., arising from the religious and religious practices and exercise of said religious practices.

285.   Defendants County, Supervisors, Department and Sniff, and each of them, have conspire and acted in concert to deny Plaintiffs' civil rights and statutory rights imbedded in *Title* 42 *United States   Code*   2000cc–1(a) et seq., by infringing, interfering, listening, reducing onto CDs, reproducing said CDs, distributing and disseminating said CDs which contained confidential and privileged religious and religious confession and guidance by Reverend Roe to Plaintiff  Garcia, to the following and not limited to the individuals identified in the above ¶ 97(c).

286.   Plaintiffs alleges that nevertheless, Defendants GTL, Oliver and Does 1 and 2 approved, acquiesced, and/or encouraged these actions by, among other things, failing to adequately punish their subordinate remaining Defendants, excluding Defendants GTL and Oliver, responsible for said constitutionally and statutory violations.

287.   Defendants GTL, Oliver and Does 1 and 2 were deliberately indifferent to the rights of the Plaintiffs, and each of them.

288.   Plaintiffs alleged that Defendants GTL, Oliver and Does 1 and 2's wilful and intentional conduct resulted in the violation of Plaintiffs' rights to due process under the *First*, *Fourth*, *Fifth* and *Fourteenth Amendments* of the United States Constitution and Plaintiff Garcia's rights as an accused under the *Fourth*, *Fifth*, *Sixth* and *Fourteenth Amendments* of the *United States Constitution*.  Plaintiffs, and each of them have been damaged as a result. The conspiratorial purpose was to deny Plaintiffs, among other protected rights, entitlements, benefits and immunities:

a.    Their fundamental constitutional and statutory freedom of professional association under the provisions, practice and custom of the attorney-client and religious-advisor confidential and privileged relationship.

b.      Their fundamental right to due process arising from factors of the illegal search and seizure of privileged and confidential attorney-client, work-product doctrine and religious-advisor telephone conversations and documents.

c.      Their fundamental right to equal protection of the law arising from factors of the illegal search and seizure of privileged and confidential attorney-client, work-product doctrine and religious-advisor telephone conversations and documents.

289.   The conspiracy, as it developed, also emerged to protect the participants in the unofficial "shadow justice" system that operates in Defendants County, Department, District Attorney's Office and detention centers within said Defendant County's jurisdiction and venue.

290.   Plaintiffs claim that the first step in the conspiracy was taken by Defendants Pacheco, Senior DAs and DiMaria when they plotted with Defendants Department, Sniff and his subordinate to invade and unlawful pierce the attorney-client and religious-advisor confidential and privileged telephone communications between the Plaintiffs and the defense team, including invading and piercing the work-product doctrine with probable cause or search warrant, then directing Defendant Blanck and Doe 1 and 2 to reproduce CDs of said attorney-client and religious-advisor confidential and privileged telephone communications between the Plaintiffs and the defense team, so they could be recopied and distributed to unauthorized individuals.

291.   All individual Defendants, other than those acting in their official capacity for the State of California, insinuated themselves into the conspiracy and metamorphosed the private actors into State actors.

292.   This action took the form of involvement in some or all of Plaintiff Garcia's associates with his religious advisor.

293.   Plaintiffs Garcia and Roe claim that the Defendants County, Supervisors, Department, Sniff, and each of them, in some intentionally manner, planned, implemented the execution to interfere with Plaintiffs Garcia and Roe's exercise and enjoyment of their clear and established rights secured by the state and federal

constitutions or laws of the United States and/or the State of California, and thereby deprived Plaintiffs  Garcia and Roe of those rights and caused them injuries.

### PRAYER FOR RELIEF AND JUDGMENT

**WHEREFORE**, Plaintiff demands judgment against all the Defendants jointly and severally, as follows:

**FIRST AND TWENTIETH CAUSE OF ACTION:**

**ACTUAL DAMAGES**

    i.    In the amount to be determined at time of trial.

**STATUTORY DAMAGES**

    ii.    Of at least five thousand ($5,000)  per incident pursuant to *California Penal Code* 637.2[20], which are not limited to:

    (1)    Approximately one hundred (1000) separate incidents in the amount of five thousand ($5,000) dollars per incident totaling releases to approximately sixteen (16) unauthorized individuals and entities for the sub-total of approximately eighty million ($80,000,000.00) dollars, per Defendants (eighteen (18) Defendants), for an approximate total amount of one billion, four hundred and forty-four million ($1,440,000,000) dollars.

