1  **JOHN L. RUSSO**, *Attorney at Law*
   Em: johnlawny@msn.com
2  New York State Bar No.: **2332344**
   [Pending *Pro Hac Vice* Petition]
3  31 - 01 Broadway, 4th Floor
   Astoria, New York 11106-2648
4  Tel: 718.777.1777
   Fax: 718.777.2737
5  *Lead Counsel*

6  **DAVID L. WRIGHT**, *Attorney at Law*
   State Bar No.: **189346**
7  Em: davidlawps@gmail.com
   1882 South Caliente Road
8  Palm Springs, California 92264
   Tel: 760.969.8800
9  Fax: 718.777.2737
   *California Counsel*

10

11 Attorneys for Plaintiffs
   Daniel Carlos Garcia and
12 David L. Wright

FOR COURT STAMP USE ONLY

2011 APR 15 PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

13           **UNITED STATES DISTRICT COURT**
14            **CENTRAL DISTRICT OF CALIFORNIA**

15 **DANIEL CARLOS GARCIA; DAVID** | Case No.: **ED CV 11 - 00034 VAP(OP)**
   **L. WRIGHT,**

16                    *PLAINTIFFS,*              **FIRST AMENDED COMPLAINT**

17              VS.                           **FOR CIVIL RIGHTS VIOLATIONS**

18 **THE COUNTY OF RIVERSIDE;**                    **AND DAMAGES**
   **COUNTY OF RIVERSIDE BOARD OF**
19 **SUPERVISORS; RODRIC ANTHONY**
   **PACHECO; KELLY PATRICK**
20 **KEENAN; SARA LYNN DANVILLE;**
   **OTIS STERLING, III; LISA**
21 **DIMARIA; BRUCE BLANCK;**
   **COUNTY OF RIVERSIDE SHERIFF'S**
22 **DEPARTMENT; STANLEY SNIFF;**               **DEMAND FOR JURY TRIAL**
   **DAN EAGLIN; PAUL TESINSKY;**
23 **LINDA HUGHES; M. NAVARRO;**
   **BRANDES; SHUMWAY;**
24 **CASSANDRA MORROW; SECURUS**
   **TECHNOLOGIES, INC.; RICHARD**
25 **A. (RICK) SMITH; GLOBAL TEL**
   **LINK; BRIAN OLIVER AND DOES I**
26 thru **25**, *Inclusive*;

27                    *Defendants.*

28

*Garcia vs. The County of Riverside, et al.*     **First Amended Complaint for Civil Rights**
Case No.: **ED CV 11 - 00034 VAP(OP)**          **Violations and Damages**

COMES NOW Plaintiffs, **DANIEL CARLOS GARCIA;** and **DAVID L. WRIGHT;** for causes of action against Defendants **COUNTY OF RIVERSIDE; COUNTY OF RIVERSIDE BOARD OF SUPERVISORS; RODRIC ANTHONY PACHECO; KELLY PATRICK KEENAN; SARA LYNN DANVILLE; OTIS STERLING, III; LISA DiMARIA; BRUCE BLANCK; COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT; STANLEY SNIFF; DAN EAGLIN; PAUL TESINSKY; LINDA HUGHES; M. NAVARRO; BRANDES; SHUMWAY; SECURUS TECHNOLOGIES, INC.; RICHARD A. (RICK) SMITH GLOBAL TEL LINK; BRIAN OLIVER** and **DOES I** thru **25,** *Inclusive* and complain and allege as stated hereinafter.

## JURISDICTION

### (Federal Questions)

1.    Plaintiffs bring this civil action pursuant to *Title* 42 *United States Code* §§ 1983,1985(3) and 1988 and the *First, Fourth, Fifth,* and *Fourteenth Amendments* to the United States Constitution. Jurisdiction is based on *Title* 28 *United States Code* §§1331, 1343(a)(3)(4), and *Title* 42 *United States Code* § 2000cc, *et seq.,* and the federal statutory and constitutional provisions cited above.

### (Concurrent Jurisdiction - State Causes of Action)

2.    Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to *Title* 28 *United States Code* § 1367, over any and all State Law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

### VENUE

3.    Venue is proper in the United States District Court for the Central District of California pursuant to *Title* 28 *United States Code* § 1391(a) because it is the district in which the Plaintiffs' claims arose.

---

## PARTIES

### (PLAINTIFFS)

4.      Plaintiff, Daniel Carlos Garcia ("Garcia"), was at all relevant times a resident of Riverside County, California, and a pre-trial detainee in said Riverside County Jail.

5.      Plaintiff, David L. Wright ("Wright"), was at all relevant times a resident of Riverside County, California, and a licensed attorney authorized to practice law in the State of California..

### (DEFENDANTS)

6.      Defendant County of Riverside ("County") is a local governmental entity within California. At all relevant times, County operated the several pre-trial detention facilities were Garcia was and continue to be detain.    Plaintiffs allege that County was the employer of Defendants County of Riverside Board of Supervisors; Rodric Anthony Pacheco; Kelly Patrick Keenan; Sara Lynn Danville; Otis Sterling, Iii; Lisa Dimaria; Bruce Blanck; County of Riverside Sheriff's Department; Stanley Sniff; Dan Eaglin; Paul Tesinsky; Linda Hughes; M. Navarro;  Brandes; and Shumway.

7.      Defendant County of Riverside Board of Supervisors, hereinafter "Supervisors", are and were at all times, elected officials, with the duty and responsibility to monitor, supervise County's subordinate law enforcement entities, departments, and agents. Plaintiffs are informed and believe that the Supervisors are policy-makers and fiduciary supervisors of the other local entities named herein. Defendants Supervisors are  being individual capacities.

8.      Defendant Rodric Anthony Pacheco, hereinafter "Pacheco", was at all relevant times District Attorney for County and policy-maker. Upon information and belief, Pacheco was at all relevant times a resident of Riverside County, California.  Pacheco is being sued in his official and personal capacity.

9.      Defendants Kelly Patrick Keenan, ("Keenan"); Sara Lynn Danville, ("Danville"); Otis Sterling, III, ("Sterling") were at all relevant times Senior Deputy District Attorney for County.  The Defendants in ¶ 9 will be collectively referred to as "Senior DAs"

1  unless otherwise specified.  Upon information and belief, Senior DAs were at all
2  relevant times residents of Riverside County, California.   Senior DAs being sued in
3  their official and personal capacities.

4  10.    Defendant Lisa DiMaria, ("DiMaria") was at all relevant times Deputy District
5  Attorney for County. Upon information and belief, DiMaria was at all relevant times a
6  resident of Riverside County, California.  DiMaria is being sued in his official and
7  personal capacity.

8  11.    Defendant Bruce Blanck, ("Blanck") was at all relevant times a District Attorney
9  for County investigator and peace officer. Upon information and belief, Blanck was at
10  all relevant times a resident of Riverside County, California.  Blanck is being sued in
11  his official and personal capacity.

12  12.    Defendant County of Riverside Sheriff's Department, hereinafter "Department"
13  is  and was at all times mentioned herein, a subordinate entity to County, with certain
14  statutory and directives in the administration of, among other things, policing,
15  maintaining and operating the County's jails. Plaintiffs are informed and believe that
16  Defendant Department  is and was at all times mentioned hereinafter a  policy-maker
17  of the remaining governmental subordinates identified hereinafter.    Defendant
18  Department is being sued in its official and individual capacity.

19  13.    Defendant Stanley Sniff ("Sniff") was at all relevant times Sheriff and peace
20  officer for County and policy-maker. Upon information and belief, Sniff  was at all
21  relevant times a resident of Riverside County, California.   Sniff is being sued in his
22  official and personal capacity.

23  14.    Defendants Dan Eaglin, Paul  Tesinsky, Linda Hughes, M. Navarro, Brandes,
24  Shumway and Cassandra Morrow were at all relevant times Deputy Sheriffs and peace
25  officers for County. The Defendants in ¶ 14 will be collectively referred to as "Deputy
26  Sheriffs" unless otherwise specified. Upon information and belief, Deputy Sheriffs were
27  at all relevant times residents of Riverside County, California.   Deputy Sheriffs are
28  being sued in their official and personal capacities.

---

15. Plaintiffs are informed and believe that Defendant Securus Technologies, Inc., ("STI") is Dallas, Texas- based firm, and was at the relevant time mentioned hereinafter doing business within the County of Riverside, California, in communications solutions for the corrections industry with Defendant County. Therefore, STI is being sued in its official capacity and as a 'state actor" pursuant to the Civil Rights Act of 1964, as amended.

16. Plaintiffs are informed and believe that Defendant Richard A. (Rick) Smith ("Smith") was at all relevant times Chief Executive Officer and President of STI and policy-maker. Upon information and belief, Smith was at all relevant times a resident of Dallas, Texas. Oliver is being sued in his official, personal capacity and as a "state actor" pursuant to the Civil Rights Act of 1964, as amended.

17. Defendant GTL Tel Link, ("GTL") also doing business as DSI-ITI, LLC. Company, is a Mobile, Alabama-based firm, and does business within the County of Riverside, California.

