1

**JOHN L. RUSSO**, *Attorney at Law*
Em:   johnlawny@msn.com

2

New York State Bar No.: **2332344**
31 - 01 Broadway, 4th Floor

3

Astoria, New York 11106-2648
Tel:   718.777.1777

4

Fax:   718.777.2737

5

6

**DAVID L. WRIGHT**, *Attorney at Law*
State Bar No.: **189346**

7

Em:   davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, California 92264

8

Tel:   760.969.8800
Fax:   718.777.2737

9

10

Attorneys for Plaintiff

11

Daniel Carlos Garcia

12

13

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

14

15

**DANIEL CARLOS GARCIA,**

*Plaintiff,*

16

vs.

17

**THE COUNTY OF RIVERSIDE;
RODRIC ANTHONY PACHECO;
KELLY PATRICK KEENAN; SARA
LYNN DANVILLE; OTIS STERLING,
III; LISA DIMARIA; BRUCE
BLANCK; STANLEY SNIFF; PAUL
TESINSKY; LINDA HUGHES;
GLOBAL TEL LINK; BRIAN OLIVER**
and **DOES I** thru **25**, *Inclusive,*

18

19

20

21

22

*Defendants.*

23

24

25

26

27

28

Case No.: **ED CV 11 - 00034VAP(OPx)**

## SECOND AMENDED COMPLAINT

**FIRST CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Violation of First Amendment. to the
U.S. Const. 42 U.S.C. §1983*

**SECOND CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Violation of Fourth Amendment to the
U.S. Const. 42 U.S.C. §1983*

**THIRD CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Violation of Fifth Amendment to the
U.S. Const. 42 U.S.C. §1983*

**FOURTH CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Violation of Sixth Amendment to the U.S.
Const. 42 U.S.C. §1983*

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

*Garcia vs. The County of Riverside, et al.*
Case No.: **ED CV 11-00034 VAP (OPx)**

**SECOND AMENDED COMPLAINT**

**FIFTH CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Violation of Fourteenth Amendment to
the U.S. Const. 42 U.S.C. §1983*

**SIXTH  CAUSE OF ACTION
AGAINST ALL  DEFENDANTS BY
GARCIA**
*Violation of  42 U.S.C. §1985(3)*

**SEVENTH CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Denial of California Constitutional
Rights*

**EIGHTH CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*California Penal Code §§ 632 & 637 et
seq.*

**NINTH CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Cal. Civil Code § 51*

**TENTH  CAUSE OF ACTION
AGAINST  GTL,  OLIVER  AND
DOES 1 AND 2 BY GARCIA**
*Invasion of Privacy - violation of
California Penal Code § 11149.4*

**ELEVENTH  CAUSE OF ACTION
AGAINST DEFENDANTS COUNTY,
PACHECO, DEPARTMENT, SNIFF,
GTL AND OLIVER BY GARCIA**
*Failure to Train and/or Supervise
(Canton)*

**TWELFTH CAUSE OF ACTION
AGAINST COUNTY DEFENDANTS
BY GARCIA**
*Monell*

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff, **DANIEL CARLOS GARCIA**, (Garcia) through

his attorneys, John L. Russo and David L. Wright, for causes of action against

Defendants **THE  COUNTY  OF  RIVERSIDE;  RODRIC  ANTHONY**

**PACHECO; KELLY PATRICK KEENAN; SARA LYNN DANVILLE; OTIS**

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

1  **STERLING, III**; **LISA DIMARIA**; **BRUCE BLANCK**; **STANLEY SNIFF**;

2  **PAUL TESINSKY**; **LINDA HUGHES**; **GLOBAL TEL LINK**; **BRIAN**

3  **OLIVER** AND **DOES I** thru **25**, *Inclusive* and complains and alleges as stated

4  hereinafter.

5  ### JURISDICTION - (Federal Questions)

6  1.    Plaintiffs bring this civil action pursuant to Title 42 United States Code §§

7  1983,1985(3) and 1988 and the First, Fourth, Fifth, Sixth and Fourteenth

8  Amendments to the United States Constitution. Jurisdiction is based on Title 28

9  United States Code §§1331, 1343(a)(3)(4), and Title 42 United States Code §

10  2000cc, *et seq.,* and the federal statutory and constitutional provisions cited above.

11  ### (Concurrent Jurisdiction - State Causes of Action)

12  2.    Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to

13  Title 28 United  States Code § 1367, over any and all State Law claims and as

14  against all parties that are so related to claims in this action within the original

15  jurisdiction of this Court that they form part of the same case or controversy.

16  ### (VENUE)

17  3.    Venue is proper in the United States District Court for the Central District of

18  California pursuant to Title 28 United  States Code § 1391(a) because it is the

19  district in which the Plaintiffs' claims arose.

20  ### PARTIES - (PLAINTIFFS)

21  4.    Plaintiff, Daniel Carlos Garcia ("Garcia"), was at all relevant times a resident

22  of Riverside County, California, and a pre-trial detainee in said Riverside County

23  Jail. Garcia is of Hispanic ethnicity, homosexual and a citizen of the United States.

24  ### (DEFENDANTS)

25  5.    Defendant County of Riverside ("County") is a local governmental entity

26  within California. At all relevant times, County operated the several pre-trial

27  detention facilities where Garcia was and continues to be detained.  Garcia allege

28  that County was the employer of Defendants Rodric Anthony Pacheco; Kelly

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

Patrick Keenan; Sara Lynn Danville; Otis Sterling, Iii; Lisa Dimaria; Bruce Blanck; Stanley Sniff; Paul Tesinsky; Linda Hughes.

6.      Defendant Rodric Anthony Pacheco, hereinafter "Pacheco", was at all relevant times District Attorney for County and policy-maker. Upon information and belief, Pacheco was at all relevant times a resident of Riverside County, California. Pacheco is being sued in his official and personal capacity.

7.      Defendants Kelly Patrick Keenan, ("Keenan"); Sara Lynn Danville, ("Danville"); Otis Sterling, III, ("Sterling") were at all relevant times Senior Deputy District Attorney for County.

8.      The Defendants in ¶ 7 will be collectively referred to as "Senior DAs" unless otherwise specified.  Upon information and belief, Senior DAs were at all relevant times residents of Riverside County, California.   Senior DAs are being sued in their official and personal capacities.

9.      Defendant Lisa DiMaria, ("DiMaria") was at all relevant times Deputy District Attorney for County. Upon information and belief, Defendant DiMaria was at all relevant times a resident of Riverside County, California.   Defendant DiMaria is being sued in her official and personal capacity.

10.      Defendant Bruce Blanck, ("Blanck") was at all relevant times an investigator and peace officer, working for the Defendant County at the Office of the District Attorney. Upon information and belief, Blanck was at all relevant times a resident of Riverside County, California.  Defendant Blanck is being sued in his official and personal capacity.

11.      Defendant Stanley Sniff ("Sniff") was at all relevant times Sheriff and peace officer for County and policy-maker. Upon information and belief, Sniff  was at all relevant times a resident of Riverside County, California.   Sniff is being sued in his official and personal capacity.

12.      Defendants Paul  Tesinsky and Linda Hughes, were at all relevant times Senior Deputy Sheriffs and peace officers for Defendant County.

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

13.     The Defendants in ¶ 12 will be collectively referred to as "SDS" unless otherwise specified.  Upon information and belief, Defendants SDS were at all relevant times residents of Riverside County, California.  Defendants SDS are being sued in their official and personal capacities.

14.     Defendant GTL Tel Link, ("GTL") also doing business as DSI-ITI, LLC. Company, Delaware corporation registered to do business in California, and does business in the County of Riverside, California.

15.     Garcia is informed and believes that Defendant GTL manufactures and oversee the maintenance of the "Lazer-Phone®" system, security software features and provides technical services to the aforementioned Defendants.