**GENERAL  DAMAGES**

    iii.    In the amount to be determined at time of trial.

**SPECIAL DAMAGES**

    iv.    In the amount to be determined at time of trial.

**COMPENSATORY DAMAGES**

    v.    In the amount to be determined at time of trial.

**PUNITIVE DAMAGES**

    vi.    Punitive damages in the amount in excess of fifty million ($50,000,000.00) dollars

**ADDITIONALLY**

vii.   Plaintiffs seek an order from the Court referring the above aforementioned federal civil rights violations to the United States Attorney General/Office Of Civil Rights Criminal Division for investigation.

viii.   Plaintiffs seek an order from the Court referring the above aforementioned federal civil rights violations to the California Department of Justice in accordance with *California Penal Code* § 422.7 (Commission of a crime for the purpose of interfering with another's exercise of civil right)

ix.   Declare that Defendants are not in compliance with and in violation of *California Penal Code* § 632 *et seq.,* with respect to having attorney-client and religious-advisor's confidential and privileged telephone communications records, listened to; copied and disseminated to unauthorized individuals;

x.   Declare that Defendants are not in compliance with and in violation of *Title* 42 *United States Code* § 2000cc *et seq.,* with respect to having religious-advisor's confidential and privileged telephone communications records, listened to; copied and disseminated to unauthorized individuals;

xi.   Enjoin Defendants, their agents and successors in office, and all persons acting in concert with any of them from failing or refusing promptly to comply with the requirements of *California Penal Code* § 632 *et seq* and *Title* 42 *United States Code* § 2000cc *et seq.*;

xii.   Command Defendant GTL to input all telephone numbers of attorneys registered with the State Bar of California into their telephone system forthwith on all systems presently active under contract or otherwise in the State of California, and command Defendant GTL that it, its agents and successors in office, and all persons acting in concert with any of them not to install any new telephone system in a penal  or detention institution whether federal or state without the aforementioned attorneys' telephone number feature;

xiii.   Order the Defendants, their agents and successors in office, and all

persons acting in concert with any of them to forthwith cease and desist any taping, listening, duplicating, disseminating or monitoring of any attorney-client and religious-advisor's confidential and privileged telephone communications in any and all of their penal or detention institutions;

    xiv. Order Defendants, their agents and successors in office and all persons acting in concert with any of them promptly to develop a plan, within ten days (10) days upon the issuance of this Court's order, to remedy all violations of *California Penal Code* § 632 *et seq* and *Title* 42 *United States Code* § 2000cc *et seq*.;

    xv. Order pursuant the exclusive jurisdiction of Article III Judge in accordance with *Title* 42 *United States Code* § 2000cc *et seq*., the trial Judge or successor in office in the County of Riverside Superior Court Criminal Matter entitled *People v. Garcia, et al.*, Indio Superior Court   Case No.: **INFO64492** to seal all records regarding any telephone communication between Plaintiff Garcia and his religious advisors, including Reverend Roe, and to strike from the record all reference thereto, and unless this Court finds upon good cause that Plaintiff Garcia has waived such a protection, Defendants and the trial court shall not mention, discuss, reveal or make public or otherwise the contents of any said telephone conversations between Plaintiff Garcia and his religious advisors, including Reverend Roe

**COST AND ATTORNEYS**

    xvi. The costs of this action, including attorney's fees.

**OTHER RELIEF**

    xvii. Such other relief deemed to be just and equitable.

**SECOND THROUGH NINETEENTH AND  TWENTY- FIRST CAUSES OF ACTION:**

**ACTUAL DAMAGES**

    xviii. In the amount to be determined at time of trial.

**GENERAL  DAMAGES**

    xix. In the amount to be determined at time of trial.

**SPECIAL DAMAGES**

      xx.    In the amount to be determinated at time of trial.

**COMPENSATORY DAMAGES**

      xxi.    In the amount to be determinated at time of trial.

**PUNITIVE DAMAGES**

      xxii.  Punitive damages in the amount in excess of fifty million ($50,000,000.00) dollars

**COST AND ATTORNEYS**

      xxiii.  The costs of this action, including attorney's fees.

**OTHER RELIEF**

      xxiv.  Such other relief deemed to be just and equitable.

Dated:

_____
JOHN L. RUSSO, *Attorney at Law*

Dated:

_____
DAVID L. WRIGHT, *Attorney at Law*

**COMPENSATORY DAMAGES**

      xxi.   In the amount to be determinated at time of trial.