18. Plaintiffs are informed and believe that Defendant GTL manufactures and oversee the maintenance of the "Lazer-Phone®" system, security software features and provides technical services to the aforementioned Defendants.

19. Plaintiffs are informed and believe and based on written contract entered between GTL, County, Supervisors, Department and Sniff, acted under color of law by engaging in "joint participation" with County, Supervisors, Department and Sniff in instituting, implementing, administering, maintaining the telephone systems within said County's jails. Plaintiffs are informed and believe that based on said written contract, GTL provides its own worker for the purpose of monitoring, recording, copying and disseminating recorded telephone calls between the detainees and third parties, including lawyers. Therefore, GTL is being sued in its official capacity and as a 'state actor" pursuant to the Civil Rights Act of 1964, as amended.

20. Plaintiffs are informed and believe that Defendant Brian Oliver,("Oliver") was at all relevant times Chief Executive Officer of GTL and policy-maker. Upon

1   information and belief, Oliver  was at all relevant times a resident of Mobile, Alabama.

2   Oliver is being sued in his official, personal capacity and as a "state actor" pursuant to

3   the Civil Rights Act of 1964, as amended.

4   21.    Plaintiffs are unaware of the true names and capacities of those Defendants sued

5   herein as DOE Defendants. Plaintiffs will amend this complaint to allege said

6   Defendants' true names and capacities when that information becomes known to them.

7   22.    Plaintiffs allege that the named Defendants herein mentioned and   DOE

8   Defendants are legally responsible and liable for the incident, injuries and damages

9   hereinafter set forth, and that each of said Defendants proximately caused the injuries

10  and damages by reason of negligent, careless, deliberately indifferent, intentional, willful

11  or wanton misconduct, including negligent, careless, deliberately indifferent, intentional,

12  willful or wanton misconduct in creating and otherwise causing the incidents, conditions

13  and circumstances hereinafter set forth, or by reason of direct or imputed negligence or

14  vicarious fault or breach of duty arising out of the matters herein alleged.

15  23.    Plaintiff Garcia alleges that Defendants County, Supervisors, Department, Sniff,

16  and DOES Deputy Sheriff's 1-10, unlawful and without warrant intercepted and copied

17  privileged/confidential/work-product  legal  mail  and  religious  communications

18  transmitted through the United States Mail.

19  24.    In addition, Plaintiff Garcia alleges that said Defendants routinely conducted

20  searches of privileged/confidential/work-product legal documents outside his presence.

21  25.    That said Defendants engaged the assistance of other inmate to act on behalf of

22  the Defendants, and search, retrieve, review and hand over to jail investigator(s) work-

23  product and other confidential and privileged legal documents and communication.

24  26.    Plaintiff Garcia alleges that said Defendants routinely denied him visits with his

25  attorneys, investigators, and legal runners and conducted warrantless searches and

26  seizures of legal documents from his property box in my cell which were clearly marked

27  as privileged and/or legal mail and/or identified by the attorney's name and title.  That

28  said Defendants failed to transport him to court on at least five (5) occasions depriving

1   him of equal protection afforded to pre-trial detainees, and obstructing the

2   administration of justices by depriving him of his presence at said legal hearing

3   27.     Plaintiff Garcia alleges that said Defendants housed him more than hundred (100)

4   miles away from his attorneys, effectively obstructing, infringing, depriving or

5   preventing him from having access to meet with his attorney.

6   28.     Plaintiff Garcia alleges on or about December 07th, 2010, two deputies,

7   employees of Defendants County, Supervisors, Department and Sniff threatened his life,

8   by claiming something to the effect, "It would be shame if any of the inmate listed on

9   this stay away form should get hold of you." Plaintiff Garcia alleges that said threat was

10  made after the two deputies were told by their supervisor that Plaintiff Garcia had

11  complained to the criminal trial judge that said deputies were playing games and

12  watching youtube while on duty, instead supervising the inmates and their activities.

13  29.     Plaintiffs allege that, at all times mentioned herein, Defendants County,

14  Supervisors, Department, Sniff and Pacheco urged, encouraged, ratified and supported

15  Defendant GTL to profit through an unlawful monopoly with predatory pricing for their

16  phone system, as consideration and/or exchange in the encouragement and promotion

17  of statutory violations under both *Penal Code* § 636 *et seq.*, and *Title* 42 *United States*

18  *Code* § 2000cc, *et seq.,* as fully stated herein. That such acts and omissions by said

19  Defendants, and each of them, constituted an obstruction and interference with

20  Plaintiffs' constitutional, statutory and regulatory protected rights, activities, privileges

21  and immunities, by and not limited to:

22        a.     Unlawful access to attorney-client telephone conversations.

23        b.     Unlawful access to religious-adviser and penitent telephone conversations.

24        c.     Interference with the statutory right to the attorney-client privilege

25  communication and relationship.

26        d.     Interference with the statutory right to the religious-adviser and penitent

27  privilege communication and relationship.

28

e. Interference with and obstructing Plaintiff Garcia's protected rights under the *Fifth, Fourth* and *Sixth Amendments* to the United States Constitution.

f. Interfering and interfering ability to prepare for his defense in a criminal case which potentially could expose him to life without the possibility of parole.

30. Plaintiffs allege that each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things herein alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission, consent and ratification of other co-defendants.

31. All Defendants' actions at all relevant times were taken under colour of state law and without lawful justification. Acting in the course and scope of their duties and functions as agents and officers of Defendant County, Defendants maintained a pattern and practice of subjecting Plaintiffs to unjustified, invasive, intrusive, and unconstitutional conditions of detainee's confinement.

## EXHIBITS

32. Plaintiffs incorporate the following Exhibits into this complaint as respectfully referenced hereinafter to wit:

a. Exhibit 1 **Plaintiff's Docket Arrest Sheet**

b. Exhibit 2 **Hon. Superior Court Judge Douglass Protective Order.**

c. Exhibit 3 **Hon. Superior Court Judge Downing Protective Order.**

d. Exhibit 4 **Contract between Defendants County, Supervisors, Department, Sniff and GTL**

## FACTS RELEVANT TO ALL CAUSES OF ACTION

33. Garcia was arrested on March 09th, 2009 in Sacramento, California, in the case entitled *People v. Garcia, et al.*, Indio Superior Court Case No.: **INFO64492**.

34. Plaintiffs are informed and believe that on March 09th, 2009 Defendant GTL entered into a financial and service agreement with Defendants County and Department, the terms of which were, (a) for three (3) years, plus an option to renew for two (2) one-year renewal periods, for a total of five years, in accordance with Ordinance 459.4,

and; (b) will pay the Defendant  County a fixed price of two million  ($2,000,000) dollars for the first year of the contract; (c)  the yearly payments are to be made in twelve equal monthly installments of one hundred, sixty-six thousands, six hundred and sixty-seven ($166,667. 00) dollars; (d) the first monthly payment is due upon contract execution with subsequent payments every month thereafter; (e) the second and subsequent year payments will be prorated on a baseline inmate population of 3,600, the average population for the preceding calendar year. For example, if calendar year 2009 average jail population is 3,672 (2% increase over 3,600) the second contract year payments would be two million and forty thousands ($2,040,000) dollars (2% increase over two million  ($2,000,000) dollars); (f) this yearly amount will be adjusted up or down annually on the contract execution date. This money will be deposited in the Inmate Welfare Fund, per the requirements of the California Penal Code § 4025 (d); (g) authorize the Purchasing Agent to sign amendments and exercise renewal options; (h) Defendant GTL agreed to fund two (2) County employees, User Technical Support positions; (I) Defendant GTL agreed to provide a call monitoring and recording system that records every call made on the system and stores recorded calls for three (3) years online and one (1) additional three (3) year period archived; and (j) the technical support personnel will administer this recording system, and upon request by the Sheriff's Department or other law enforcement agencies will analyze call records and transfer calls to CD's. This will relieve jail staff of this responsibility.

35.    Since March 13th, 2009, Garcia remain in custody and control of Defendants County and Sniff.  Since his arrest Garcia has and continue to conduct privileged and confidential telephone communications with  his legal defense team and his spiritual advisors including Plaintiff Wright. In addition, Garcia did and continue to transmit and receive 'legal mail,' and at no time mentioned herein, did Garcia express, imply or actually waived his attorney-client privilege, clergy-penitent privilege and work-product doctrine protection.  Garcia remains in the Indio Jail pending his trial.

36.     On January 04th, 2010, inmate Mr. John Childs was caught searching Plaintiff Garcia's legal property box and stealing Plaintiff Garcia's privileged legal documents and providing them to Defendants Department and Sniff's Jail investigators. Plaintiff Garcia and the other nine (9) inmates in that tank found hundreds of pages of stolen legal documents and handwritten notes pertaining to several high-profile cases in the Riverside County, including Plaintiff Garcia's. Plaintiff Garcia alerted jail authorities, who responded by forcibly seizing all of the documents, armed with tasers and pepper spray. The documents were later reviewed by Defendants Department and Sniff's Jail Investigator Cassandra Morrow, who in turn provided them to Defendant Lisa DiMaria.