16.     Garcia is informed and believes and based on written contract entered between GTL, County and Sniff,  acted under color of law by engaging in "joint participation" with County and Sniff in instituting, implementing, administering, maintaining the telephone systems within said County's jails. Garcia is informed and believes that based on said written contract, GTL provides funding for two of Defendant County's employees, for the purpose of monitoring, recording, copying and disseminating recorded telephone calls between the detainees and third parties, including lawyers.  However, GTL provides the technical support to monitor the system and the copying and/or transfer of telephone conversations on CDs. Therefore, GTL is being sued in its official capacity and as a 'state actor" pursuant to the Civil Rights Act of 1964, as amended.

17.     Garcia is informed and believes that Defendant Brian Oliver,("Oliver") was at all relevant times Chief Executive Officer of GTL and policy-maker. Upon information and belief, Oliver  was at all relevant times a resident of Mobile, Alabama.  Oliver is being sued in his official, personal capacity and as a "state actor" pursuant to the Civil Rights Act of 1964, as amended.

18.     Garcia are unaware of the true names and capacities of those Defendants sued herein as DOE Defendants. Garcia will amend this complaint to allege said

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

Defendants' true names and capacities when that information becomes known to them.

19.    Garcia alleges that the named Defendants herein mentioned and  DOE Defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

20.    Garcia alleges that Defendants County, Sniff, and DOES Deputy Sheriff's 1-10, unlawfully and without warrant intercepted and copied privileged/confidential/work-product legal mail and religious/spiritual written communications transmitted through the United States Mail.

21.    In addition, Garcia alleges that said Defendants routinely conducted searches of privileged/confidential/work-product legal documents and religious/spiritual written communications outside his presence.

22.    That said Defendants engaged the assistance of other inmate(s) to act on behalf of the Defendants, and search, retrieve, review and hand over to jail investigator(s) work-product and other confidential and privileged legal documents and communication.

23.    Garcia alleges that said Defendants routinely denied him visits with his attorneys, investigators, and legal runners and conducted warrantless searches and seizures of legal documents from his property box in my cell which were clearly marked as privileged and/or legal mail and/or identified by the attorney's name and title.  That said Defendants failed to transport him to court on at least five (5) occasions depriving him of equal protection afforded to pre-trial detainees, and

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel:  718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

obstructing the administration of justices by depriving him of his presence at said legal hearing.

24.    Garcia alleges that on occasion said Defendants housed him more than hundred (100) miles away from his attorneys, effectively obstructing, infringing, depriving or preventing him from having access to meet with his attorney.

25.    Garcia alleges that on or about December 07th, 2010, two deputies, employees of Defendants County and Sniff threatened his life, by claiming something to the effect, "It would be shame if any of the inmate listed on this stay away form should get hold of you."  Garcia alleges that said threat was made after the two deputies were told by their supervisor that Garcia had complained to the criminal trial judge that said deputies were playing games and watching youtube while on duty, instead supervising the inmates and their activities.

26.    Garcia allege that, at all times mentioned herein, Defendants County, Sniff and Pacheco urged, encouraged, ratified and supported Defendant GTL to profit through an unlawful monopoly with predatory pricing for their phone system, as consideration and/or exchange in the  encouragement and promotion of statutory violations under both Penal Code § 636 *et seq.*, and Title 42 United States Code § 2000cc, *et seq.,* as fully stated herein.  That such acts and omissions by said Defendants, and each of them, constituted an obstruction and interference with Garcia' constitutional, statutory and regulatory protected rights, activities, privileges and immunities, by and not limited to:

a.    Unlawful access to attorney-client confidential/privileged and protected telephone conversations.

b.    Unlawful access to defense experts and consultants.

c.    Unlawful access to religious-adviser and penitent confidential/privileged and protected telephone conversations.

d.    Interference with the statutory right to the attorney-client confidential/privileged and protected communication and relationship.

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

e.  Interference with the statutory right to the religious-adviser and penitent confidential/privileged and protected communication and relationship.

f.  Interference  with  and  obstructing  Plaintiff  Garcia's confidential/privileged and protected rights under the First, Fifth, Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

g.  Interfering and interfering ability to prepare for his defense in a criminal case which potentially could expose him to life without the possibility of parole.

27.  Garcia alleges that each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things herein alleged, was  acting within the scope of such agency, employment and/or conspiracy and with the permission, consent and ratification of other co-defendants.

28.  All Defendants' actions at all relevant times were taken under color of state law and without lawful justification. Acting in the course and scope of their duties and functions as agents and officers of Defendant County, Defendants maintained a pattern and practice of subjecting Garcia to unjustified, invasive, intrusive, and unconstitutional conditions of detainee's confinement.

## EXHIBITS

29.  Garcia incorporate the following Exhibits into this complaint as respectfully referenced hereinafter to wit:

a.  Exhibit 1  Plaintiff's Docket Arrest Sheet

b.  Exhibit 2  Hon. Superior Court Judge Douglass Protective Order.

c.  Exhibit 3  Hon. Superior Court Judge Downing Protective Order.

d.  Exhibit 4  Contract  between  Defendants  County, Supervisors, Department, Sniff and GTL.

e.  Exhibit 5  May 27th, 2011 criminal court hearing transcript, admission by Defendant DiMaria that she listened to confidential/privileged communications as detailed below.

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

## FACTS RELEVANT TO ALL CAUSES OF ACTION

30.    Garcia was arrested on March 09th, 2009 in Sacramento, California, in the case entitled People v. Garcia, et al., Indio Superior Court  Case No.: **INFO64492**.

31.    Garcia is informed and believes that on March 09th, 2009 Defendant GTL entered into a financial and service agreement with Defendants County and Department, the terms of which were, (a) for three (3) years, plus an option to renew for two (2) one-year renewal periods, for a total of five years, in accordance with Ordinance 459.4, and; (b) will pay the Defendant  County a fixed price of two million  ($2,000,000) dollars for the first year of the contract; (c)   the yearly payments are to be made in twelve equal monthly installments of one hundred, sixty-six thousands, six hundred and sixty-seven ($166,667. 00) dollars; (d) the first monthly payment is due upon contract execution with subsequent payments every month thereafter; (e) the second and subsequent year payments will be prorated on a baseline inmate population of 3,600, the average population for the preceding calendar year. For example, if calendar year 2009 average jail population is 3,672 (2% increase over 3,600) the second contract year payments would be two million and forty thousands ($2,040,000) dollars (2% increase over two million ($2,000,000) dollars); (f) this yearly amount will be adjusted up or down annually on the contract execution date. This money will be deposited in the Inmate Welfare Fund, per the requirements of the California Penal Code § 4025 (d); (g) authorize the Purchasing Agent to sign amendments and exercise renewal options; (h) Defendant GTL agreed to fund two (2) County employees, User Technical Support positions; (I)  Defendant GTL agreed to provide a call monitoring and recording system that records every call made on the system and stores recorded calls for three (3) years online and one (1) additional three (3) year period archived; and (j) the technical support personnel will administer this recording system, and upon request by the Sheriff's Department or other law enforcement agencies will analyze call records and transfer calls to CD's. This relieves jail staff of this responsibility.

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

32.     Since March 13th, 2009, Garcia has remained and continues to remain in custody and control of Defendants County and Sniff.  Since his arrest Garcia has and continues to conduct privileged and confidential telephone communications with his attorneys (including Wright and Russo) and his spiritual advisers. In addition, Garcia did and continues to transmit and receive 'legal mail,' and at no time mentioned herein, did Garcia express, imply or actually waive his attorney-client privilege, clergy-penitent privilege and work-product doctrine protection.  Garcia remains in the Indio Jail pending his trial and continues to be exposed and subjected to the aforementioned constitutional, civil rights and statutory violations.

33.     On January 04th, 2010, inmate Mr. John Childs was caught searching Garcia's legal property box and  stealing Garcia's privileged legal documents and providing them to Defendants County and Sniff's Jail investigators. Garcia  and the other nine (9) inmates in that tank found hundreds of stolen legal documents and  handwritten notes pertaining to several high-profile cases in Riverside County, including Garcia's. Garcia alerted jail authorities, who responded by forcibly seizing all of the documents,  armed with tasers and pepper spray. The documents were later reviewed by Defendants County and Defendant Lisa DiMaria.