**PUNITIVE DAMAGES**

      xxii.  Punitive damages in the amount in excess of fifty million ($50,000,000.00) dollars

**COST AND ATTORNEYS**

      xxiii. The costs of this action, including attorney's fees.

**OTHER RELIEF**

      xxiv. Such other relief deemed to be just and equitable.

Dated:                              Dated:

_____       _____
JOHN L. RUSSO, Attorney at Law    DAVID L. WRIGHT, Attorney at Law

**VERIFICATION**

I, Daniel Carlos Garcia, verify that:

      I am one of the Plaintiffs in the above entitled action, and hereby verify under penalty of perjury, under the laws of the United States that the above statement of facts and laws are true and correct, according to the best of my current information, knowledge, and belief.

      Executed on ~~December~~ January 3, ~~2010~~ 2011, in the City of Indio, State of California.

**DANIEL CARLOS GARCIA**       _____
                                Daniel Carlos Garcia

cas/jlr/garcia/24usc1983/ps/ca

1

2        ;

3                              **VERIFICATION**

4

5    I, David L. Wright, verify that:

6         I am one of the Plaintiffs in the above entitled action, and hereby verify under

7    penalty of perjury, under the laws of the United States that the above statement of

8    facts and laws are true and correct, according to the best of my current information,

     knowledge, and belief.

9         Executed on January 3, 2011, in the City of Palm Springs, State of California.

10

11

12   **DAVID L. WRIGHT**              David L. Wright

13                                    David L. Wright

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Garcia, et al.  vs The County of Riverside, et al.*        **Complaint for Civil Rights Violations and**
Case No.                          Page ~~71 of 73~~                    **Damages**
                                  68b of 80

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.

**Complaint for Civil Rights Violations and Damages**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Booking Number :200911640 | | | | |
|---|---|---|---|---|
| **Name** | GARCIA, DANIEL CARLOS | | | |
| **Sex** | **Race** | **Date of Birth** | | |
| M | H | 07/27/1982 | | |
| **Age** | **Hair** | **Eyes** | **Height** | **Weight** |
| 28 | BRO | BRO | 5'6" | 150 |
| **Arrest Date** | | | **Arresting Agency** | |
| 03/13/2009 12:00 | | | Transportation | |
| **Booked Date** | | | **Case No.** | |
| 03/13/2009 12:26 | | | INF064492 | |
| **Charge(s)** | 115 F PC OFFR FLS/FORGE INSTRU FI<br>182(A)(1) F PC CONSP/TO/COMMIT/A/FELONY<br>182(A)(1) X 2 F PC CONSP/TO/COMMIT/A/FELONY<br>187(A) F PC MURDER<br>459 F PC BURGLARY | | | |
| **Bail Amount** | No Bail | | | |
| **Current Facility** | Indio Jail Facility | | | |
| **Housing Unit** | 1T5 | Public Visiting Guidelines | | |
| **Next Court Date** | **Court Name** | | | |
| | | Additional Court Information | | |
| **Release Date** | | | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 2**

*Garcia, et al.  vs The County of Riverside, et al.*      **Complaint for Civil Rights Violations and**
Case No.                                       **Damages**

INF064492 - Minutes - Desert Criminal & Traffic                    Page 1 of 1

## Minutes

| Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation |
| Case Report | Fine Info | Images | | | | |

Open Quick Search

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

Defendant   4 - GARCIA, DANIEL CARLOS        Of 6

Action:   Hearing on Motion Re: Status. - 06/04/2009

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

*Action:* Hearing on Motion Re: Status.   *Date:* 06/04/2009   *Time:* 8:30 AM
*Defendant Status:* Active        *Division:* 3N        *Hearing Status:* DISPOSED

HONORABLE THOMAS N. DOUGLASS PRESIDING.
COURTROOM ASSISTANT: MML-M. LOUSTAUNAU
COURT REPORTER: TJD-T. DIBLE
PEOPLE REPRESENTED BY DEPUTY DISTRICT ATTORNEY: DDA L. DIMARIA.
DEFENDANT REPRESENTED BY PVT M. RODRIGUEZ.
DEFENDANT PRESENT.
ORAL MOTION BY PEOPLE REGARDING FILE AN AMENDED COMPLAINT IS CALLED FOR HEARING.