37.     The documents seized demonstrated a longstanding agreement between Mr. John Childs and the Sheriff's Department where he acted as their agent to gather evidence against other inmates with whom he was housed. Notably, Plaintiffs are informed and believe that Mr. John Childs attempting to testify at the preliminary hearing in the Zunaga death penalty case however, he ultimately did not testify. It is unknown how many other potential agents of law enforcement may have been housed with Plaintiff Garcia in an effort to gather information for law enforcement and invade, molest and violate Plaintiffs' constitutional and statutory rights, privileges and immunities.

38.     On May 10th , 2010. Plaintiff Garcia was granted in pro se status by Hon. Judge Downing. As a in pro se defendant, Judge Downing advised Plaintiff Garcia that he would be acting as his own lawyer. By extension this translated to Plaintiff Garcia that he was to coordinate and head his own defense team and strategy. In order to assist Plaintiff Garcia, the court appointed private investigator Luis Bolanos to serve as the investigator, as well as appointed a paralegal and a motion writer. In order to divvy out assignments and insure that defense strategies were implemented, Plaintiff Garcia needed to, and continues to need to, have many calls with the people (hereinafter referred to as "Team"). All of the team members have registered their names and numbers with Defendant GTL as well as Defendant Department. Plaintiff Garcia also

1   has retained attorney David Wright and  John Russo to represent him on his civil

2   lawsuits arising out of this case. Defendant DiMaria is well aware of their representation

3   in that attorney Wright has been personally present  at a great deal of the court dates.

4   39.    Plaintiff Garcia has consistently requested that the Indio Jail block privileged

5   numbers for each of the members of the Team, pursuant to the jail's inmate orientation

6   handout. Many members of Team, both criminal and civil, have experienced that while

7   on the phone with Plaintiff Garcia they have  heard the recordings indicating that they

8   were being taped. As such, each member of the team re-registered their names and

9   numbers as "privileged" with the Indio Jail, as has Plaintiff Garcia.

10   40.    On June 04th, 2009, Judge Douglass issued an order prohibiting law enforcement

11   and the District Attorney's Office from listening to Plaintiff Garcia's  privileged and

12   confidential calls.

13   41.    During the month of May 2010, Plaintiff  Garcia received several CDs from the

14   Defendants containing his privileged and confidential telephone calls.

15   42.    In January 2010, Defendant DiMaria admitted that she continued to receive

16   copies of Garcia's privileged and confidential calls on CDs.

17   43.    Plaintiffs are informed and believe that it was Defendants DAs that ordered and

18   directed Defendants GTL and Blanck to continue to monitor, record and copy all of

19   Garcia's privileged and confidential telephone communications.  In fact on May 13th,

20   2010, Garcia is informed and believes that a written order from Defendant DAs was

21   issued containing the following statement "**[Mr.] Garcia is now Pro Per and no**

22   **attorney/client privileged call  need be blocked**."

23   44.    During the pending criminal proceeding, Garcia alleges that the Defendants

24   release in excess of one thousand (1000) privielged and confidential telephone

25   communications between Garcia and his defense team and spiritual advisor, including

26   copies of Garcia and his attorney's work-product doctrine documents to the other co-

27   defendants, their lawyers and investigators.

28

45.    On June 18th, 2010, Hon. Judge Downing, issued another protective/restraining order, commanding and restraining the Defendants from listening and/or recording any of Plaintiff Garcia's confidential and privileged telephone calls.

46.    Plaintiff Garcia is informed and believes that Defendants Pacheco and his subordinate Defendant Senior DAs, DiMaria and Defendant Blanck instructed, ordered, and directed the remaining Defendants to disregard both of the aforementioned protective/restraining orders and Plaintiff Garcia's constitutionally and statutory protected rights regarding and/or arising from factors of the attorney-client and spiritual advisor/penitent privilege, and to proceed and continue the practice, usage and implementation to listen, record, copy, duplicate and disseminate to third parties said privilege and confidential telephone communications, including work-product doctrine documents.

47.    As of the filing of this action, Plaintiffs are informed and believe that Defendants continue to listen, record, copy, duplicate and disseminate to third parties said confidential and privilege telephone communications.

48.    On November 05th, 2010 Judge Downing, *sua sponte*, allowed Garcia to question an out-of-town witness, Mr. Kevin McNeil, hereinafter "Mr. McNeil" the custodian of records from Defendant GTL as an initial part of the evidentiary hearing so as to prevent a waste of judicial time and Defendant County's resources in recalling the witness. Defendants County and DiMaria were not prepared to cross-examine said witness. Thus, Judge Downing continued the hearing of the motion and the conducting of the evidentiary hearing and ordered the Mr. McNeil back for further inquiry.

49.    Though the hearing was not complete, two pieces of testimony elicited were:

    a.    The explanation that the tape recorded voice warning of taping, which occurs every 180 seconds, means that taping is in fact going on.

    b.    Mr. McNeil committed perjury when he testified that the Defendants County, Supervisors, Department and Sniff did not purchase the package containing all

---

1   of the telephone numbers of lawyers registered with the State Bar because it was too

2   expensive for said Defendants, therefore, Defendant GTL removed those secure

3   numbers. However, Plaintiffs discovered that, in fact, said Defendants did not pay any

4   money to Defendant GTL for the installation of Defendant GTL's telephone system.

5   50.   On December 01st, 2010, Plaintiff Garcia was informed by his defense

6   investigator that another defendant, not associated with the underlying criminal matter

7   and in a different courthouse, in the City of Riverside, sought and obtained copies of the

8   telephone recording from Defendants County, Pacheco, Department, Sniff and GTL.

9   That upon listening and reviewing the contents of said recordings, it was discovered that

10   some of the recordings were of Plaintiff Garcia and his prior legal counsel Rodriguez.

## FIRST CAUSE OF ACTION

### Title 42 United States Code § 1983

### Violation of Cal. Penal Code § 632(a) et seq. & U.S. Const. 4th Amend

### By Plaintiff Garcia Against All Defendants

15   51.   Plaintiff Garcia restates and incorporates by reference the foregoing ¶¶ 1 through

16   50 of this complaint as if set forth in full at this point.

17   52.   *Cal. Penal Code* § 632(a) provides, that:

> "Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney, religious adviser, or licensed physician, is guilty of a felony."

22   53.   *Cal. Penal Code* § 637.2(a) provides, that:

> "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

> (1)   Five thousand dollars ($5,000).

> (2)   Three times the amount of actual damages, if any, sustained by the plaintiff.

1
2
3

       (b)    Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).

4
5

       (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

6   54.    Plaintiff is informed and believes that since his pre-trial detention while in the
7   custody and control of Defendants, his confidential attorney-client privileged and
8   spiritual adviser's telephone conversation were being recorded, copied, and distributed
9   by the Defendants in violation of *Cal. Penal Code* § 632(a).

10   55.    Plaintiff alleges that the conduct by said Defendants was implemented and
11   executed under color of law, practice and custom of a continued course of conduct by
12   the Defendants.

13   56.    Pursuant to *Cal. Penal Code* § 637.2(a)(supra), Plaintiff is authorized to bring
14   this lawsuit and seeks the damages therein, which include, Five thousand ($5,000.00)
15   dollars ($5,000) per each violation; three times the amount of actual damages, if any,
16   sustained by the Plaintiff.

17   57.    In addition, pursuant to *Cal. Penal Code* § 637.2(b), Plaintiff seek to enjoin and
18   restrain the Defendants from any present and future violation of *Cal. Penal Code* § 632
19   et seq, and seeks damages as provided by *Cal. Penal Code* § 632(a) for bringing such
20   an action.

21   58.    Plaintiff is informed and believes that the Defendants have recorded, copied and
22   disseminated in access of one thousand (1000) confidential and privileged telephone
23   calls, notwithstanding that during said and continued period of time, Defendants were
24   under two Superior Court Order to cease and desist said taping of the Plaintiff's
25   confidential and privileged telephone call, which Defendants have and continue to
26   ignore.

27
28

59.    Plaintiff alleges that the described acts and omission of the Defendants, and each of them, also violated the U.S. Const. **Fourth Amendment** in that said Defendant did not seek nor obtain a search and seizure warrant authorizing them to listen, record, duplicate and distribute said confidential and private information.

60.    Plaintiff is informed and believes, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment." (**Cal. Gov. Code** § 815.2.)

61.    Defendants' acts caused the Plaintiff the aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities and is the direct and proximate cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

### SECOND CAUSE OF ACTION

### Title 42 United States Code  § 1983

### CIVIL CONSPIRACY TO VIOLATE

### Cal. Penal Code § 632(a) et seq. & U.S. Const. 4th Amend

### By Plaintiff Garcia, Against All Defendants

62.    Plaintiff Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 61 of this complaint as if set forth in full at this point.

63.    Pursuant to **Cal. Penal Code** § 637.2(a)(supra), Plaintiff is authorized to bring this lawsuit and seeks the damages therein, which include, Five thousand ($5,000.00) dollars ($5,000) per each violation; three times the amount of actual damages, if any, sustained by the Plaintiff.

64.    In addition, pursuant to **Cal. Penal Code** § 637.2(b), Plaintiff seek to enjoin and restrain the Defendants from any present and future violation of **Cal. Penal Code** § 632 et seq, and seeks damages as provided by **Cal. Penal Code** § 632(a) for bringing such an action.