34.     The  documents seized demonstrated a longstanding agreement between Mr. John Childs and the Sheriff's Department  where he acted as their agent to gather evidence against other inmates with  whom he was housed. Notably, Garcia is informed and believes that Mr. John Childs attempting to testify at the  preliminary hearing in the Zunaga death penalty case however, he ultimately did not testify. It is unknown how many other potential agents of law enforcement may have been housed with Garcia in an effort to gather information for law enforcement and invade, molest and violate Garcia' constitutional and statutory rights, privileges and immunities.

35.     On May 10th , 2010. Garcia was granted in pro se status by Hon. Judge Downing.  As a in pro se defendant, Judge Downing advised Garcia that he would

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

be acting as his own lawyer. By extension this translated to Garcia that he was to coordinate and head his own defense team  and strategy. In order to assist Garcia, the court appointed private investigator Luis Bolanos  to  serve as the investigator, and  appointed a paralegal and a motion writer. In order to divide assignments and insure that defense strategies were implemented, Garcia needed to, and continues to need to, have many calls with the people (hereinafter referred to as "Team"). All of the team members have registered their names and numbers with Defendant GTL as well as Defendant Department. Garcia also has retained attorney David Wright and John Russo to represent him on his civil lawsuits arising out of this case. Defendant DiMaria is well aware of their representation in that attorney Wright has been personally present  at many of the court appearances and Defendant DiMaria has acknowledge of knowing attorney Wright and his representation of Garcia in this action.  In addition, Defendant DiMaria introduced herself to Garcia's civil rights action investigator Mr. Spiteri.  Furthermore, Garcia alleges that Defendant DiMaria was aware that attorney Russo was also present during a couple of hearings.

36.     Garcia has consistently requested that the Indio Jail block privileged numbers for each of  the  members of the Team, pursuant to the jail's inmate orientation handout. Many members of Team, both criminal and civil, have experienced that while on the phone with Garcia they have  heard the recordings indicating that they were being taped. As such, each member of the team re-registered their names and numbers as "privileged" with the Indio Jail, as has Garcia.

37.     On June 04th, 2009, California Superior Court Judge Douglass issued an order prohibiting law enforcement and the District Attorney's Office from listening to Garcia's  privileged and confidential calls.

38.     During the month of May 2010, Plaintiff  Garcia received several CDs from the Defendants containing his privileged and confidential telephone calls.

39.     In January 2010, Defendant DiMaria admitted that she continued to receive copies of Garcia's privileged and confidential calls on CDs.

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

40.     Garcia is informed and believes that it was Defendants DAs who ordered and directed Defendants GTL and Blanck to continue to monitor, record and copy all of Garcia's privileged and confidential telephone communications.   In fact, Garcia is informed and believes that a written order from Defendant DAs was issued  on May 13th, 2010 containing the following statement "**[Mr.] Garcia is now Pro Per and no attorney/client privileged call  need be blocked**."

41.     During the pending criminal proceeding, Garcia alleges that the Defendants released in excess of eleven hundred (1,100) privileged and confidential telephone communications between Garcia and his defense team and spiritual advisor, including copies of Garcia and his attorney's work-product doctrine documents to the other co-defendants, their lawyers and investigators, as well as others.

42.     On June 18th, 2010, California Superior Court Judge Downing, issued another protective/restraining  order,  commanding  and  restraining  the  Defendants  from listening and/or recording  any of Garcia's confidential and privileged telephone calls.

43.     Plaintiff  Garcia is informed and  believes that Defendants Pacheco and his subordinate Defendant Senior DAs, DiMaria and Defendant Blanck instructed, ordered, and directed the Defendant Sniff's employees and GTL to disregard both of  the  aforementioned  protective/restraining  orders  and  Plaintiff    Garcia's constitutionally and statutory protected rights regarding and/or arising from factors of  the  attorney-client  and  spiritual  advisor/penitent  privilege,  and  continue  the practice, and usage to listen, record, copy, duplicate and disseminate to third parties said confidential/privileged and protected communications, including work-product doctrine documents.

44.     As of the filing of this action, Garcia is informed and believes that Defendants continue  to  listen,  record,  copy,  duplicate  and  disseminate  to  third  parties  said confidential/privileged and protected communications.

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

*Garcia vs. The County of Riverside, et al.*        **SECOND AMENDED COMPLAINT**
Case No.:  **ED CV 11-00034 VAP (OPx)**

45.   On November 05th, 2010 Judge Downing, *sua sponte*, allowed Garcia to question an out-of-town witness, Mr. Kevin McNeil, hereinafter "Mr. McNeil" the custodian of records from Defendant GTL as  an initial part of the evidentiary hearing so as to prevent a waste of judicial time and Defendant County's  resources in recalling the witness. Defendants County and DiMaria were not  prepared to cross-examine said witness. Thus, Judge Downing continued the hearing of the motion  and the conducting of the evidentiary hearing and ordered the Mr. McNeil back for further inquiry.

46.   Though the hearing was not complete, two pieces of testimony elicited were:

a.   The  explanation that the tape recorded voice warning of taping, which occurs every 180 seconds, means  that taping is in fact going on.

b.   Mr. McNeil committed perjury when  he testified that the Defendants County, Supervisors, Department and Sniff did not purchase the package containing all of the telephone numbers of lawyers registered with the State Bar because it was too expensive for said Defendants, therefore, Defendant GTL removed those secure numbers.  However, Garcia discovered that, in fact, said Defendants did not pay any money to Defendant GTL for the installation of Defendant GTL's telephone system.

47.   On December 01st, 2010, Plaintiff  Garcia was informed by his defense investigator that another defendant, not associated with the underlying criminal matter and in a different courthouse, in the City of Riverside, obtained copies of the telephone recording from Defendants County, Pacheco, Sniff and GTL.  That upon listening and reviewing the contents of said recordings, it was discovered that some of the recordings were of Garcia   confidential/privileged and protected communications with his lawyers.

48.   Garcia alleges that prior to the filing of this Second Amended he discovered that the County Defendants continue to record confidential/privilege telephone communications between Garcia and his defense team in the criminal action.  However, it has recently been discovered that said Defendants are also recording all

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

telephone communications between the Law Offices of John L. Russo, which includes attorneys Wright and Russo, and their investigator Mr. Spiteri.   Garcia is informed and believes that not only is Defendant DiMaria obtaining copies of said confidential/privileged information but the Defendants' attorneys have been provided with a copy of same.

49.   Garcia alleges he has been provided copies of said confidential/privileged and protected communications, as stated above, listened, copied and disseminated them to third parties.   In particular, in said recordings, legal strategies, the manner in which Garcia's civil attorneys Russo and Wright in this case, were going to prosecute the claims against said Defendants herein.

50.   Garcia further alleges that on May 27th, 2011, during a court hearing before the Judge Downing, Defendant DiMaria admitted she stopped listening to the confidential/privileged penitent/spiritual/religious advisers' telephone conversations after Judge Downing issued his aforementioned restraining order.   Garcia will move to supplement this Second Amended Complaint with a  copy of the May 27th, 2011 hearing as an Exhibit "5" once it has been received.

## FIRST CAUSE OF ACTION

## AGAINST COUNTY DEFENDANTS BY GARCIA

*Violation of First Amendment. to the U.S. Const.  42 U.S.C. §1983*

51.   Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 50 of this complaint as if set forth in full at this point.