MOTION GRANTED.
COURT ORDERS 5TH AMENDED COMPLAINT FILED.
DEFENDANT ARRAIGNED.
DEFENDANT WAIVES READING OF THE COMPLAINT/INFORMATION.
COUNSEL STIPULATES TO ADVISEMENT OF RIGHTS.
PLEADS NOT GUILTY TO ALL COUNTS.
HEARING ON 06/09/2009 AT 8:30 FOR FSC IN DEPT. 3N IS CONFIRMED.
*******************************************
COURT ORDERS ANY RECORDINGS BETWEEN ATTORNEY AND
CLIENT BE EXCLUDED FROM LISTENING PROCEDURES AND
ANY TAPED PHONE CONVERSATIONS ARE NOT TO BE
LISTENED TO BY LAW ENFORCEMENT OR THE DISTRICT
ATTORNEYS OFFICE.
*******************************************
DEFENDANT ORDERED TO RETURN ON ANY AND ALL FUTURE HEARING DATES.
BAIL TO REMAIN AS FIXED.
REMAINS REMANDED TO CUSTODY OF RIVERSIDE SHERIFF.
MINUTE ORDER PRINTED TO INDIO JAIL.
MINUTE ORDER OF COURT PROCEEDING DEATH PENALTY (INDIO)
COPY OF MINUTE ORDER FORWARDED TO APPEAL'S SUPERVISOR
MINUTE ORDER OF COURT PROCEEDING
SAVE MINUTE ORDER TO CASE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

*Garcia, et al.  vs The County of Riverside, et al.*     **Complaint for Civil Rights Violations and**
Case No.                    Page 73 of  80                                          **Damages**

INF064492 - Minutes - Desert Criminal & Traffic                          Page 1 of 1

## Minutes

Home        Def. Status    Def. Info    Charges    Actions    Minutes    Probation
Case Report  Fine Info      Images

    Open Quick Search

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

Defendant  4 - GARCIA, DANIEL CARLOS              Of 6

Action:  Hearing on Motion Re: PROTECTIVE ORDER AGAINST REC - 06/18/2010

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

Action: Hearing on Motion Re: PROTECTIVE ORDER AGAINST RECORDING       Date:              Time: 8:30 AM
CALLS.                                                                  06/18/2010
Defendant Status: Active                                                Division: 1B       Hearing Status:
                                                                                           DISPOSED

HONORABLE DAVID B DOWNING PRESIDING.
COURTROOM ASSISTANT: KRH-K. HINOS
COURT REPORTER: JLM-JACKIE LENORE MUSSELMAN
PEOPLE REPRESENTED BY DEPUTY DISTRICT ATTORNEY: DDA L. DIMARIA.
DEFENDANT REPRESENTED BY PRO PER.
DEFENDANT PRESENT.
INVESTIGATOR LUIS BOLANOS AND DETECTIVE SIMON MIN PRESENT IN COURT.
MOTION BY THE DEFENDANT REGARDING PROTECTIVE ORDER RE: CALLS IS CALLED FOR HEARING.
MOTION GRANTED.
FROM THIS DAY FORWARD AS TO THE PARTIES LISTED
IN THE MOTION WITH THE EXCEPTION OF PASTOR
MICHAEL SCHIEFELBEIN WHICH THE DEFENDANT HAS
WITHDRAWN
DEFENDANT ORDERED TO RETURN ON ANY AND ALL FUTURE HEARING DATES.
BAIL TO REMAIN AS FIXED.
REMAINS REMANDED TO CUSTODY OF RIVERSIDE SHERIFF.
MINUTE ORDER PRINTED TO INDIO JAIL.
SAVE MINUTE ORDER TO CASE
MINUTE ORDER OF COURT PROCEEDING
COURT REPORTER TRANSCRIPT REQUESTED BY THE DEFENDANT FOR PROCEEDINGS DATED 06-18-10, IS ORDERED
PREPARED AT COUNTY TREASURY EXPENSE.
MINUTE ORDER OF COURT PROCEEDING

http://10.33.6.51/openaccess/CRIMINAL/minute.asp?courtcode=B&casenumber=INF06...   10/18/2010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 4**

---

*Garcia, et al.  vs The County of Riverside, et al.*
Case No.