---

65.     Plaintiff is informed and believes that the Defendants have recorded, copied and disseminated in access of one thousand (1000) confidential and privileged telephone calls, notwithstanding that during said and continued period of time, Defendants were under two Superior Court Orders to cease and desist said taping of the Plaintiff's confidential and privileged telephone call, which Defendants have and continue to ignore.

66.     Plaintiff is informed and believes, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment." (*California Government Code* § 815.2.)

67.     Plaintiff alleges that the described acts and omission of the Defendants, and each of them, also violated the U.S. Const. *Fourth Amendment* in that said Defendant did not seek nor obtain a search and seizure warrant authorizing them to listen, record, duplicate and distribute said confidential and private information.

68.     Defendants' acts caused the Plaintiff the aforementioned deprivation, invasion, molestation, infringement, of their constitutional and statutory rights, privileges and immunities and is the direct and proximate cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

**THIRD CAUSE OF ACTION**

**Title 42 United States Code § 1983**

**Unlawful Intrusion into Private Affairs**

**Violation of *Cal. Penal Code* § 632(a) et seq., Art I, §1, Cal. Const.**

**and the U.S. Const. 4th Amend**

**By Plaintiff Wright Against All Defendants**

69.     Plaintiff Wright restates and incorporates by reference the foregoing ¶¶ 1 through 68 of this complaint as if set forth in full at this point.

---

70. **Cal. Penal Code** § 632(a) provides for privacy between a lawyer and his client, that:

> "Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney, religious adviser, or licensed physician, is guilty of a felony."

71. Plaintiff alleges that he engaged in protected and confidential telephone conversations arising from factors of his professional attorney-client relationship with Plaintiff Garcia, as provided by public policy and exclusively protected by **Cal. Penal Code** § 632(a).

72. Plaintiff is informed and believes that commencing from March 13th, 2009 and continuing through the filing of this First Amended Complaint, Defendants unlawfully invaded, molested, infringed and encroached upon his constitutional and statutory protected right to privacy, listening, reviewing, duplicating, and disseminating to third parties, privileged and confidential telephone communications between Plaintiff Wright and his client Plaintiff Garcia, in violation of **Cal. Penal Code** § 632(a) et seq., **Art I, § 1, Cal. Const.** and the U.S. Const. **Fourth Amendment**.

73. Plaintiff is informed and believes, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment." (**California Government Code** § 815.2.)

74. Pursuant to **Cal. Penal Code** § 637.2(a)(supra), Plaintiff is authorized to bring this lawsuit and seeks the damages therein, which include, Five thousand ($5,000.00) dollars ($5,000) per each violation; three times the amount of actual damages, if any, sustained by the Plaintiff.

75. In addition, pursuant to **Cal. Penal Code** § 637.2(b), Plaintiff seeks to enjoin and restrain the Defendants from any present and future violation of **Cal. Penal Code** § 632 et seq, and seeks damages as provided by **Cal. Penal Code** § 632(a) for bringing such an action.

76.    Plaintiff is informed and believes that the Defendants have recorded, copied and disseminated in access of one thousand (1000) confidential and privileged telephone calls, notwithstanding that during said and continued period of time, Defendants were under two Superior Court Orders to cease and desist said taping of the Plaintiff's confidential and privileged telephone call, which Defendants have and continue to ignore.

77.    Plaintiff alleges that the described acts and omission of the Defendants, and each of them, also violated the U.S. Const. *Fourth Amendment* in that said Defendant did not seek nor obtain a search and seizure warrant authorizing them to listen, record, duplicate and distribute said confidential and private information.

78.    Plaintiff alleges that the Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

**FOURTH CAUSE OF ACTION**

**Title 42 United States Code § 1983**

**Violation of the Right to Privacy under Art I, §1 of the California Constitution**

**By Plaintiffs Garcia against All Defendants**

79.    Plaintiff Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 78 of this complaint as if set forth in full at this point.

80.    *Cal. Penal Code* § 632(a) provides for privacy between a lawyer and his client, that:

> "Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic device, a conversation, or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and that person's attorney, religious adviser, or licensed physician, is guilty of a felony."

81.    Plaintiff alleges that he engaged in protected and confidential telephone conversations arising from factors of his professional attorney-client relationship with Plaintiff Wright, as provided by public policy and exclusively protected by *Cal. Penal Code* § 632(a).

82.     Plaintiff is informed and believes that commencing from the time of his pre-trial confinement and continuing through the filing of this First Amended Complaint, Defendants unlawfully invaded, molested,  infringed and encroached upon his constitutional and statutory protected right to privacy, listening, reviewing, duplicating, and disseminating to third parties, privileged and confidential telephone communications between Plaintiff Wright and his client Plaintiff Garcia, in violation of *Cal. Penal Code* § 632(a) et seq., and the U.S. Const. Fourth Amendment.

83.     Plaintiff is informed and believes, and thereon allege that "A public entity may be liable for injury caused by acts or omissions of its employees in the course and scope of employment." (*Cal. Gov. Code* § 815.2.) Pursuant to *Cal. Penal Code* § 637.2(a)(supra), Plaintiff is authorized to bring this lawsuit and seeks the damages therein, which include, Five thousand ($5,000.00) dollars ($5,000) per each violation; three times the amount of actual damages, if any, sustained by the Plaintiff.

84.     In addition, pursuant to *Cal. Penal Code* § 637.2(b), Plaintiff seeks to enjoin and restrain the Defendants from any present and future violation of *Cal. Penal Code* § 632 et seq, and seeks damages as provided by *Cal. Penal Code* § 632(a) for bringing such an action.

85.     Plaintiff is informed and believes that the Defendants have recorded, copied and disseminated in access of one thousand (1000) confidential and privileged telephone calls, notwithstanding that during said and continued period of time, Defendants were under two Superior Court Orders to cease and desist said taping of the Plaintiff's confidential and privileged telephone call, which Defendants have and continue to ignore.

86.     Plaintiff alleges that the described acts and omission of the Defendants, and each of them, also violated the U.S. Const. *Fourth Amendment* in that said Defendant did not seek nor obtain a search and seizure warrant authorizing them to listen, record, duplicate and distribute said confidential and private information.

87.     Plaintiff alleges that the Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

### FIFTH CAUSE OF ACTION

### Title 42 United States Code § 1983

### Violation of the Right of Free Exercise and Enjoyment of Religion under Art I,

### § 4 of the California Constitution

### By Plaintiff Garcia Against All Defendants

88.     Plaintiff Garcia restate and incorporate by reference the foregoing ¶¶ 1 through 87 of this complaint as if set forth in full at this point.

89.     Plaintiff is informed and believes that commencing from the time of his pre-trial confinement and continuing through the filing of this First Amended Complaint, Defendants unlawfully invaded, molested,  infringed and encroached upon his constitutional and statutory protected right to privacy, by listening, reviewing, duplicating,  and  disseminating to third parties, clergy-penitent telephone communications between Plaintiff and his religious adviser(s).

90.     Plaintiff is informed and believes that the Defendants have recorded, copied and disseminated in access of hundreds of  clergy-penitent telephone communications between Plaintiff and his religious adviser(s), notwithstanding that during said and continued period of time, Defendants were under a Superior Court Order to cease and desist said taping of the Plaintiff's clergy-penitent telephone communications between Plaintiff and his religious adviser(s), which Defendants have and continue to ignore.

91.     Plaintiff alleges that the described acts and omission of the Defendants, and each of them, also violated the *U.S. Const. Fourth Amendment* in that said Defendant did not seek nor obtain a search and seizure warrant authorizing them to listen, record, duplicate and distribute said confidential and private information.

92.     Plaintiff alleges that the Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## SIXTH CAUSE OF ACTION

### Title 42 United States Code  § 1983

### Deprivation of Due Process of Law or Denied Equal Protection of the Laws

### under Art I, § 7(a) of the California Constitution

### By Plaintiff Garcia Against All Defendants

93.    Plaintiff Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 92 of this complaint as if set forth in full at this point.

94.    Plaintiff alleges that *Cal. Const*. Art. I, § 7(a), prohibits state action which denies to any person the "equal protection of the law." Its purpose is to secure every person against intentional and arbitrary discrimination by state officials, whether brought about by the express terms of a statute or by its improper enforcement by duly constituted state agents. (*Murguia v. Municipal Court*, 15 Cal. 3d 286, 297 [124 Cal. Rptr. 204, 540 P.2d 44]).

95.    Plaintiff alleges that *Cal. Penal Code* § 632 et seq., guarantees that all persons confined, controlled or in the custody of law enforcement through incarceration, are guaranteed the constitutional and statutory right to telephonically freely speak with his/her lawyer and religious adviser(s) without the interference by law enforcement, through the unlawful means of listening, recording and disseminating attorney-client and clergy-penitent telephone conversation.

96.    Plaintiff alleges that the Defendants have established a policy, custom, practice and usage that deprives those persons confined, controlled or in the custody of the Defendants, the protection guaranteed pursuant to Cal. Const. *Art*. I, § 7(a) and *Cal. Penal Code* § 632 et seq.