52.   Defendants' above-described conduct violated the First Amendment and particularly the acts and omissions of the conspirators, and of the command, supervisory and rank-and-file in ordaining, directing and carrying out the monitoring, recording, duplication, and listening of  confidential/privileged and protected communication between Garcia and his lawyers, and then disseminated same to third parties, not limited to law enforcement, prosecutors, co-defendants and their defense team, without consent of Garcia violated his rights to seek, obtain and secure legal

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

1   counsel or advice, inherent in the guarantees of the First to the United States

2   Constitution.

### SECOND CAUSE OF ACTION

### AGAINST COUNTY DEFENDANTS  BY GARCIA

*Violation of Fourth Amendment to the U.S. Const. 42 U.S.C. §1983*

53.   Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 52 of this complaint as if set forth in full at this point.

54.   Defendants' above-described conduct, and particularly the acts and omissions of those Defendants involved in the unlawful monitoring, recording, duplication, and listening of Garcia's confidential/privileged and protected communication, and then disseminated same to third parties, not limited to law enforcement, prosecutors, co-defendants and their defense team, without consent of Garcia.  In addition, Garcia alleges that the Defendants searched, confiscated, read, reproduced and disseminated to third parties, including those listed above, attorney-client work-product documents.  Therefore, Garcia alleges that the Defendants,  and each of them, whether as individuals or in conspiracy with one another violated his rights violated Garcia's rights to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION

### AGAINST COUNTY DEFENDANTS  BY GARCIA

*Violation of Fifth Amendment to the U.S. Const. 42 U.S.C. §1983*

55.   Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 54 of this complaint as if set forth in full at this point.

56.   Defendants' above-described conduct, and particularly the acts and omissions of those Defendants involved in the unlawful monitoring, recording, duplication, and listening of Garcia's confidential/privileged and protected communication, and then disseminated same to third parties, not limited to law enforcement, prosecutors, co-defendants and their defense team, without consent of Garcia. In addition, Garcia

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

alleges that the Defendants searched, confiscated, read, reproduced and disseminated to third parties, including those listed above, attorney-client work-product documents. Therefore, Garcia alleges that the Defendants, and each of them, whether as individuals or in conspiracy with one another violated his rights violated Garcia's rights to effective and substantive assistance of counsel, as this is central to the concept of fundamental fairness, under the Fifth Amendment to the United States Constitution.

**FOURTH CAUSE OF ACTION**

**AGAINST COUNTY DEFENDANTS BY GARCIA**

*Violation of Sixth Amendment to the U.S. Const. 42 U.S.C. §1983*

57.    Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 56 of this complaint as if set forth in full at this point.

58.    Defendants' above-described conduct, and particularly the acts and omissions of those Defendants involved in the unlawful monitoring, recording, duplication, and listening of Garcia's confidential/privileged and protected communication, and then disseminated same to third parties, not limited to law enforcement, prosecutors, co-defendants and their defense team, without consent of Garcia violated his rights violated Garcia's rights to effective and substantive assistance of counsel, as this is central to the concept of fundamental fairness, under the Sixth Amendment to the United States Constitution.

**FIFTH CAUSE OF ACTION**

**AGAINST COUNTY DEFENDANTS BY GARCIA**

*Violation of Fourteenth Amendment to the U.S. Const. 42 U.S.C. §1983*

59.    Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 58 of this complaint as if set forth in full at this point.

60.    Defendants' above-described conduct, and particularly the custodial maltreatment of Garcia, including but not limited to the conduct described, violated

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

Garcia' rights to equal protection of the laws and to due process of law under the Fourteenth Amendment to the United States Constitution.

## SIXTH  CAUSE OF ACTION

## AGAINST ALL  DEFENDANTS BY GARCIA

### *Violation of  42 U.S.C. §1985(3)*

61.    Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 60 of this complaint as if set forth in full at this point.

62.    Garcia, a homosexual man of Hispanic ethnicity, alleges that the conduct exhibited by all Defendants reveals a pattern, custom and practice which deprived him of equal protection, privileges and immunities, among other things the Defendants interfered, deprived, and impeded him to freely speak and/or telephonically communicate with and/or write his defense lawyers/ consultants/experts and *vis-à-vis*, to prepare for his defense in the aforementioned criminal prosecution and the prosecution of this action before this Court.

63.    Garcia alleges that the Defendants, and each of them, in some manner, conspired to deprive Garcia of equal protection and/or equal privileges and immunities guaranteed pursuant to the  First, Fourth, Fifth and Sixth Amendments to the United States Constitution, and in furtherance of the conspiracy Defendants interfered, deprived, and impeded him of freely speaking and/or telephonically communicating with and/or write his defense lawyers/consultants/experts and *vis-à-vis*, to prepare for his defense in the criminal prosecution and in the prosecution of this action before this Court.

64.    Garcia alleges that the  private conspiracy between the Defendants was designed, approved and implemented with the  intent to deprive Garcia of the equal protection of the laws, and/or of equal privileges and immunities under the laws, on the following known basis:

/ / /

/ / /

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

a.     County Defendants were under two explicit court restraining orders to cease and desist any monitoring, listening, and recording of Garcia's confidential/privileged and protected calls.

b.     Defendants Global Tel, et al, were also aware of the aforementioned two restraining orders, not to monitor, listen, and/or record any of Garcia's confidential/privileged and protected calls.

c.     Defendants continue to violate both the aforementioned two restraining orders, and California Penal Code § 636 et seq., which makes it a felony to record confidential/privileged and protected calls. Garcia is informed and believes that from the inception of the unlawful conduct described above by the Defendants, they have presumably committed in excess of eleven hundred (1,100) felonies, in this particular and specific case.

65.     Garcia alleges that the aforementioned interference, deprivation, and impediment resulted in a constitutional and psychological injury, which includes and is not limited to, invasion of the attorney-client privilege, invasion of the penitent-clergy privilege, invasion of the work-product doctrine protection.

66.     Garcia alleges that as of the filing of the Second Amended Complaint Judge Downing has ruled, as a matter of fact and law, that law enforcement has listened to Garcia's aforementioned confidential/privileged and protected telephone conversations. Furthermore, Defendant DiMaria, as recent as May 27th, 2011, admitted in open court, when asked by Judge Downing if she had listened to privileged or protected telephone calls, she replied something to the effect, "I stopped listening once you issued your order." However, Garcia alleges that Defendant DiMaria has released copies of Garcia's conversations with attorney John L. Russo (NY); attorney David L. Wright (CA), and their investigator Chuck A. Spiteri (NY/CA), in this action.

67.     Garcia alleges that the acts and omissions of the Defendants violated Title 42 United States Code § 1985(3).

JOHN L. RUSSO, Esq
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, Esq
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

68.     Garcia alleges that as of the filing of this Second Amendment Complaint he is uncertain as to what extent he has been injured, but will seek to amend once ascertained.

### SEVENTH CAUSE OF ACTION
### AGAINST COUNTY DEFENDANTS  BY GARCIA
*Denial of California Constitutional Rights*

69.     Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 68 of this complaint as if set forth in full at this point.

70.     The above-described actions of defendants denied Garcia his right of privacy and to freely speak/telephonically communicate and write and *vis-à-vis* with his defense lawyers/consultants, to prepare for his defense in the aforementioned criminal prosecution and the prosecution of this action before this Court, to due process of law and equal protection of the laws, and to be free from unreasonable searches and seizures as provided by the California Constitution, article I § 1 which pertinently states, "All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy"; § 2(a) which pertinently states, "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech . . . "; § 3(a) which pertinently states, "The people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good,"; § 7(a) which pertinently states, "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws"; and § 13 which states, "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

1    the persons and things to be seized."

2    71.    As a direct and proximate result of said denials of Garcia's state constitutional

3 rights, Garcia has and continues to suffer general and special damages in an amount

4 to be proven at trial.

5 **EIGHTH CAUSE OF ACTION**

6 **AGAINST COUNTY DEFENDANTS  BY GARCIA**

7 *California Penal Code §§  632 & 637 et seq.*

8    72.    Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 71

9 of this complaint as if set forth in full at this point.