**Complaint for Civil Rights Violations and Damages**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUBMITTAL TO THE BOARD OF SUPERVISORS**
**COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**    906



**FROM:** Stanley Sniff, Sheriff-Coroner-PA

**SUBMITTAL DATE:**
March 9, 2009

**SUBJECT: APPROVAL OF THE AGREEMENT WITH GLOBAL TEL*LINK CORPORATION TO PROVIDE INMATE TELEPHONE SERVICES IN COUNTY DETENTION FACILITIES**

**RECOMMENDED MOTION:** That the Board of Supervisors:

1. Approve the agreement with Global Tel*Link for three (3) years, plus an option to renew for two (2) one-year renewal periods, for a total of five years, in accordance with Ordinance 459.4, and;
2. Authorize the Purchasing Agent to sign amendments and exercise renewal options.

**BACKGROUND:** The County has been providing a reliable and secure telephone service to inmates at the lowest possible cost to them and their families. The Sheriff's Department currently contracts with Global Tel*Link Corporation for automated telephone services to inmates in seven separate adult detention facilities in the County of Riverside. Currently, the jail system intakes approximately 61,000 inmates annually and these inmates use this telephone system to complete approximately 851,198 calls per year totaling 9,325,270 minutes. Global Tel*Link Corporation will provide and install the telephone software tracking system and phones for all County correctional facilities operated and controlled by the Riverside County Sheriff's Department at no cost to the County.

**(Continued on Page 2)**
BR 09-077

(Will Taylor)

Stanley L. Sniff, Jr.
Sheriff-Coroner-PA

| **FINANCIAL DATA** | Current F.Y. Total Cost: | NA | In Current Year Budget: | Yes |
| | Current F.Y. Net County Cost: | NA | Budget Adjustment: | No |
| | Annual Net County Cost: | NA | For Fiscal Year: | FY 08/09 |

**SOURCE OF FUNDS:** Contract Revenue

Positions To Be Deleted Per A-30 ☐

Requires 4/5 Vote ☐

**C.E.O. RECOMMENDATION:**

APPROVE

BY:

**County Executive Office Signature**    Steve P. Schubert

MINUTES OF THE BOARD OF SUPERVISORS

On motion of Supervisor Ashley, seconded by Supervisor Buster and duly carried, IT WAS ORDERED that the above matter is approved as recommended.

Ayes:      Buster, Tavaglione, Stone and Ashley
Nays:      None
Absent:    Wilson
Date:      March 31, 2009
xc:        Sheriff, Purchasing

Kecia Harper-Ihem
Clerk of the Board
By:
Deputy

| Prev. Agn. Ref.: # 3.120 on 7/29/08 | District: | Agenda Number: |

**3.39**

ATTACHMENTS FILED
WITH THE CLERK OF THE BOARD

Form 11 (Rev 06/2003)

FORM APPROVED COUNTY COUNSEL
BY: NEAL R. KIPNIS  DATE
Departmental Concurrence

Mary Seiler, Assistant Director

Purchasing

Policy ☒ Consent ☐

Policy ☒ Consent ☐

Dept Recd Otic:

Per Exec. Ofc.:

*Garcia, et al. vs The County of Riverside, et al.*
Case No.

**Complaint for Civil Rights Violations and**
**Damages**

**BOARD OF SUPERVISORS**
**FORM 11:**   APPROVAL   OF   THE   AGREEMENT   WITH   GLOBAL   TEL*LINK
CORPORATION TO PROVIDE INMATE TELEPHONE SERVICES IN COUNTY
DETENTION FACILITIES
**PAGE 2**

**BACKGROUND (Continued)**

Global Tel*Link Corporation will pay the County a fixed price of two million dollars ($2,000,000)
for the first year of the contract. The yearly payments are to be made in twelve equal monthly
installments of $166,667. The first monthly payment is due upon contract execution with
subsequent payments every month thereafter. The second and subsequent year payments will
be prorated on a baseline inmate population of 3,600, the average population for the preceding
calendar year. For example, if calendar year 2009 average jail population is 3,672 (2% increase
over 3,600) the second contract year payments would be $2,040,000 (2% increase over
$2,000,000). This yearly amount will be adjusted up or down annually on the contract execution
date. This money will be deposited in the Inmate Welfare Fund, per the requirements of the
State Penal Code Section 4025 (d).

**PRICE REASONABLENESS:** Purchasing released a Request for Proposal, mailing solicitations
to one hundred companies and advertising on the County's Internet. Three responses were
received with proposals submitted by PCS, Global Tel*Link, and Securus.