97.    Plaintiff alleges that said form of practice, usage and custom by the Defendants constitute discrimination on the basis of those poor class of  defendants who cannot afford  bail versus rich class of defendants who can afford bail and are a liberty to telephonically converse with their lawyers and spiritual advisers, without the Defend-

1  ants' monitoring, listening, recording and disseminating their confidential and privileged

2  telephone conversation with the lawyers and spiritual advisers.

3  98.    Plaintiff alleges that the above custom, practice and usage by the Defendants

4  deprives him of due process (monitoring, listening, recording and disseminating their

5  confidential and privileged telephone conversation with the lawyers and spiritual

6  advisers) and equal protection (deliberate invasion of the attorney-client privilege and

7  clergy-penitent confidential telephone conversations) pursuant to *Cal. Const. Art.* I, §

8  7(a) and *Cal. Penal Code* § 632 et seq.

9  99.    Plaintiff alleges that the described acts and omission of the Defendants, and each

10  of them, also violated the *U.S. Const. Fourth Amendment* in that said Defendant did

11  not seek nor obtain a search and seizure warrant authorizing them to listen, record,

12  duplicate and distribute said confidential and private information.

13  100.    Plaintiff alleges that the Defendants are, therefore, jointly and severally liable to

14  Plaintiff in this action.

15  **SEVENTH CAUSE OF ACTION**

16  **Title 42 *United States Code* § 1983**

17  **Refusal to Enforce the Statutes Governing Religious Adviser-penitent Privilege**

18  **under Cal. Const. Art 3, § 3.5(a)**

19  **By Plaintiff Garcia Against All Defendants**

20  101.    Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 99 of

21  this complaint as if set forth in full at this point.

22  102.    Plaintiff is informed and believes that commencing from the time of his pre-trial

23  confinement and continuing through the filing of this First Amended Complaint,

24  Defendants unlawfully invaded, molested,  infringed and encroached upon his

25  constitutional and statutory protected right to privacy, by listening, reviewing,

26  duplicating,    and    disseminating   to   third   parties,   clergy-penitent   telephone

27  communications between Plaintiff and his religious adviser(s).

28

---

103. Plaintiff is informed and believes that the Defendants have recorded, copied and disseminated in access of hundreds of clergy-penitent telephone communications between Plaintiff and his religious adviser(s), notwithstanding that during said and continued period of time, Defendants were under a Superior Court Order to cease and desist said taping of the Plaintiff's clergy-penitent telephone communications between Plaintiff and his religious adviser(s), which Defendants have and continue to ignore.

104. Plaintiff alleges that the described acts and omission of the Defendants, and each of them, also violated the *U.S. Const. Fourth Amendment* in that said Defendant did not seek nor obtain a search and seizure warrant authorizing them to listen, record, duplicate and distribute said confidential and private information.

105. Plaintiff alleges that the Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

**EIGHTH CAUSE OF ACTION**

**Title 42 *United States Code* § 1983**

**Violation of California Penal Code § 11149.4**

**By Plaintiffs Against Defendants STI, SMITH, GTL and OLIVER**

106. Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 105 of this complaint as if set forth in full at this point.

107. *California Penal Code* § 11149.4 pertinently provides:

> Any vendor or employee of a vendor who intentionally discloses information, not otherwise public, which that person knows or should reasonably know was obtained from confidential information, **shall be subject to a civil action for invasion of privacy by the individual to whom the information pertains.**

108. Plaintiffs allege that Defendants STI, SIMTH, GTL and Oliver are vendors governed by *California Penal Code* § 11149.4.

109. Plaintiffs are informed and believe that on said Defendants and each of them, named in this Eighth Cause of Action entered into a written contractual agreement with Defendants County and Department to provide telephone services to inmates in the custody and control of Defendants County and Department.

110.   Plaintiffs are informed that all Defendants named in this Eighth Cause of Action knew that *Cal. Penal Code* § 632 *et seq.*, the U.S. Const. *Fourth Amendment* and the California Constitution prohibited them from listening, recording, copying and disseminating privilege and confidential telephone communications between inmates, their legal team and/or spiritual advisors.

111.   Plaintiff Garcia is informed and believes that said Defendant have heard, copied, duplicated, reproduced and disseminated his confidential and privileged telephone calls with his legal defense team and his religious-adviser in excess of one thousand (1000) calls to unauthorized individuals.

112.   The conduct of these Defendants, and each of them, was willful, knowing, based on a deliberate decision and process; malicious, criminal and unlawful, and effected and implemented to invade, molest, infringe and encroach upon the Plaintiffs' constitutional and statutory protected rights and privileges, in violation of  the attorney-client privileged communications, work-product and religious-adviser/penitent's relationship by reviewing, listening to, duplicating, reproducing, copying, distributing and disseminating privileged and confidential communications and legal documents to others..

113.   Defendants' acts, as aforementioned, were the result and proximate cause of Plaintiffs' severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life. All individual Defendants are, therefore, jointly and severally liable to Plaintiff in this action.

## NINTH CAUSE OF ACTION

### Trespass to Chattel

**By Plaintiff  Garcia Against Defendants County, Pacheco, and DiMaria**

114.   Plaintiff Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 113 of this complaint as if set forth in full at this point.

/ / /

/ / /

---

*Garcia vs. The County of Riverside, et al.*      **First Amended Complaint for Civil Rights**
Case No.:   **ED CV 11 - 00034 VAP(OP)**      Page 24 of 44      **Violations and Damages**

115. This cause of action is brought on behalf of Plaintiff Garcia by and through his legal counsels, be entitled to bring this cause of action, and is set forth herein to redress the Trespass to Chattel by Defendants County, Pacheco, and DiMaria.

116. On or about March 13th, 2009, Defendants County, Pacheco, and DiMaria ordered the apprehension and arrest of Plaintiff Garcia. Without a search and seizure warrant law enforcement personnel under the direction of Defendants County, Pacheco, and DiMaria arrested Plaintiff Garcia and seized proprietary and confidential electronic data retention storage equipment (i.e. 42 X-box hard drives) containing certain trade secrets, hereinafter "program[1]" belonging to Plaintiff Garcia.

117. Plaintiff Garcia alleges that based on a report prepared by Defendant Sniff's investigator Pemberton (Off. ID. 3403) the 'program' estimated value is approximately two-hundred million ($200,000,000.00) dollars. (See Inv. Pemberton's Rpt[2]. pg 6 of 10, ¶ 3)

118. Plaintiff Garcia has made several demands to Defendants County, Pacheco, through Defendant DiMaria, who has and continue to acknowledge that said "program" belongs to Plaintiff Garcia, but she refuses and continue to refuse to release it to either Plaintiff Garcia, or his attorney.

119. The aforementioned conduct of Defendants County, Pacheco, and DiMaria is and was at all times mentioned herein intentional and resulted in depriving Plaintiff Garcia of property or legal rights or otherwise causing injury, and subjected Plaintiff Garcia

---

[1]Plaintiff Garcia has created a program that would be very useful to Law Enforcement and other government agencies to track down child sex offenders. The program would assist in evaluating threat levels based on who is viewing child pornography, how much and so forth.

[2]Presently said Report is under seal of court, and Plaintiff Garcia will at the request of the assigned judge to this action, seek another to allow said assigned judge to review said investigation report in camera. Plaintiff Garcia is informed and believe that said report contains sensitive information that could jeopardize the safety of deputies, detainees and inmates alike if it was made public.

1   to a cruel and unjust hardship in conscious disregard of Plaintiff Garcia's rights so as
2   to justify an award of exemplary and punitive damages.

3   **TENTH CAUSE OF ACTION**

4   *Title 42 United States Code § 1983*

5   **POLICY, PRACTICE OR PROCEDURE**

6   **By Plaintiffs Against Defendants County, Pacheco, Department, Sniff, STI,**

7   **Smith, GTL and Oliver**

8   120.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 119 of
9   this complaint as if set forth in full at this point.

10   121.   Defendant County has a policy, practice, and/or custom that encourages or allows
11   Pacheco, Department, Sniff, STI, Smith, GTL and Oliver and their employees to
12   intentionally, or with reckless disregard for the rule of law, the constitutionally and
13   statutory protected rights of Plaintiff Garcia as a detainee in regards to his professional
14   relationship with his defense team and religious adviser as stated in the above ¶ 22.

15   122.   This policy, practice, and/or custom of Defendants County, Pacheco, Department,
16   Sniff, STI, Smith, GTL and Oliver caused or contributed to a violation of the Plaintiffs,
17   and each of them, constitutional rights to due process under the ***Fourth***, ***Fifth*** and
18   ***Fourteenth Amendments*** to the United States Constitution and Plaintiff Garcia's rights
19   as an accused under the ***Sixth*** and ***Fourteenth Amendments*** to the United States
20   Constitution.

21   123.   This policy, practice, and/or custom was implemented and controlled by
22   Defendants Pacheco, Department, and Sniff, who are and were at all times mentioned
23   herein policymakers for Defendant County.

24   124.   Defendants County, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver
25   were deliberately indifferent to the fact that this policy, practice, and/or custom would
26   deprive the Plaintiffs, and each of them, of their rights to due process under the ***Fifth***
27   and ***Fourteenth Amendments*** to the United States Constitution and Garcia's rights as

28

1    an accused under the **Sixth** and **Fourteenth Amendments** to the United States

2    Constitution.

3    125.    Indeed, the Defendants County, Pacheco, Department, Sniff, STI, Smith, GTL

4    and Oliver knew or should have known that their subordinate remaining Defendants,

5    including Defendants, acting as "state-actors", were listening, recording, duplicating,

6    discussing, distributing and disseminating attorney-client and religious adviser/penitent

7    confidential and privileged telephone calls without the Plaintiffs' knowledge or

8    approval, to unauthorized individuals.

9    126.    Plaintiffs alleges that nevertheless, Defendants County, Pacheco, Department, and

10    Sniff approved, acquiescence, and/or encouraged these actions by, among other things,

11    failing to adequately punish their subordinate remaining Defendants, excluding

12    Defendants GTL and Oliver, responsible for said constitutionally and statutory

13    violations.

14    127.    Defendants County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver

15    ere deliberately indifferent to the rights of the Plaintiffs, and each of them. Defendants

16    County, Supervisors, Pacheco, Department, Sniff, GTL and Oliver's failure to train and

17    supervise resulted in the violation of Plaintiffs' rights to due process under the **First**,

18    **Fourth**, **Fifth** and **Fourteenth Amendments** to the **United States Constitution** and

19    Plaintiff Garcia's rights as an accused under the **Fourth**, **Fifth**, **Sixth** and **Fourteenth**

20    **Amendments** to the **United States Constitution**.    Plaintiffs, and each of them have been

21    damaged as a result.

22                         **ELEVENTH CAUSE OF ACTION**

23                         **Failure to Train And/or Supervise**

24    **By Plaintiffs Against Defendants County, Pacheco, Department, Sniff, STI,**

25                              **Smith, GTL and Oliver**

26    128.    Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 127 of

27    this complaint as if set forth in full at this point.

28

---

*Garcia vs. The County of Riverside, et al.*        **First Amended Complaint for Civil Rights**
Case No.:  **ED CV 11 - 00034 VAP(OP)**     Page 27 of 44        **Violations and Damages**

129.  Defendants County, Supervisors and Pacheco failed to adequately train and/or supervise Defendants Senior DAs, DiMaria, and Blanck concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of telephone communications arising from factors of the attorney-client and religious-adviser privilege and attorney-work product doctrine confidential documents.

130.  Defendants County, Supervisors, Department, and Sniff failed to adequately train and/or supervise Defendants Eaglin, Tesinsky, Hughes, Navarro, Brandes, Shumway and Cassandra Morrow concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of telephone communications arising from factors of the attorney-client and religious-adviser privilege and attorney-work product doctrine confidential documents.

131.  Defendants STI, Smith, GTL and Oliver failed to adequately train and/or supervise their subordinates, concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of telephone communications arising from factors of the attorney-client and religious-advisor privilege.

132.  Defendants County, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver also maintained a system of grossly inadequate training and/or supervision pertaining to the law of filing authorizing and supervising authorized law enforcement personnel accessing the telephone system, in that Defendants County, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver did not mandate verification that telephone communications arising from factors of the attorney-client and religious-adviser privilege were not being invaded, heard, copied, duplicated and transferred to CDs were they could be removed from said secured area and disseminated to third parities, nor did Defendants County, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver mandate any of their employees to seek and obtain a search warrant to access telephone communications arising from factors of the attorney-client and religious-adviser privilege which would then be placed under seal and delivered to the trial presiding

1 judge for an in camera inspection or delivered to a special master, as required applicable

2 federal and state laws on cases arising from a pending criminal prosecution.

3 133.   The need for such training and supervision was obvious to Defendants County,

4 Pacheco, Department, Sniff, STI, Smith, GTL and Oliver , since at least two (2) prior

5 Superior Court Orders had issued directing said Defendants to cease and desist such

6 practice, invasion and intrusion of telephone communications arising from factors of the

7 attorney-client and religious-adviser privilege.

8 134.   The failure to train and supervise was an official policy of the Defendants County,

9 Supervisors, Pacheco, Department, Sniff, GTL and Oliver. It was implemented and

10 controlled by Defendants, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver ,

11 policymaker for the Defendants County, Supervisors.

12 135.   Defendants County, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver

13 were deliberately indifferent to the rights of the Plaintiffs, and each of them. Defendants

14 County, Pacheco, Department, Sniff, STI, Smith, GTL and Oliver's failure to train and

15 supervise resulted in the violation of Plaintiffs' rights to due process under the *First*,

16 *Fourth*, *Fifth* and *Fourteenth Amendments* to the *United States Constitution* and

17 Plaintiff Garcia's rights as an accused under the *Fourth*, *Fifth*, *Sixth* and *Fourteenth*

18 *Amendments* to the *United States Constitution*.  Plaintiffs, and each of them have been

19 damaged as a result.

## TWELFTH  CAUSE OF ACTION

### Interference with Prospective Economic Advantage

### By Plaintiff  Garcia Against Defendants County, Supervisors,

### Pacheco, and DiMaria

24 136.   Plaintiffs restate and incorporate by reference the foregoing ¶¶ 1 through 135 of

25 this complaint as if set forth in full at this point.

26 137.   On or about March 13th, 2009, Defendants County, Pacheco, and DiMaria

27 ordered the apprehension and arrest of Plaintiff Garcia. Without a search and seizure

28 warrant law enforcement personnel under the direction of Defendants County,

1  Supervisors, Pacheco, and DiMaria arrested Plaintiff Garcia and seized proprietary and

2  confidential electronic data retention storage equipment (i.e. 42 X-box hard drives)

3  containing certain trade secrets, hereinafter "program" belonging to Plaintiff Garcia.

4  138.   Plaintiff Garcia alleges that based on a report prepared by Defendant Sniff's

5  investigator Pemberton (Off. ID. 3403) the 'program' estimated value is approximately

6  two-hundred million ($200,000,000.00) dollars. (See Inv. Pemberton's Rpt. pg 6 of 10,

7  ¶ 3)

8  139.   Plaintiff Garcia has made several demands to Defendants County, Pacheco,

9  through Defendant DiMaria, who has and continue to acknowledge that said "program"

10  belongs to Plaintiff Garcia, but she refuses and continue to refuse to release it to either

11  Plaintiff Garcia, or his attorney.

12  140.   The aforementioned conduct of Defendants County, Pacheco, and DiMaria is and

13  was at all times mentioned herein intentional and resulted in interfering with Plaintiff

14  Garcia's prospective economic advantage or legal rights or otherwise causing injury,

15  and subjected Plaintiff Garcia to a cruel and unjust hardship in conscious disregard of

16  Plaintiff Garcia's rights so as to justify an award of exemplary and punitive damages.

17  ### THIRTEENTH CAUSE OF ACTION

18  ### *Title* 42 *United States Code* § 1983

19  ### Violation of Title 42 United States Code § 2000cc et seq

20  ### Interference with Religious Practices

21  ### By Plaintiff Garcia Against All Defendants

22  141.   Plaintiff restates and incorporates by reference the foregoing ¶¶ 1 through 140 of

23  this complaint as if set forth in full at this point.

24  142.   *Title* 42 *United States Code* § 2000cc–1(a) provides for the protection of

25  religious exercise of institutionalized persons which in relevant and pertinent parts

26  mandates: *Title* 42 *United States Code* § 2000cc-5(7)(A)defines the term "religious

27  exercise" includes any exercise of religion, whether or not compelled by, or central to,

28  a system of religious belief.

**"No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person . . ."** (Emphasis added)

143.  Garcia alleges that Defendants County, Supervisors, Department and Sniff, and each of them, are recipients of federal subsidy and therefore are subject to certain statutory mandates as provided under ***Title* 42 *United States Code*** § 2000cc et seq., arising from the religious and religious practices and exercise of said religious practices.

144.  Garcia alleges that Defendants County, Supervisors, Department and Sniff, and each of them, conspired and acted in concert with each other and Defendants STI, Smith, GTL and Oliver, to deny Garcia his civil rights and statutory rights imbedded in ***Title* 42 *United States Code*** 2000cc–1(a) et seq., by infringing, interfering, listening, reducing onto CDs, reproducing said CDs, distributing and disseminating said CDs which contained confidential and privileged religious and religious confession and guidance by Plaintiff Reverend Plaintiff Roe to Plaintiff  Garcia, to unauthorized individuals.

145.  Garcia alleges that Defendants' wilful, egregious and intentional conduct resulted in the violation of Garcia's right to due process under the ***First***, ***Fourth***, ***Fifth*** and ***Fourteenth Amendments*** to the United States Constitution and Garcia's rights as an accused under the ***Fourth***, ***Fifth***, ***Sixth*** and ***Fourteenth Amendments*** to the United States Constitution.  Plaintiffs, and each of them have been damaged as a result.

146.  Garcia alleges that the conspiratorial purpose was to deny Garcia, among other protected rights, entitlements, benefits and immunities of his, (a) fundamental constitutional and statutory freedom of professional association under the provisions, practice and custom of the attorney-client and religious-advisor confidential and privileged relationship; (b) fundamental right to due process arising from factors of the illegal search and seizure of privileged and confidential attorney-client, work-product doctrine and religious-adviser telephone conversations and documents; and (c) fundamental right to equal protection of the law arising from factors of the illegal search

1  and seizure of privileged and confidential attorney-client, work-product doctrine and

2  religious-advisor/penitent telephone conversations and documents.

3  147.  Garcia alleges that the conspiracy, as it developed, also emerged to protect the

4  participants in the unofficial "shadow justice" system that operates in Defendants

5  County, Department, District Attorney's Office and detention centers within said

6  Defendant County's jurisdiction and venue.

7  148.  Garcia alleges that all individual Defendants, other than those acting in their

8  official capacity for the State of California, insinuated themselves into the conspiracy

9  and metamorphosed the private actors into State actors.

10  149.  This action took the form of involvement in some or all of Plaintiff Garcia's

11  associates with his religious adviser.

12  150.  Garcia alleges that the Defendants County, Supervisors, Department, Sniff, and

13  each of them, in some intentionally manner, planned, implemented the execution to

14  interfere with Garcia's exercise and enjoyment of his clear and established rights

15  secured by the State and Federal Constitutions or laws of the United States and/or the

16  State of California, and thereby deprived Garcia of those rights and caused him injuries.

17                     **PRAYER FOR RELIEF AND JUDGMENT**

18         **WHEREFORE**, Plaintiff demands judgment against all the Defendants jointly

19  and severally, as follows:

20         **FIRST AND TWENTIETH CAUSE OF ACTION:**

21         **ACTUAL DAMAGES**

22               i.       In the amount to be determined at time of trial.

23         **STATUTORY DAMAGES**

24               ii.      Of at least five thousand ($5,000)  per incident pursuant to

25  *California Penal Code* 637.2, which are not limited to:

26                      (1)    Approximately one hundred (1000) separate incidents in the

27  amount of five thousand ($5,000) dollars per incident totaling releases to approximately

28  sixteen (16) unauthorized individuals and entities for the sub-total of approximately

---

eighty million ($80,000,000.00) dollars, per Defendants (eighteen (18)

Defendants), for an approximate total amount of one billion, four hundred and forty-four

million ($1,440,000,000) dollars.

**GENERAL DAMAGES** ■ In the amount to be determined at time of trial.

**SPECIAL DAMAGES** ■ In the amount to be determined at time of trial.

**COMPENSATORY DAMAGES** ■ In the amount to be determined at time

of trial.

**PUNITIVE DAMAGES** ■ Punitive damages in the amount in excess of fifty

million ($50,000,000.00) dollars

**ADDITIONALLY** ■ Plaintiffs seek an order from the Court referring the

above aforementioned federal civil rights violations to the United States Attorney

General/Office Of Civil Rights Criminal Division for investigation.

■ Plaintiffs seek an order from the Court referring the above

aforementioned federal civil rights violations to the California Department of Justice in

accordance with *California Penal Code* § 422.7 (Commission of a crime for the

purpose of interfering with another's exercise of civil right)

■ Declare that Defendants are not in compliance with and

in violation of *California Penal Code* § 632 *et seq.,*with respect to having attorney-

client and religious-adviser's confidential and privileged telephone communications

records, listened to; copied and disseminated to unauthorized individuals;

■ Declare that Defendants are not in compliance with and

in violation of *Title* 42 *United States Code* § 2000cc *et seq.,*with respect to having

religious-adviser's confidential and privileged telephone communications records,

listened to; copied and disseminated to unauthorized individuals;

■ Enjoin Defendants, their agents and successors in office,

and all persons acting in concert with any of them from failing or refusing promptly to

comply with the requirements of *California Penal Code* § 632 *et seq* and *Title* 42

*United States Code* § 2000cc *et seq.*;

1          ■ Command Defendant GTL to input all telephone numbers

2 of attorneys registered with the State Bar of California into their telephone system

3 forthwith on all systems presently active under contract or otherwise in the State of

4 California, and command Defendant GTL that it, its agents and successors in office, and

5 all persons acting in concert with any of them not to install any new telephone system

6 in a penal or detention institution whether federal or state without the aforementioned

7 attorneys' telephone number feature;

8          ■ Order the Defendants, their agents and successors in

9 office, and all persons acting in concert with any of them to forthwith cease and desist

10 any taping, listening, duplicating, disseminating or monitoring of any attorney-client and

11 religious-adviser's confidential and privileged telephone communications in any and all

12 of their penal or detention institutions;

13          ■ Order Defendants, their agents and successors in office

14 and all persons acting in concert with any of them promptly to develop a plan, within

15 ten days (10) days upon the issuance of this Court's order, to remedy the demonstrated

16 violation of *California Penal Code* § 632 *et seq* and *Title* 42 *United States Code* §

17 2000cc *et seq.*;

18          ■ Order pursuant the exclusive jurisdiction of Article III

19 Judge in accordance with *Title* 42 *United States Code* § 2000cc *et seq.*, the trial Judge

20 or successor in office in the County of Riverside Superior Court Criminal Matter entitled

21 *People v. Garcia, et al.*, Indio Superior Court Case No.: **INFO64492** to seal all records

22 regarding any telephone communication between Plaintiff Garcia and his religious

23 advisers, including Reverend Plaintiff Roe, and to strike from the record all reference

24 thereto, and unless this Court finds upon good cause that Plaintiff Garcia has waived

25 such a protection, Defendants and the trial court shall not mention, discuss, reveal or

26 make public or otherwise the contents of any said telephone conversations between

27 Plaintiff Garcia and his religious advisers, including Reverend Plaintiff Roe

28

---

1  **COST AND ATTORNEYS' FEES** ■ The costs of this action, including
2  attorney's fees. (*Title* 42 *United States Code* § 1988)
3  **OTHER RELIEF** ■ Such other relief deemed to be just and equitable.
4  **SECOND THROUGH THIRTEEN CAUSES OF ACTION:**
5  **ACTUAL DAMAGES** ■ In the amount to be determined at time of trial.
6  **GENERAL DAMAGES** ■ In the amount to be determined at time of trial.
7  **SPECIAL DAMAGES** ■ In the amount to be determined at time of trial.
8  **COMPENSATORY DAMAGES** ■ In the amount to be determined at time
9  of trial.
10 **PUNITIVE DAMAGES** ■ Punitive damages in the amount in excess of fifty
11 million ($50,000,000.00) dollars
12 **COST AND ATTORNEYS' FEES** ■ The costs of this action, including
13 attorney's fees. (*Title* 42 *United States Code* § 1988)
14 **OTHER RELIEF**
15      iii.    Such other relief deemed to be just and equitable.
16
17 Dated: *15 Apr 2011*                    Dated: *15 Apr 2011*
18
19
20 JOHN L. RUSSO, *Attorney at Law*       DAVID L. WRIGHT, Attorney at Law
21 Lead Counsel for Plaintiffs Garcia     Local Counsel for Garcia
   and Wright (Pro Hac Vice)
22
23
24
25
26
27
28

---

*Garcia vs. The County of Riverside, et al.*          **First Amended Complaint for Civil Rights**
Case No.: **ED CV 11 - 00034 VAP(OP)**   Page 35 of 44        **Violations and Damages**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1- Plaintiff's Docket Arrest Sheet

*Garcia vs. The County of Riverside, et al.*
Case No.:  **ED CV 11 - 00034 VAP(OP)**   Page 36 of  44

**First Amended Complaint for Civil Rights
Violations and Damages**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Booking Number :200911640 | | | | |
|---|---|---|---|---|
| **Name** | GARCIA, DANIEL CARLOS | | | |
| **Sex** | **Race** | **Date of Birth** | | |
| M | H | 07/27/1982 | | |
| **Age** | **Hair** | **Eyes** | **Height** | **Weight** |
| 28 | BRO | BRO | 5'6" | 150 |
| **Arrest Date** | | | **Arresting Agency** | |
| 03/13/2009 12:00 | | | Transportation | |
| **Booked Date** | | | **Case No.** | |
| 03/13/2009 12:26 | | | INF064492 | |
| **Charge(s)** | 115 F PC OFFR FLS/FORGE INSTRU FI 182(A)(1) F PC CONSP/TO/COMMIT/A/FELONY 182(A)(1) X 2 F PC CONSP/TO/COMMIT/A/FELONY 187(A) F PC MURDER 459 F PC BURGLARY | | | |
| **Bail Amount** | No Bail | | | |
| **Current Facility** | Indio Jail Facility | | | |
| **Housing Unit** | 17I5 | Public Visiting Guidelines | | |
| **Next Court Date** | **Court Name** | | | |
| | | Additional Court Information | | |
| **Release Date** | | | | |

---

*Garcia vs. The County of Riverside, et al.*  
Case No.: **ED CV 11 - 00034 VAP(OP)**   Page 37 of 44

**First Amended Complaint for Civil Rights Violations and Damages**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Exhibit 2 - Hon. Superior Court Judge Douglass

26
27

# Protective Order.

28

*Garcia vs. The County of Riverside, et al.*
Case No.:  **ED CV 11 - 00034 VAP(OP)**    Page 38 of 44

**First Amended Complaint for Civil Rights Violations and Damages**

["

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 3 - Hon. Superior Court Judge Downing Protective Order

*Garcia vs. The County of Riverside, et al.*
Case No.:  **ED CV 11 - 00034 VAP(OP)**   Page 40 of  44

**First Amended Complaint for Civil Rights
Violations and Damages**

INF064492 - Minutes - Desert Criminal & Traffic

Page 1 of 1

## Minutes

| Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation |
| Case Report | Fine Info | Images | | | | |

Open Quick Search

Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS

Defendant 4 - GARCIA, DANIEL CARLOS Of 6

Action: Hearing on Motion Re: PROTECTIVE ORDER AGAINST REC - 06/18/2010

Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS

Action: Hearing on Motion Re: PROTECTIVE ORDER AGAINST RECORDING CALLS.

Date: 06/18/2010

Time: 8:30 AM

Defendant Status: Active

Division: 1B

Hearing Status: DISPOSED

HONORABLE DAVID B DOWNING PRESIDING.
COURTROOM ASSISTANT: KRH-K. HINOS
COURT REPORTER: JLM-JACKIE LENORE MUSSELMAN
PEOPLE REPRESENTED BY DEPUTY DISTRICT ATTORNEY: DDA L. DIMARÍA.
DEFENDANT REPRESENTED BY PRO PER.
DEFENDANT PRESENT.
INVESTIGATOR LUIS BOLANOS AND DETECTIVE SIMON MIN PRESENT IN COURT.
MOTION BY THE DEFENDANT REGARDING PROTECTIVE ORDER RE: CALLS IS CALLED FOR HEARING.
MOTION GRANTED,
FROM THIS DAY FORWARD AS TO THE PARTIES LISTED
IN THE MOTION WITH THE EXCEPTION OF PASTOR
MICHAEL SCHIEFELBEIN WHICH THE DEFENDANT HAS
WITHDRAWN
DEFENDANT ORDERED TO RETURN ON ANY AND ALL FUTURE HEARING DATES.
BAIL TO REMAIN AS FIXED.
REMAINS REMANDED TO CUSTODY OF RIVERSIDE SHERIFF.
MINUTE ORDER PRINTED TO INDIO JAIL.
SAVE MINUTE ORDER TO CASE
MINUTE ORDER OF COURT PROCEEDING
COURT REPORTER TRANSCRIPT REQUESTED BY THE DEFENDANT FOR PROCEEDINGS DATED 06-18-10, IS ORDERED PREPARED AT COUNTY TREASURY EXPENSE.
MINUTE ORDER OF COURT PROCEEDING

http://10.33.6.51/openaccess/CRIMINAL/minute.asp?courtcode=B&casenumber=INF06... 10/18/2010

*Garcia vs. The County of Riverside, et al.*
Case No.: **ED CV 11 - 00034 VAP(OP)** Page 41 of 44

**First Amended Complaint for Civil Rights Violations and Damages**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 4 - Contract between Defendants County,

# Supervisors, Department, Sniff and GTL

*Garcia vs. The County of Riverside, et al.*
Case No.:  **ED CV 11 - 00034 VAP(OP)**

**First Amended Complaint for Civil Rights**
**Violations and Damages**

1

2

3

**SUBMITTAL TO THE BOARD OF SUPERVISORS**
**COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**  9 06

4

**FROM:** Stanley Sniff, Sheriff-Coroner-PA

**SUBMITTAL DATE:**
March 9, 2009

5

**SUBJECT:** APPROVAL OF THE AGREEMENT WITH GLOBAL TEL*LINK CORPORATION TO PROVIDE INMATE TELEPHONE SERVICES IN COUNTY DETENTION FACILITIES

6

**RECOMMENDED MOTION:** That the Board of Supervisors:

7

1. Approve the agreement with Global Tel*Link for three (3) years, plus an option to renew for two (2) one-year renewal periods, for a total of five years, in accordance with Ordinance 459.4, and;
2. Authorize the Purchasing Agent to sign amendments and exercise renewal options.

8

9

10

11

**BACKGROUND:** The County has been providing a reliable and secure telephone service to inmates at the lowest possible cost to them and their families. The Sheriff's Department currently contracts with Global Tel*Link Corporation for automated telephone services to inmates in seven separate adult detention facilities in the County of Riverside. Currently, the jail system intakes approximately 61,000 inmates annually and these inmates use this telephone system to complete approximately 851,198 calls per year totaling 9,325,270 minutes. Global Tel*Link Corporation will provide and install the telephone software tracking system and phones for all County correctional facilities operated and controlled by the Riverside County Sheriff's Department at no cost to the County.

12

**(Continued on Page 2)**
**BR 09-077**

13

14

(Will Taylor)

Stanley L. Sniff, Jr.
Sheriff-Coroner-PA

15

| **FINANCIAL DATA** | Current F.Y. Total Cost: | NA | In Current Year Budget: | Yes |
| | Current F.Y. Net County Cost: | NA | Budget Adjustment: | No |
| | Annual Net County Cost: | NA | For Fiscal Year: | FY 08/09 |

16

| **SOURCE OF FUNDS:** Contract Revenue | | Positions To Be Deleted Per A-30 | ☐ |

17

| | Requires 4/5 Vote | ☐ |

18

**C.E.O. RECOMMENDATION:**

APPROVE

19

BY:

**County Executive Office Signature**    Steve P. Schubert

20

**MINUTES OF THE BOARD OF SUPERVISORS**

21

On motion of Supervisor Ashley, seconded by Supervisor Buster and duly carried, IT WAS ORDERED that the above matter is approved as recommended.

22

Ayes:    Buster, Tavaglione, Stone and Ashley
Nays:    None
Absent:    Wilson

23

Kecia Harper-Ihem
Clerk of the Board

Date:    MAR 31, 2009    March 31, 2009

24

xc:    Sheriff, Purchasing

By:
Deputy

25

Prev. Agn. Ref.: # 3.120 on 7/29/08 | District: | Agenda Number:

26

Form 11 (Rev 06/2003)

**ATTACHMENTS FILED**
WITH THE CLERK OF THE BOARD

3.39

27

28

---

*Garcia vs. The County of Riverside, et al.*
Case No.:   **ED CV 11 - 00034 VAP(OP)**    Page 43 of 44

**First Amended Complaint for Civil Rights**
**Violations and Damages**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BOARD OF SUPERVISORS**
**FORM 11:** APPROVAL OF THE AGREEMENT WITH GLOBAL TEL*LINK CORPORATION TO PROVIDE INMATE TELEPHONE SERVICES IN COUNTY DETENTION FACILITIES
**PAGE 2**

**BACKGROUND (Continued)**

Global Tel*Link Corporation will pay the County a fixed price of two million dollars ($2,000,000) for the first year of the contract. The yearly payments are to be made in twelve equal monthly installments of $166,667. The first monthly payment is due upon contract execution with subsequent payments every month thereafter. The second and subsequent year payments will be prorated on a baseline inmate population of 3,600, the average population for the preceding calendar year. For example, if calendar year 2009 average jail population is 3,672 (2% increase over 3,600) the second contract year payments would be $2,040,000 (2% increase over $2,000,000). This yearly amount will be adjusted up or down annually on the contract execution date. This money will be deposited in the Inmate Welfare Fund, per the requirements of the State Penal Code Section 4025 (d).

**PRICE REASONABLENESS:** Purchasing released a Request for Proposal, mailing solicitations to one hundred companies and advertising on the County's Internet. Three responses were received with proposals submitted by PCS, Global Tel*Link, and Securus.

The proposals were reviewed by an evaluation team consisting of personnel from Purchasing and the Sheriff's Department. The evaluation team reviewed and scored each proposal based on the bidder's overall responsiveness to the requirements of the scope of service, the ability to perform, software and equipment capability, references, and the overall cost to the inmates for telephone service. Product demonstrations were held at the Purchasing Department and Global Tel*Link was selected as the most responsive/responsible vendor, submitting an annual call cost to the inmates of $2,948,000 with an average call per minute rate of $0.23. Based on nine different types of calls placed by an inmate, the average per minute call rates is $0.21 up to $0.39. The other two bidders proposed annual call charges ranging from $2,872,000 to $5,170,000. The bidder that proposed the average call rate of $0.21 per minute reserved the right to raise his/her costs annually, which will result in higher calling rates to the inmates and his or her families. Therefore, the County elected to select the bidder with firm fixed prices for five years, Global Tel*Link.

In addition, Global Tel*Link agrees to fund two County employees, User Technical Support positions. Global Tel*Link will provide a call monitoring and recording system that records every call made on the system and stores recorded calls for three years online and one additional three year period archived. The technical support personnel will administer this recording system, and upon request by the Sheriff's Department or other law enforcement agencies will analyze call records and transfer calls to CD's. This will relieve jail staff of this responsibility.

**REVIEW/APPROVAL:** Purchasing concurs with this request.

Form 11 (Rev 06/2003)

---