10    73.    Cal. Penal Code § 632(a) provides, that:

11      "Every person who, without permission from all parties to the
conversation, eavesdrops on or records, by means of an electronic

12      device, a conversation, or any portion thereof, between a person who is
in the physical custody of a law enforcement officer or other public

13      officer, or who is on the property of a law enforcement agency or other
public agency, and that person's attorney, religious adviser, or licensed

14      physician, is guilty of a felony."

15    74.    Garcia alleges that he did not give permission to the Defendants to monitor

16 and/or record any of his confidential/privileged and protected telephone

17 conversations with his attorneys and religious advisers.  On the contrary, upon

18 discovering same, Garcia moved for a restraining order which was granted on two

19 separate occasions by two different California Superior Court Judges, as explained

20 above.

21    75.    Cal. Penal Code § 632(a) provides, that:

22      Every person not a party to a telegraphic or telephonic
communication who willfully discloses the contents of a telegraphic or

23      telephonic message, or any part thereof, addressed to another person,
without the permission of such person, unless directed so to do by the

24      lawful order of a court, is punishable by imprisonment in the state prison,
or in the county jail not exceeding one year, or by fine not exceeding five

25      thousand dollars ($5,000), or by both fine and imprisonment.

26    76.    Garcia alleges that not only the Defendants did not have an order of a court"

27 (supra) to  disclose the contents of the aforementioned confidential/privileged and

28

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

protected telephone conversations but were under two separate restraining order not to as stated above.

77.     Cal. Penal Code § 637.2(a) provides, that:

"Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:

(1)     Five thousand dollars ($5,000).

(2)     Three times the amount of actual damages, if any, sustained by the plaintiff.

(b)     Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).

(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

78.     Garcia is informed and believes that Defendants have monitored, listened, copy and distributed over eleven hundred (1,100) of his calls between his attorneys and his religious advisers.

**NINTH CAUSE OF ACTION**

**AGAINST COUNTY DEFENDANTS BY GARCIA**

*Cal. Civil Code § 51*

79.     Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 78 of this complaint as if set forth in full at this point.

80.     Defendants' above-described conduct, and all of it,  constitutes interference by threats, intimidation and coercion of rights, as explained below, secured by the Constitution and laws of the United States and by the Constitution and laws of the State of California in violation of Civil Code § 51, which pertinently states, "(b) All persons within the jurisdiction of this state are free and equal, and no matter what their ancestry, national origin . . . or sexual orientation are entitled to the full and

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."   Garcia is a homosexual and of Hispanic ethnicity, culture and values.  Garcia alleges that was entitled to the privilege guarantee to others similarly situated.   Garcia alleges that Defendants  deprive him the statutory rights, privileged and accommodations which would have otherwise protected his confidential/privileged communication with this lawyers and defense team.    In addition, Garcia alleges the Defendants deprived him of the statutory protection and privilege of the attorney-work product when without his consent unlawfully cease, reviewed, copied and disseminated said protected written communication between him and his lawyers and his defense team.

81.    Among other things, Garcia alleges that the coercion has taken and continue to take place in form of reprisal for filing this action, by depriving him the financial support to pay those who have been assigned by the order of Judge Downing in preparation for his upcoming trial, restraining his ability to investigate the alleges against him, refusing to provide him with statutory entitled discovery, and continuing to listen, record, copy and disseminate calls between Garcia and his lawyers, in both the underlying criminal action and this action before this Court.

## TENTH  CAUSE OF ACTION

### AGAINST GTL, OLIVER AND DOES 1 AND 2 BY GARCIA

*Invasion of Privacy - violation of California Penal Code § 11149.4*

82.    Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 81 of this complaint as if set forth in full at this point.

83.    California Penal Code § 11149.4 pertinently provides:

> Any vendor or employee of a vendor who intentionally discloses information, not otherwise public, which that person knows or should reasonably know was obtained from confidential information, **shall be subject to a civil action for invasion of privacy by the individual to whom the information pertains**.

/ / /

/ / /

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

84.     Garcia alleges that Defendant GTL, its officers, such as Oliver and its employees, such as Does 1 and 2 are and at all times mentioned herein governed by California Penal Code § 11149.4.

85.     Garcia alleges that at all times mentioned herein, he is and continues to be a customer of Defendant GTL.

86.     Garcia alleges that from about March 2009 through the filing of this Second Amended Complaint, he has engaged in confidential/privileged and protected telephone communications with his lawyers, experts, investigators, paralegals/legal assistance, and religious advisers.

87.     Garcia is informed and believes that based on the attached contractual agreement between Defendant County and GTL, GTL has at all times mentioned herein and continuing provided two of its employees, hereinafter Does 1 and 2, to operate its telephone system with the Defendant County's jail and/or detention centers.

88.     Garcia is informed and believes that Defendant GTL's telephone systems contains a specific feature were confidential/privileged and protected telephone numbers can be identified, and thereafter, secured within the system, prevent monitoring and listening to said confidential/privileged and protected communication by a third party.

89.     Garcia is informed and believes that Defendant GTL has allowed, conspired to allow and has interfered with the telephone system's protection of preventing the monitoring and listening to said confidential/privileged and protected communication by a third party.

90.     Garcia alleges that from about March 2009 through the filing of this complaint, Defendants GTL, Oliver and Does 1 and 2 have and continue to disclose information, not otherwise public, which they knew or reasonably should have know that the information was confidential/privileged and protected.

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

91.    Garcia alleges that from about March 2009 through the filing of this complaint, Defendants GTL, Oliver and Does 1 and 2 have and continue to disclose information, approximately eleven hundred (1,100) of confidential/privileged and protected telephone communications between Garcia and his lawyers, experts, investigators, paralegals/legal assistance, and religious advisers.

92.    Garcia alleges that Defendants GTL, Oliver and Does 1 and 2, entered into a conspiracy with the remaining Defendants to invade the privacy of Garcia in violation of provisions of California Penal Code § 11149.4.

## ELEVENTH  CAUSE OF ACTION

## AGAINST DEFENDANTS COUNTY, PACHECO, DEPARTMENT, SNIFF, GTL AND OLIVER BY GARCIA

### *Failure to Train and/or Supervise (Canton)*

93.    Garcia  restates and incorporates by reference the foregoing ¶¶ 1 through 92 of this complaint as if set forth in full at this point.

94.    Defendants County and Pacheco failed to adequately train and/or supervise Defendants Senior DAs, DiMaria, and Blanck concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of telephone communications arising from factors of the attorney-client and religious-adviser privilege and attorney-work product doctrine confidential documents.

95.    Defendants GTL and Oliver failed to adequately train and/or supervise their subordinates, in particular Does 1 and 2,  concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of telephone communications arising from factors of the attorney-client and religious-advisor privilege.

96.    Defendants County, Sniff,  Tesinsky, Hughes failed to adequately train and/or supervise their subordinates, including and not limited to Deputy Sheriffs Navarro, Brandes, Shumway and Cassandra Morrow concerning the non-disclosure, prohibitive invasion, copying, duplicating, distributing and dissemination of

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

1   telephone communications arising from factors of the attorney-client and religious-

2   adviser privilege and attorney-work product doctrine confidential documents.

3   97.   Defendants County, Pacheco, Sniff, GTL and Oliver also maintained a system

4   of grossly inadequate training and/or supervision pertaining to the law of authorizing

5   and supervising Defendant Sniff's personnel accessing the telephone system.

6   Defendants County, Pacheco, Sniff, GTL and Oliver did not mandate verification

7   that  telephone communications arising from factors of the attorney-client and

8   religious-adviser privilege were not  being invaded, heard, copied, duplicated and

9   transferred to CDs where they could be removed from said secured area and

10   disseminated to third parities.

11   98.   The failure to train and supervise was an official policy of the Defendants

12   County, Pacheco, Sniff, GTL and Oliver. They implemented, ratified and controlled

13   said official policy.

14   99.   Defendants County, Pacheco, Sniff, GTL and Oliver were deliberately

15   indifferent to the rights of the Garcia. Defendants County, Pacheco, Sniff, GTL and

16   Oliver's failure to train and supervise resulted in the violation of Garica's rights to

17   due process under the First, Fourth, Fifth and Fourteenth Amendments to the United

18   States Constitution and Garcia's rights as an accused under the Fourth, Fifth, Sixth

19   and Fourteenth Amendments to the United States Constitution, thereafter, Garcia has

20   been damaged as a result.

21                   **TWELFTH CAUSE OF ACTION**

22             **AGAINST COUNTY DEFENDANTS BY GARCIA**

23                              *Monell*

24   100.   Garcia restates and incorporates by reference the foregoing ¶¶ 1 through 99

25   of this complaint as if set forth in full at this point.

26   101.   Defendants had a duty, pursuant Monell to properly hire, train, oversee,

27   supervise and discipline prosecutors, police officers and sheriff department

28   employees so as to prevent violations of Garcia's constitutional, statutory, and

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

common law rights and to prevent the statutory, civil and constitutional harm, injure, disparity or discrimination against Garcia, and a duty to uphold the law and the California and U.S. Constitutions to prevent, harm injure, disparity or discrimination to Garcia. By the conduct described above, Defendants breached the duty of care owed to Garcia and proximately caused Garcia general and special damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Garcia prays for relief as follows:

**FIRST CAUSE OF ACTION**

a. An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

b. An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

c. An award of plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. §1988

d. By Jury; and such other and further relief as the Court may deem just and proper.

e. Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to recording equipment within any jail or detention facility run or operated by the Defendant County thereof from again making monitoring, listening, copying/duplicating and disseminating any attorney-client and penitent/clergy privilege, confidential and protected telephone communications between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, spiritual/religious advisers.

f. Furthermore, Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers,

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff.

**SECOND CAUSE OF ACTION**

a.     An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

b.     An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

c.     An award of plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. §1988

d.     By Jury; and such other and further relief as the Court may deem just and proper.

e.     Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to recording equipment within any jail or detention facility run or operated by the Defendant County thereof from again making monitoring, listening, copying/duplicating and disseminating any attorney-client and penitent/clergy privilege, confidential and protected telephone communications between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, spiritual/religious advisers.

f.     Furthermore, Garcia seeks a preliminary and permanent injunction prohibiting  Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff**.**

**THIRD CAUSE OF ACTION**

a.    An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

b.    An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

c.    An award of plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. §1988

d.    By Jury; and such other and further relief as the Court may deem just and proper.

e.    Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to recording equipment within any jail or detention facility run or operated by the Defendant County thereof from again making monitoring, listening, copying/duplicating and disseminating any attorney-client and penitent/clergy privilege, confidential and protected telephone communications between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, spiritual/religious advisers.

f.    Furthermore, Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff.

**FOURTH CAUSE OF ACTION**

a.      An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

b.      An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

c.      An award of plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. §1988

d.      By Jury; and such other and further relief as the Court may deem just and proper.

e.      Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to recording equipment within any jail or detention facility run or operated by the Defendant County thereof from again making monitoring, listening, copying/duplicating and disseminating any attorney-client and penitent/clergy privilege, confidential and protected telephone communications between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, spiritual/religious advisers.

f.      Furthermore, Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff.

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

**FIFTH CAUSE OF ACTION**

a.    An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

b.    An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

c.    An award of plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. §1988

d.    By Jury; and such other and further relief as the Court may deem just and proper.

e.    Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to recording equipment within any jail or detention facility run or operated by the Defendant County thereof from again making monitoring, listening, copying/duplicating and disseminating any attorney-client and penitent/clergy privilege, confidential and protected telephone communications between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, spiritual/religious advisers.

f.    Furthermore, Garcia seeks a preliminary and permanent injunction prohibiting  Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff**.**

**SIXTH  CAUSE OF ACTION**

a.    An award of compensatory and general damages against

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

Defendants and each of them, in an amount to be determined according to proof;

b.      An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

c.      An award of plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. §1988

d.      By Jury; and such other and further relief as the Court may deem just and proper.

e.      Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to recording equipment within any jail or detention facility run or operated by the Defendant County thereof from again making monitoring, listening, copying/duplicating and disseminating any attorney-client and penitent/clergy privilege, confidential and protected telephone communications between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, spiritual/religious advisers.

f.      Furthermore, Garcia seeks a preliminary and permanent injunction prohibiting Defendant County and its law enforcement entities, officers, employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff.

## SEVENTH CAUSE OF ACTION

a.      An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

b.      An award of exemplary and punitive damages against all

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

1    Defendants sued in their individual capacities in an amount to be proven at trial;

2            d.      By Jury; and such other and further relief as the Court may deem

3    just and proper.

4    **EIGHTH CAUSE OF ACTION - AGAINST COUNTY**

5            a.      Five thousand dollars ($5,000) for each time of monitoring

6    confidential/privileged and protected communications.

7            b.      Five thousand dollars ($5,000) for each time of listening

8    confidential/privileged and protected communications.

9            c.      Five thousand dollars ($5,000) for each time of duplicating and/or

10   copying confidential/privileged and protected communications.

11           d.      Five thousand dollars ($5,000) for each time of distributing, per

12   each receiver of the confidential/privileged and protected communications.

13           e.      Three times the amount of actual damages, if any, sustained by

14   the Garcia.

15           f.      Garcia seeks a preliminary and permanent injunction prohibiting

16   Defendant County and its law enforcement entities, officers, employees,

17   representatives, contractors, or otherwise anyone participating with Defendant

18   County in either a law enforcement capacity or otherwise have access to recording

19   equipment within any jail or detention facility run or operated by the Defendant

20   County thereof from again making monitoring, listening, copying/duplicating and

21   disseminating any attorney-client and penitent/clergy privilege, confidential and

22   protected telephone communications between Garcia, his attorneys and their staff;

23   investigators and their staff; experts and their staff, spiritual/religious advisers, in

24   accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the

25   Code of Civil Procedure, bring an action to enjoin and damages as provided by

26   subdivision (a).

27           g.      Furthermore, Garcia seeks a preliminary and permanent

28   injunction prohibiting  Defendant County and its law enforcement entities, officers,

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

employees, representatives, contractors, or otherwise anyone participating with Defendant County in either a law enforcement capacity or otherwise have access to any jail or detention facility run or operated by the Defendant County thereof from again making reading, copying/duplicating and disseminating any attorney-work product documents between Garcia, his attorneys and their staff; investigators and their staff; experts and their staff, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and damages as provided by subdivision (a).

       h.    An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

       i.    An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

       j.    By Jury; and such other and further relief as the Court may deem just and proper

**NINTH CAUSE OF ACTION**

       a.    An award of compensatory and general damages against Defendants and each of them, in an amount to be determined according to proof;

       b.    An award of exemplary and punitive damages against all Defendants sued in their individual capacities in an amount to be proven at trial;

       d.    An award of statutory damages and penalties pursuant to Cal. Civil Code § 52 et seq.;

       e.    An award of Garcia' costs, expenses and reasonable attorney's fees pursuant to Cal. Civil Code § 52 et seq., and Cal. Code of Civil Procedure §1021.5;

       f.    By Jury; and such other and further relief as the Court may deem just and proper.

**TENTH CAUSE OF ACTION**

       a.    An award of compensatory and general damages against

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

*Garcia vs. The County of Riverside, et al.*      **SECOND AMENDED COMPLAINT**

1   Defendants and each of them, in an amount to be determined according to proof;

2       b.      An award of exemplary and punitive damages against all
3   Defendants sued in their individual capacities in an amount to be proven at trial;

4       c.      By Jury; and such other and further relief as the Court may deem
5   just and proper.

6   **ELEVENTH CAUSE OF ACTION**

7       a.      An award of compensatory and general damages against
8   Defendants and each of them, in an amount to be determined according to proof;

9       b.      An award of exemplary and punitive damages against all
10  Defendants sued in their individual capacities in an amount to be proven at trial;

11      c.      By Jury; and such other and further relief as the Court may deem
12  just and proper.

13  **TWELFTH  CAUSE OF ACTION**

14      a.      An award of compensatory and general damages against
15  Defendants and each of them, in an amount to be determined according to proof;

16      b.      An award of exemplary and punitive damages against all
17  Defendants sued in their individual capacities in an amount to be proven at trial;

18      c.      By Jury; and such other and further relief as the Court may deem
19  just and proper.

20  Dated:   May 29th, 2011

21

22  **/S/**   *John L. Russo*        **/S/**   *David L. Wright*

23  **JOHN L. RUSSO**, *Attorney at Law*        **DAVID L. WRIGHT**, *Attorney at Law*
    New York State Bar No.: **2332344**          State Bar No.:  **189346**
24  Em:   johnlawny@msn.com                       Em:     davidlawps@gmail.com
    31 - 01 Broadway, 4th Floor                   1882 South Caliente Road
25  Astoria, New York 11106-2648                  Palm Springs, California 92264
    Tel:     718.777.1777                          Tel:     760.969.8800
26  Fax:     718.777.2737                          Fax:     718.777.2737

27  Attorneys for Plaintiff
    Daniel Carlos Garcia
28

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

24

25

26

27

28

# Exhibit 1- Plaintiff's Docket Arrest Sheet

*Garcia vs. The County of Riverside, et al.*        **SECOND AMENDED COMPLAINT**
Case No.:   **ED CV 11-00034 VAP (OPx)**    Page 35 of  43

| Booking Number :200911640 | | | | |
|---|---|---|---|---|
| **Name** | GARCIA, DANIEL CARLOS | | | |
| **Sex** | **Race** | **Date of Birth** | | |
| M | H | 07/27/1982 | | |
| **Age** | **Hair** | **Eyes** | **Height** | **Weight** |
| 28 | BRO | BRO | 5'6" | 150 |
| **Arrest Date** | | | **Arresting Agency** | |
| 03/13/2009 12:00 | | | Transportation | |
| **Booked Date** | | | **Case No.** | |
| 03/13/2009 12:26 | | | INF064492 | |
| **Charge(s)** | 115 F PC OFFR FLS/FORGE INSTRU FI<br>182(A)(1) F PC CONSP/TO/COMMIT/A/FELONY<br>182(A)(1) X 2 F PC CONSP/TO/COMMIT/A/FELONY<br>187(A) F PC MURDER<br>459 F PC BURGLARY | | | |
| **Bail Amount** | No Bail | | | |
| **Current Facility** | Indio Jail Facility | | | |
| **Housing Unit** | 17I5 | Public Visiting Guidelines | | |
| **Next Court Date** | **Court Name** | | | |
| | | Additional Court Information | | |
| **Release Date** | | | | |

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

# Exhibit 2 - Hon. Superior Court Judge Douglass

# Protective Order.

*Garcia vs. The County of Riverside, et al.*   **SECOND AMENDED COMPLAINT**
Case No.:   **ED CV 11-00034 VAP (OPx)**   Page 37 of  43

INF064492 - Minutes - Desert Criminal & Traffic

Page 1 of 1

## Minutes

Home | Def. Status | Def. Info | Charges | Actions | Minutes | Probation
Case Report | Fine Info | Images

Open Quick Search

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

Defendant  4 - GARCIA, DANIEL CARLOS   Of 6

Action:  Hearing on Motion Re: Status. - 06/04/2009

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

*Action:* Hearing on Motion Re: Status.   *Date:* 06/04/2009   *Time:* 8:30 AM
*Defendant Status:* Active   *Division:* 3N   *Hearing Status:* DISPOSED

HONORABLE THOMAS N. DOUGLASS PRESIDING.
COURTROOM ASSISTANT: MML-M. LOUSTAUNAU
COURT REPORTER: TJD-T. DIBLE
PEOPLE REPRESENTED BY DEPUTY DISTRICT ATTORNEY: DDA L. DIMARIA.
DEFENDANT REPRESENTED BY PVT M. RODRIGUEZ.
DEFENDANT PRESENT.
ORAL MOTION BY PEOPLE REGARDING FILE AN AMENDED COMPLAINT IS CALLED FOR HEARING.

MOTION GRANTED.
COURT ORDERS 5TH AMENDED COMPLAINT FILED.
DEFENDANT ARRAIGNED.
DEFENDANT WAIVES READING OF THE COMPLAINT/INFORMATION.
COUNSEL STIPULATES TO ADVISEMENT OF RIGHTS.
PLEADS NOT GUILTY TO ALL COUNTS.
HEARING ON 06/09/2009 AT 8:30 FOR FSC IN DEPT. 3N IS CONFIRMED.
*********************************************
COURT ORDERS ANY RECORDINGS BETWEEN ATTORNEY AND
CLIENT BE EXCLUDED FROM LISTENING PROCEDURES AND
ANY TAPED PHONE CONVERSATIONS ARE NOT TO BE
LISTENED TO BY LAW ENFORCEMENT OR THE DISTRICT
ATTORNEYS OFFICE.
*********************************************
DEFENDANT ORDERED TO RETURN ON ANY AND ALL FUTURE HEARING DATES.
BAIL TO REMAIN AS FIXED.
REMAINS REMANDED TO CUSTODY OF RIVERSIDE SHERIFF.
MINUTE ORDER PRINTED TO INDIO JAIL.
MINUTE ORDER OF COURT PROCEEDING DEATH PENALTY (INDIO)
COPY OF MINUTE ORDER FORWARDED TO APPEAL'S SUPERVISOR
MINUTE ORDER OF COURT PROCEEDING
SAVE MINUTE ORDER TO CASE

http://10.33.6.51/openaccess/CRIMINAL/minute.asp?courtcode=B&casenumber=INF06...   10/18/2010

JOHN L. RUSSO, *Esq.*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq.*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

# Exhibit 3 - Hon. Superior Court Judge Downing Protective Order

*Garcia vs. The County of Riverside, et al.*          **SECOND AMENDED COMPLAINT**
Case No.:   **ED CV 11-00034 VAP (OPx)**

INF064492 - Minutes - Desert Criminal & Traffic                                Page 1 of 1

## Minutes

Home          Def. Status   Def. Info     Charges   Actions   Minutes   Probation
Case Report   Fine Info     Images

Open Quick Search

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

Defendant   4 - GARCIA, DANIEL CARLOS                    Of 6

Action:   Hearing on Motion Re: PROTECTIVE ORDER AGAINST REC - 06/18/2010

**Case INF064492 Defendant 713404 GARCIA, DANIEL CARLOS**

*Action:* Hearing on Motion Re: PROTECTIVE ORDER AGAINST RECORDING       *Date:*        *Time:* 8:30 AM
CALLS.                                                                    06/18/2010
                                                                                        *Hearing Status:*
*Defendant Status:* Active                                               *Division:* 1B   DISPOSED

HONORABLE DAVID B DOWNING PRESIDING.
COURTROOM ASSISTANT: KRH-K. HINOS
COURT REPORTER: JLM-JACKIE LENORE MUSSELMAN
PEOPLE REPRESENTED BY DEPUTY DISTRICT ATTORNEY: DDA L. DIMARIA.
DEFENDANT REPRESENTED BY PRO PER.
DEFENDANT PRESENT.
INVESTIGATOR LUIS BOLANOS AND DETECTIVE SIMON MIN PRESENT IN COURT.
MOTION BY THE DEFENDANT REGARDING PROTECTIVE ORDER RE: CALLS IS CALLED FOR HEARING.
MOTION GRANTED.
FROM THIS DAY FORWARD AS TO THE PARTIES LISTED
IN THE MOTION WITH THE EXCEPTION OF PASTOR
MICHAEL SCHIEFELBEIN WHICH THE DEFENDANT HAS
WITHDRAWN
DEFENDANT ORDERED TO RETURN ON ANY AND ALL FUTURE HEARING DATES.
BAIL TO REMAIN AS FIXED.
REMAINS REMANDED TO CUSTODY OF RIVERSIDE SHERIFF.
MINUTE ORDER PRINTED TO INDIO JAIL.
SAVE MINUTE ORDER TO CASE
MINUTE ORDER OF COURT PROCEEDING
COURT REPORTER TRANSCRIPT REQUESTED BY THE DEFENDANT FOR PROCEEDINGS DATED 06-18-10, IS ORDERED
PREPARED AT COUNTY TREASURY EXPENSE.
MINUTE ORDER OF COURT PROCEEDING

http://10.33.6.51/openaccess/CRIMINAL/minute.asp?courtcode=B&casenumber=INF06...   10/18/2010

JOHN L. RUSSO, *Esq.*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4ᵗʰ Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq.*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

*Garcia vs. The County of Riverside, et al.*          **SECOND AMENDED COMPLAINT**
Case No.:  **ED CV 11-00034 VAP (OPx)**   Page 40 of 43

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOHN L. RUSSO, *Esq*
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

Exhibit 4 - Contract between Defendants County,

Supervisors, Department, Sniff and GTL

*Garcia vs. The County of Riverside, et al.*        **SECOND AMENDED COMPLAINT**
Case No.:   **ED CV 11-00034 VAP (OPx)**   Page 41 of  43

**SUBMITTAL TO THE BOARD OF SUPERVISORS
COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**

9 06

**FROM:** Stanley Sniff, Sheriff-Coroner-PA

**SUBMITTAL DATE:**
March 9, 2009

**SUBJECT: APPROVAL OF THE AGREEMENT WITH GLOBAL TEL*LINK CORPORATION TO PROVIDE INMATE TELEPHONE SERVICES IN COUNTY DETENTION FACILITIES**

**RECOMMENDED MOTION:** That the Board of Supervisors:

1. Approve the agreement with Global Tel*Link for three (3) years, plus an option to renew for two (2) one-year renewal periods, for a total of five years, in accordance with Ordinance 459.4, and;
2. Authorize the Purchasing Agent to sign amendments and exercise renewal options.

**BACKGROUND:** The County has been providing a reliable and secure telephone service to inmates at the lowest possible cost to them and their families.  The Sheriff's Department currently contracts with Global Tel*Link Corporation for automated telephone services to inmates in seven separate adult detention facilities in the County of Riverside.  Currently, the jail system intakes approximately 61,000 inmates annually and these inmates use this telephone system to complete approximately 851,198 calls per year totaling 9,325,270 minutes.  Global Tel*Link Corporation will provide and install the telephone software tracking system and phones for all County correctional facilities operated and controlled by the Riverside County Sheriff's Department at no cost to the County.

**(Continued on Page 2)**
BR 09-077

(Will Taylor)
Stanley L. Sniff. Jr.
Sheriff-Coroner-PA

| **FINANCIAL DATA** | Current F.Y. Total Cost: | NA | In Current Year Budget: | Yes |
| | Current F.Y. Net County Cost: | NA | Budget Adjustment: | No |
| | Annual Net County Cost: | NA | For Fiscal Year: | FY 08/09 |

| **SOURCE OF FUNDS:** Contract Revenue | | Positions To Be Deleted Per A-30 | ☐ |
| | | Requires 4/5 Vote | ☐ |

**C.E.O. RECOMMENDATION:**

APPROVE

BY:

**County Executive Office Signature**          Steve P. Schubert

**MINUTES OF THE BOARD OF SUPERVISORS**

On motion of Supervisor Ashley, seconded by Supervisor Buster and duly carried, IT WAS ORDERED that the above matter is approved as recommended.

Ayes:      Buster, Tavaglione, Stone and Ashley
Nays:      None
Absent:   Wilson
Date:      March 31, 2009
xc:         Sheriff, Purchasing

Kecia Harper-Ihem
Clerk of the Board
By:
Deputy

| Prev. Agn. Ref.: # 3.120 on 7/29/08 | District: | Agenda Number: |
| | | |

3.39

Form 11 (Rev 08/2003)

ATTACHMENTS FILED
WITH THE CLERK OF THE BOARD

FORM APPROVED COUNTY COUNSEL
BY: NEAL R. KIPNIS   3/17/09  DATE
Departmental Concurrence

Purchasing   Mark Adair, Assistant Director

☐ Policy   ☒ Policy
☒ Consent   ☒ Consent
☐   ☐
Dept Recd
Per Exec. Ofc.

JOHN L. RUSSO, Esq
Em: johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, Esq
CA State Bar No.: 189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel: 760.969.8800

*Garcia vs. The County of Riverside, et al.*          **SECOND AMENDED COMPLAINT**
Case No.:  ED CV 11-00034 VAP (OPx)   Page 42 of  43

**BOARD OF SUPERVISORS**
**FORM 11:   APPROVAL OF THE AGREEMENT WITH GLOBAL TEL\*LINK
CORPORATION TO PROVIDE INMATE TELEPHONE SERVICES IN COUNTY
DETENTION FACILITIES**
**PAGE 2**

**BACKGROUND (Continued)**

Global Tel\*Link Corporation will pay the County a fixed price of two million dollars ($2,000,000) for the first year of the contract. The yearly payments are to be made in twelve equal monthly installments of $166,667. The first monthly payment is due upon contract execution with subsequent payments every month thereafter. The second and subsequent year payments will be prorated on a baseline inmate population of 3,600, the average population for the preceding calendar year. For example, if calendar year 2009 average jail population is 3,672 (2% increase over 3,600) the second contract year payments would be $2,040,000 (2% increase over $2,000,000). This yearly amount will be adjusted up or down annually on the contract execution date. This money will be deposited in the Inmate Welfare Fund, per the requirements of the State Penal Code Section 4025 (d).

**PRICE REASONABLENESS:** Purchasing released a Request for Proposal, mailing solicitations to one hundred companies and advertising on the County's Internet.  Three responses were received with proposals submitted by PCS, Global Tel\*Link, and Securus.

The proposals were reviewed by an evaluation team consisting of personnel from Purchasing and the Sheriff's Department. The evaluation team reviewed and scored each proposal based on the bidder's overall responsiveness to the requirements of the scope of service, the ability to perform, software and equipment capability, references, and the overall cost to the inmates for telephone service. Product demonstrations were held at the Purchasing Department and Global Tel\*Link was selected as the most responsive/responsible vendor, submitting an annual call cost to the inmates of $2,948,000 with an average call per minute rate of $0.23. Based on nine different types of calls placed by an inmate, the average per minute call rates is $0.21 up to $0.39. The other two bidders proposed annual call charges ranging from $2,872,000 to $5,170,000. The bidder that proposed the average call rate of $0.21 per minute reserved the right to raise his/her costs annually, which will result in higher calling rates to the inmates and his or her families.  Therefore, the County elected to select the bidder with firm fixed prices for five years, Global Tel\*Link.

In addition, Global Tel\*Link agrees to fund two County employees, User Technical Support positions.  Global Tel\*Link will provide a call monitoring and recording system that records every call made on the system and stores recorded calls for three years online and one additional three year period archived. The technical support personnel will administer this recording system, and upon request by the Sheriff's Department or other law enforcement agencies will analyze call records and transfer calls to CD's.  This will relieve jail staff of this responsibility.

**REVIEW/APPROVAL:** Purchasing concurs with this request.

Form 11 (Rev 06/2003)

JOHN L. RUSSO, *Esq*
Em:  johnlawny@msn.com
NY State Bar No.: 2332344
31 - 01 Broadway, 4th Floor
Astoria, NY 11106-2648
Tel: 718.777.1777
Fax: 718.777.2737

DAVID L. WRIGHT, *Esq*
CA State Bar No.:  189346
Em: davidlawps@gmail.com
1882 South Caliente Road
Palm Springs, CA 92264
Tel:  760.969.8800

*Garcia vs. The County of Riverside, et al.*          **SECOND AMENDED COMPLAINT**