The proposals were reviewed by an evaluation team consisting of personnel from Purchasing
and the Sheriff's Department. The evaluation team reviewed and scored each proposal based
on the bidder's overall responsiveness to the requirements of the scope of service, the ability to
perform, software and equipment capability, references, and the overall cost to the inmates for
telephone service. Product demonstrations were held at the Purchasing Department and Global
Tel*Link was selected as the most responsive/responsible vendor, submitting an annual call
cost to the inmates of $2,948,000 with an average call per minute rate of $0.23. Based on nine
different types of calls placed by an inmate, the average per minute call rates is $0.21 up to
$0.39. The other two bidders proposed annual call charges ranging from $2,872,000 to
$5,170,000. The bidder that proposed the average call rate of $0.21 per minute reserved the
right to raise his/her costs annually, which will result in higher calling rates to the inmates and
his or her families. Therefore, the County elected to select the bidder with firm fixed prices for
five years, Global Tel*Link.

In addition, Global Tel*Link agrees to fund two County employees, User Technical Support
positions. Global Tel*Link will provide a call monitoring and recording system that records every
call made on the system and stores recorded calls for three years online and one additional
three year period archived. The technical support personnel will administer this recording
system, and upon request by the Sheriff's Department or other law enforcement agencies will
analyze call records and transfer calls to CD's. This will relieve jail staff of this responsibility.

**REVIEW/APPROVAL:** Purchasing concurs with this request.

Form 11 (Rev 06/2003)

---

*Garcia, et al. vs The County of Riverside, et al.*    **Complaint for Civil Rights Violations and**
Case No.                                 **Damages**

1.      "SEC. 3. Protection of Religious Exercise of Institutionalized Persons . . . (a) General Rule.--No government shall impose a substantial burden  on the religious exercise of a person residing in or confined to an  institution, as defined in section 2 of the Civil Rights of  Institutionalized Persons Act (42 U.S.C. 1997), even if the burden results from a rule of general applicability, unless the government  demonstrates that imposition of the burden on that person– (1) is in furtherance of a compelling governmental interest;   and (2) is the least restrictive means of furthering that compelling governmental interest."

2.      All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining  safety, happiness, and privacy.

3.      Free exercise and enjoyment of religion without discrimination or preference are guaranteed.  This liberty of conscience does not excuse acts that are licentious or inconsistent with the peace or safety of the State.  The Legislature shall make no law respecting an establishment of religion.

4.      A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws

5.      The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized.

6.      Rights guaranteed by this Constitution are not dependent on those guaranteed by the United States Constitution.   In criminal cases the rights of a defendant to equal protection of the laws, to due process of law, to the assistance of counsel, to be personally present with counsel, to a speedy and public trial, to compel the attendance of witnesses, to confront the witnesses against him or her, to be free from unreasonable searches and seizures, to privacy, to not be compelled to be a witness against himself or herself, to not be placed twice in jeopardy for the same offense, and to not suffer the imposition of cruel or unusual punishment, shall be construed by the courts of this State in a manner consistent with the Constitution of the United States.

7.      The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise.

8.      An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:

         (a)     To declare a statute unenforceable, or refuse to enforce a statute, on

the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;

> (b)     To declare a statute unconstitutional;

> (c)     To declare a statute unenforceable, or to refuse to enforce a statute on the basis that federal law or federal regulations prohibit the enforcement of such statute unless an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations.

9.     Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney, religious adviser, or licensed physician, is guilty of a felony.

10.     Every person not a party to a telegraphic or telephonic communication who willfully discloses the contents of a telegraphic or telephonic message, or any part thereof, addressed to another person, without the permission of such person, unless directed so to do by the lawful order of a court, is punishable by imprisonment in the state prison, or in the county jail not exceeding one year, or by fine not exceeding five thousand dollars ($5,000), or by both fine and imprisonment.

11.     Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

> (1)     Five thousand dollars ($5,000).

> (2)     Three times the amount of actual damages, if any, sustained by the plaintiff.

(b)     Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).

(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

12.     Any vendor or employee of a vendor who intentionally discloses information, not otherwise public, which that person knows or should reasonably know was obtained from confidential information, shall be subject to a civil action for invasion of privacy by the individual to whom the information pertains.

In any successful action brought under this section, the complainant, in addition

to any special or general damages awarded, shall be awarded a minimum of two thousand five hundred dollars ($2,500) in exemplary damages as well as attorney's fees and other litigation costs reasonably incurred in the suit.

The right, remedy, and cause of action set forth in this section shall be nonexclusive and is in addition to all other rights, remedies, and causes of action for invasion of privacy, inherent in Section 1, Article I of the California Constitution.

13.   Attorney-client privilege.

14.   Privilege of clergy-person.

15.   A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances.