Arthur K. Cunningham, SB# 97506
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Facsimile: (909) 387-1138
Akcatty@LBBSLaw.com

Christopher D. Lockwood, SBN 110853
**Arias & Lockwood**
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-0125
Fax: (909) 890-0185
Christopher.Lockwood@AriasLockwood.com

Attorneys for defendants County of Riverside (sued as itself, as "County of Riverside Board of Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; COUNTY OF RIVERSIDE BOARD OF SUPERVISORS; RODRIC PACHECO; KELLY PATRICK KEENAN; SARA LYNN DANVILLE; OTIS STERLING, III; LISA DiMARIA; BRUCK BLANCK; COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT; STANLEY SNIFF, JR.; DAN EAGLIN; PAUL TESINSKY; LINDA HUGHES; CASSANDRA MORROW; SECURUS TECHNOLOGIES, INC.; RICHARD A (RICK) SMITH; GLOBAL TEL LINK; BRIAN OLIVER, and Does 1-10, inclusive,<br><br>Defendants | CASE NO. 11-00034 VAP (OPx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>(Filed with request for judicial notice and motion to strike)<br><br>DATE: August 15, 2011<br>TIME: 2:00 p.m.<br>ROOM: 2 |

Please take notice that on August 15, 2011 at 2:00 p.m. in courtroom 2, defendants County of Riverside, Otis Sterling, III, Lisa DiMaria, Bruck Blanck,

ARIAS & LOCKWOOD
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408

Stanley Sniff, Jr., Dave Nordstrom, Paul Tesinsky, and Linda Hughes will move for an order dismissing the second amended complaint on the following grounds:

1. No violation of federal law is alleged and qualified immunity applies to the individual defendants

2. The state law claims should be dismissed once the federal law claims are dismissed.

3. The California Constitutional provisions are not a basis for damages.

4. No claim for relief is stated under California law.

The motion shall be based on the attached memorandum of points and authorities, and arguments of counsel.

DATED: June 17, 2011

ARIAS & LOCKWOOD

By ______________________
Christopher D. Lockwood
Attorneys for defendants County of Riverside (sued as itself, as "County of Riverside Board of Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes

MEET AND CONFER COMPLIANCE

I sent a draft motion to dismiss the original complaint to plaintiff's counsel. We had several exchanges of emails and telephone conversations then reached an agreement that plaintiff would file a first amended complaint.

Following receipt of the first amended complaint I sent a meet and confer email to plaintiffs' counsel. We then exchanged several emails and had a lengthy conference call. Plaintiff agreed to file a second amended complaint in response to the issues I raised and which counsel for co-defendants raised.

I sent a detailed meet and confer email in response to the second amended complaint. We exchanged additional emails in response to the second amended complaint and were not able to reach agreement on any other issues.

Christopher D. Lockwood

# TABLE OF CONTENTS

I Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II A Defendant May Move for Dismissal on the Ground That the Action Is Without Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III Prior Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV Plaintiff's Current Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . 2

V Facts Subject to Judicial Notice . . . . . . . . . . . . . . . . . . . . . . . . . 3

VI All Federal Law Claims Should Be Dismissed

A. Federal Law Allows Recording of Calls from Jails . . . . . . . . . . . . . . . 4

B. The Criminal Court Conducted Hearings and Found No Search of Any Privileged Documents and No Prejudice . . . . . . . . . . . . . . . . . . . . 7

C. Grounds for Dismissing Specific Federal Claims . . . . . . . . . . . . . . . . . 8

1. The First Amendment Claim Should Be Dismissed . . . . . . . . . . 8

2. The Fourth Amendment Claim Should Be Dismissed . . . . . . . . 8

3. The Fifth Amendment Self Incrimination Claim Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

4. The Sixth Amendment Claim Should Be Dismissed . . . . . . . . . 9

5. The Equal Protection Claim Should Be Dismissed . . . . . . . . . . . 9

6. The Due Process Claim Should Be Dismissed . . . . . . . . . . . . . . 9

7. The 42 U.s.c. § 1985(3) Claim Should Be Dismissed . . . . . . . . 10

8. The Monell and Supervisor Claims Should Be Dismissed . . . . 10

D. Alternatively, the Claims Against the Individual Defendants Should Be Dismissed Based on Qualified Immunity . . . . . . . . . . . . . . . . . . . . 11

VII The State Law Claims Should Be Dismissed Without Prejudice . . . . . . . 11

VIII The State Constitutional Claims for Damages Should Be Dismissed . . . 12

IX The State Invasion of Privacy Claim Should Be Dismissed . . . . . . . . . . 13

X The Civil Code § 51 Claim Should Be Dismissed . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**Federal cases**

Acri v. Varian Associates, 114 F.3d 999 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . 12

Aguilera v. Baca, 510 F.3d 1161 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 9

Almond v. Sea, 2009 U.S.Dist.Lexis 89228 (S.D.W.Va. 2009) . . . . . . . . . . 4, 6, 7

Barry v. Fowler, 902 F.2d 770 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 10

Beal v. Pliler, 2001 U.S.Dist.Lexis 18726 (N.D. Cal. 2001). . . . . . . . . . . . . . . . . 4

Bradley v. Health Midwest, Inc., 203 F.Supp.2d 1254 (D. Kan. 2002) . . . . . . . . 6

Bryant v. Sells, 2010 U.S.Dist.Lexis 125076 (D. Haw. 2010) . . . . . . . . . . . 4, 6, 7

Buford v. Bradley, 2010 U.S.Dist.Lexis 97372 (E.D. Ark. 2010) . . . . . . . . 4, 6, 7

Camarillo v. City of Maywood, 2008 U.S.Dist.Lexis 85386 (C.D. Cal. 2008) . 13

Chavez v. Martinez, 538 U.S. 760 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

City of Los Angeles v. Lyons, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . . 11

Clutchette v. Rushen, 770 F.2d 1469 (9th Cir. 1985), cert. den. 475 U.S. 1088 4, 5

Davis v. Scherer, 468 U.S. 183 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Doe v. City of San Mateo, 2010 U.S.Dist.Lexis 45374 (N.D. Cal. 2010). . . . . 13

Engel v. Francis, 2010 U.S.Dist.Lexis 105870 (E.D. Va. 2010) . . . . . . . . . . . . . 5

Fogel v. Collins, 531 F.3d 824 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . 11

Gherity v. Swenson, 2009 U.S.Dist.Lexis 70994 (D. Minn. 2009) . . . . . . . . . . . 4

Henderson v. Campbell, 2007 U.S.Dist.Lexis 24293 (N.D.Cal. 2007). . . . . . . . 7

Horecek v. Seaman, 2009 U.S.Dist.Lexis 82451 (E.D.Mich. 2009) . . . . . . . . 4, 6

Hutchinson v. Mara, 2010 U.S.Dist.Lexis 4488 (E.D. Cal. 2010) . . . . . . . . . . 12

Jackson v. Monterey County Jail, 2010 U.S.App.Lexis 26776 (9th Cir. 2010) . 11

Karen Crane-Mcnab, LLC v. County of Merced, 2009 U.S.Dist.Lexis 29214 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . 3

Lanza v. New York, 370 U.S. 139 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lee v. Los Angeles Police Department, 2011 U.S.Dist.Lexis 47817 (C.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . 3

Mariscal v. Harrington, 2010 U.S.Dist. Lexis 106854 (C.D. Cal. 2010) . . 4, 6, 13

Marsh v. San Diego County, 432 F.Supp.2d 1035, 1059 (S.D. Cal. 2006) . . . . 13

McGinnis v. County of Fresno, 2008 U.S.Dist.Lexis 71876 (E.D.Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . 8

Mohammad Akhavein v. Argent Mortgage Co., 2009 U.S.Dist.Lexis 61796 (N.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . 13

Peruta v. County of San Diego, 2010 U.S.Dist.Lexis 130878 (S.D.Cal. 2010) . 10

Riddick v. Baker, 1997 U.S.Dist.Lexis 5704 (E.D. Penn. 1997) . . . . . . . . . . . . . 5

Saucier v. Katz, 533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Scheeler v. City of St. Cloud, 402 F.3d 826 (8th Cir. 2005) . . . . . . . . . . . . . . . 10

Sinclair v. Schreiber, 916 F.2d 1109 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 5

Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 12

Smith v. City of Riverside, 2006 U.S.Dist.Lexis 98213 (C.D. Cal. 2006) . . . . . 13

Sprewell v. Golden State Warriers, 266 F.3d 979, 989 (9th Cir. 2001) . . . . . . . 10

Steele v. County of San Bernardino, 2009 U.S.Dist.Lexis 125000 (C.D. Cal. 2009) . . . . . . . . . . . . . 5, 7, 8, 9, 13

U.S. v. Bankstom, 2000 U.S.Dist.Lexis 12891 (E.D.La. 2000) . . . . . . . . . . . . . 4

U.S. v. Chabin, 2007 U.S.Dist.Lexis 9228 (D. Nev. 2007) . . . . . . . . . . . . . . . . 4

U.S. v. Friedman, 300 F.3d 111 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . 4, 8

U.S. v. Green, 962 F.2d 938 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Hammond, 286 F.3d 189 (4th Cir. 2002), cert. den. 537 U.S. 900 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Hearst, 563 F.2d 1331 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . 4

U.S. v. Hernandez, 937 F.2d 1490 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Lentz, 419 F.Supp.2d 820 (E.D. Va. 2005), affirmed 524 F.3d 501 (4th Cir. 2008), cert. den. 129 S.Ct. 303 . . . . . . . . . 5

United States v. Lewis, 406 F.3d 11 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . 4, 8

U.S. v. Monghur, 588 F.3d 975 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

U.S. v. Stanko, 2007 U.S.Dist.Lexis 4619 (D. Neb. 2007) . . . . . . . . . . . . . . . . . . 5

United States v. Sabaru, 891 F.2d 1308 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . 8

United States v. Van Poyck, 77 F.3d 285 (9th Cir. 1996) . . . . . . . . . . . . . . . . . 4, 8

Wargnier v. National City Mortgage, 2010 U.S.Dist.Lexis 62805 (S.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . 12

West v. Rahr, 2009 U.S.Dist.Lexis 87818 (W.D. Wash. 2009) . . . . . . . . . . . . . . . . . . . . 10

Wigfall v. City and County of San Francisco, 2007 U.S.Dist.Lexis 82047 (N.D.Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . 12

Williams v. Woodward, 384 F.3d 567 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 7

Wilson v. Layne, 526 U.S. 603, 617 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Wyatt v. County of Butte, 2007 U.S.Dist.Lexis 31352 (E. D. Cal. 2007) . . . . . . 6

Zavala v. Rios, 2010 U.S.Dist.Lexis 55697 (E.D. Cal. 2010) . . . . . . . . . . . 4, 6, 7

**California cases**

County of San Diego v. State, 164 Cal.App.4th 580 (2008) . . . . . . . . . . . . . . . 12

DeGrassi v. Cook, 29 Cal.4th 333 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Giraldo v. Department of Corrections & Rehabilitation, 168 Cal.App.4th 231 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Javor v. Taggart 98 Cal.App.4th 795 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Katzberg v. Regents of University of California, 29 Cal.4th 300 (2002) . . . . . 12

MHC Financing Partnership Two v. City of Santee, 182 Cal.App.4th 1169 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Motevalli v. Los Angeles Unified School District, 122 Cal.App.4th 97 (2004) 12

People v. Windom, 145 Cal.App.4th 881 (2006) . . . . . . . . . . . . . . . . . . . . . . . . 13

Richards v. Department of Alcoholic Beverages, 139 Cal.App.4th 304 (2006) 12

Roth v. Rhodes, 25 Cal.App.4th 530 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Shaw v. County of Santa Cruz, 170 Cal.App.4th 228 (2008) . . . . . . . . . . . . . . . 12

**Other state cases**

McCroy v. Clark, 2008 Neb.App.Lexis 91 (Neb. 2008). .................... 5

**Federal Statutes and Rules**

28 U.S.C. § 1367 ........................................ 12

42 U.S.C. § 1983 ........................................ 10

42 U.S.C. § 1985(3) ...................................... 10

F.R.Civ.P. Rule 12(b)(6). .................................. 1

**California Statutes**

Civil Code § 51. ........................................ 13

Penal Code § 632 ........................................ 13

## MEMORANDUM OF POINTS AND AUTHORITIES

## I

## SUMMARY OF ARGUMENT

Plaintiff Garcia is a defendant in a pending murder case. The Riverside County jails, like most jails in this country, have a policy of recording calls made by inmates, after notifying both inmates and recipients of calls that the calls are being recorded. Plaintiff contends the recordings violated his rights under federal and state law. Settled law allows recording of jail calls. The second amended complaint should be dismissed for the reasons detailed below based on both the merits and qualified immunity.

## II

## A DEFENDANT MAY MOVE FOR DISMISSAL ON THE GROUND THAT THE ACTION IS WITHOUT MERIT

F.R.Civ.P. Rule 12(b)(6).

## III

## PRIOR PROCEEDINGS

Defendants sent a draft motion to dismiss the original complaint to plaintiff's counsel which cited most of the cases cited in this motion. There were several exchanges of emails and several conference calls, and then an agreement to file a first amended complaint.

After the first amended complaint was filed, there was an exchange of emails and another conference call. The parties agreed that no response was required to the first amended complaint and plaintiff would file a second amended complaint. The second amended complaint was therefore drafted with full knowledge of the applicable law.

//

# IV

# PLAINTIFF'S CURRENT ALLEGATIONS

**Plaintiff's pending criminal case** Plaintiff Garcia was arrested on murder charges and has been in jails operated by the County of Riverside awaiting trial since March of 2009. (¶ 4, 30, 32) He has been a pro se criminal defendant since May of 2010. (¶ 35) The court appointed an investigator, a paralegal and a motion writer to assist him in the criminal case. (¶ 35)

**Recorded calls** The County of Riverside has a policy of recording calls made by jail inmates. Both Garcia and recipients of his calls heard a recorded message notifying them that the calls were being recorded. (¶ 35) In January 2010 deputy district attorney DiMaria said she had listened to recorded calls. (¶ 50) Plaintiff Garcia has requested the jail to block recording of calls made to his "defense team" and religious advisors. (¶ 36) In May of 2010 plaintiff Garcia received CDs which included what he calls privileged calls. (¶ 41) In the course of the criminal case unnamed deputies provided copies of over 1000 calls by Garcia which he contends were privileged. (¶ ) In June of 2010 the criminal court issued two orders directing law enforcement and the District Attorney not to listen to calls with attorneys. (¶ 37) On information and belief, plaintiff vaguely alleges that calls after the dates of the order were recorded and listened to. (¶ 44)

**Mail** Defendants illegally intercepted mail sent to Garcia at jail. (¶ 20) Defendants searched privileged documents outside of plaintiff's presence (¶ 21, 23) and engaged other inmates to obtain confidential documents from plaintiff. (¶ 22, 33, 34)[1]

---

[1]There are also factual contentions which are not the subject of any of the claims for relief, including: Plaintiff Garcia contends he was not transported to at least five court hearings. (¶ 23) He does not allege that anything happened during those hearings. Plaintiff Garcia contends he is housed over 100 miles

## V

## FACTS SUBJECT TO JUDICIAL NOTICE

A court properly considers facts subject to judicial notice when ruling on a demurrer, and when the facts subject to judicial notice contradict the allegations of the complaint, the false allegations of the complaint are disregarded. Lee v. Los Angeles Police Department, 2011 U.S.Dist.Lexis 47817, * 17 (C.D. Cal. 2011) (false allegation of tort claim compliance is ignored when judicially noticed facts show the absence of any such tort claim); Karen Crane-Mcnab, LLC v. County of Merced, 2009 U.S.Dist.Lexis 29214, *8 (E.D. Cal. 2009) (allegation that all plaintiffs complied with claim requirements is ignored when judicially noticed facts show that some plaintiffs never filed tort claims).

A separate request for judicial notice is filed with this motion consisting of transcripts and findings of the criminal court. The court is requested to take judicial notice of the following findings of the criminal court:

1. None of the documents plaintiff contends were improperly searched, including mail and documents kept in his cell, were privileged.

2. There was no prosecutorial misconduct and no prejudice to the criminal case.

The court is also requested to judicial notice of the status of the criminal case, including the fact that no trial has occurred.

---

from "his attorneys." (¶ 24)  In fact, he is in pro per, the criminal case is pending in Indio and he is housed in Indio. (¶ 4; request for judicial notice)  On December 7, 2010, two unidentified deputies commented that it would be a shame if any inmate listed on a "stay away form" got hold of plaintiff. (¶ 25) Nothing is alleged to have happened.  Plaintiffs contend GTL is somehow profiting from an unlawful monopoly. (¶ 26, 31)  Plaintiff Garcia makes no allegations that he paid anything to use the system.

VI

ALL FEDERAL LAW CLAIMS SHOULD BE DISMISSED

A. FEDERAL LAW ALLOWS RECORDING OF CALLS FROM JAILS

It is well settled that jails and prisons are entitled to record jailhouse meetings and outgoing calls made by inmates. See, e.g., Lanza v. New York, 370 U.S. 139 (1962) (upholding recording of jail meeting rooms); United States v. Van Poyck, 77 F.3d 285 (9th Cir. 1996); United States v. Hammond, 286 F.3d 189, 192 (4th Cir. 2002), cert. den. 537 U.S. 900; United States v. Lewis, 406 F.3d 11 (1st Cir. 2005); U.S. v. Friedman, 300 F.3d 111, 123 (2nd Cir. 2002); U.S. v. Monghur, 588 F.3d 975, 979 (9th Cir. 2009). Cf. United States v. Hearst, 563 F.2d 1331 (9th Cir. 1977) (approving a policy of recording conversations of visitors to jails since there is no reasonable expectation of privacy). See also the cases cited below.

Plaintiff alleges violations of the "right" to have confidential attorney-client conversations. The attorney-client privilege is a rule of evidence, not a federal Constitutional right. Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir. 1985), cert. den. 475 U.S. 1088; Mariscal v. Harrington, 2010 U.S.Dist. Lexis 106854, * 20 (C.D. Cal. 2010); Almond v. Sea, 2009 U.S.Dist.Lexis 89228, * 2-3 (S.D.W.Va. 2009); U.S. v. Bankstom, 2000 U.S.Dist.Lexis 12891, * 10 (E.D.La. 2000); Horecek v. Seaman, 2009 U.S.Dist.Lexis 82451, * 29 (E.D.Mich. 2009); Buford v. Bradley, 2010 U.S.Dist.Lexis 97372, * 6 (E.D. Ark. 2010); Gherity v. Swenson, 2009 U.S.Dist.Lexis 70994, * 45 (D. Minn. 2009); Bryant v. Sells, 2010 U.S.Dist.Lexis 125076, * 13 (D. Haw. 2010); Zavala v. Rios, 2010 U.S.Dist.Lexis 55697, * 19 (E.D. Cal. 2010); U.S. v. Chabin, 2007 U.S.Dist.Lexis 9228, * 53 (D. Nev. 2007); Beal v. Pliler, 2001 U.S.Dist.Lexis 18726, *20 (N.D. Cal. 2001).

There is no federal right for attorneys and clients to communicate with each other in confidence by telephone; it is sufficient if a jail provides facilities

for meetings in person. United States v. Lentz, 419 F.Supp.2d 820, 834-35 (E.D. Va. 2005), affirmed 524 F.3d 501 (4th Cir. 2008), cert. den. 129 S.Ct. 303; Steele v. County of San Bernardino, 2009 U.S.Dist.Lexis 125000, * 34-36, 41 (C.D. Cal. 2009)[2]; Engel v. Francis, 2010 U.S.Dist.Lexis 105870, * 8-9 (E.D. Va. 2010); U.S. v. Stanko, 2007 U.S.Dist.Lexis 4619 (D. Neb. 2007) (denying a motion to have unrecorded calls); McCroy v. Clark, 2008 Neb.App.Lexis 91, * 38 (Neb. 2008). There is no allegation that sufficient facilities for in person meetings are not provided.

Plaintiff admit actual knowledge that the calls were being recorded. However, even an undisclosed interception of attorney-client privileged communications implicates the Sixth Amendment only "only when it substantially prejudices the [criminal] defendant." Clutchette, 770 F.2d at 1471. An undisclosed interception of attorney-client privileged communications can lead to sanctions in the criminal case, up to and including exclusion of evidence, reversal on appeal of dismissal, but only if there is actual prejudice to the criminal defendant. U.S. v. Hernandez, 937 F.2d 1490, 1493 (9th Cir. 1991) ("Despite the high approbation our system has for the attorney-client privilege, the Supreme Court has twice held that government invasion of that privilege or the defense camp is not sufficient by itself to cause a Sixth Amendment violation. The defendant must have been prejudiced by such actions."); Riddick v. Baker, 1997 U.S.Dist.Lexis 5704 (E.D. Penn. 1997) (even if a conversation between an attorney and client was improperly overheard, there is no Sixth Amendment violation unless it was used by the prosecution); Sinclair v. Schreiber, 916 F.2d 1109, 1112 (6th Cir. 1990) (illegal wiretap which recorded attorney-client conversations did not violate the Sixth Amendment unless actual prejudice is shown).

---

[2]The report and recommendation of the magistrate judge was adopted by the district court judge at 2010 U.S. Dist.Lexis 12990 (C.D. Cal. 2010).

An interception of attorney-client privileged communications is not a basis for damages in a civil suit when there has been no prejudice in the criminal case. Bradley v. Health Midwest, Inc., 203 F.Supp.2d 1254, 1259 (D. Kan. 2002) ("Moreover, this court has been unable to find a single case where the plaintiff was awarded money damages under a § 1983 claim for deprivation of the right to counsel . . . Perhaps this is because the typical remedy for a violation of the Sixth Amendment right to counsel is that impermissibly obtained evidence is excluded."); Almond v. Sea, 2009 U.S.Dist.Lexis 89288 (S.D. W.Va 2009) (sending legal mail to the wrong addresses did not violate any federal right when no prejudice is alleged); Horecek v. Seaman, 2009 U.S.Dist.Lexis 82451, * 28-29 (E.D.Mich. 2009) (recording attorney-client privileged calls violated no federal right if the criminal defendant was not prejudiced); Wyatt v. County of Butte, 2007 U.S.Dist.Lexis 31352 (E. D. Cal. 2007) (allegation that attorney-client conversations were improperly overheard does not state a Sixth Amendment claim absent additional allegations showing prejudice as a result); Buford v. Bradley, 2010 U.S.Dist.Lexis 97372, * 6 (E.D. Ark. 2010) ("Further, to the extent that Plaintiff claims that Defendants Durhman, Bascoe and Hamms violated his "attorney - client privilege," by listening in on his telephone calls with his attorney, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. Such a violation does not implicate any right secured by the Constitution"); Marical v. Harrington, 2010 U.S.Dist.Lexis 106854, * 21 (C.D. Cal. 2010) (listening to recorded calls between attorney and client did not cause any prejudice and this did not violate federal law); Bryant v. Sells, 2010 U.S.Dist.Lexis 125076 (D. Haw. 2010) (opening legal mail violates no federal right when it does not cause prejudice to any criminal case); Zavala v. Rios, 2010 U.S.Dist.Lexis 55697, * 19 (E.D. Cal. 2010) (same).

Multiple cases expressly hold that recording or listening to conversations between an attorney and a client violates no federal Constitutional right absent a

showing of actual and substantial prejudice. Buford v. Bradley, 2010 U.S.Dist.Lexis 97372, * 6 (E.D. Ark. 2010); Steele v. County of San Bernardino, 2009 U.S.Dist.Lexis 125000, * 24-25 (C.D. Cal. 2009); Horecek v. Seaman, 2009 U.S.Dist.Lexis 82451, * 28-29 (E.D.Mich. 2009); Wyatt v. County of Butte, 2007 U.S.Dist.Lexis 31352, * 20-21 (E. D. Cal. 2007); U.S. v. Chabin, 2007 U.S.Dist.Lexis 8228, *62 (D. Nev. 2007).

Multiple cases hold that interception of legal mail violates no federal Constitutional right absent a showing of actual prejudice. Almond v. Sea, 2009 U.S.Dist.Lexis 89288 (S.D. W.Va 2009); Bryant v. Sells, 2010 U.S.Dist.Lexis 125076 (D. Haw. 2010); Zavala v. Rios, 2010 U.S.Dist.Lexis 55697, * 19 (E.D. Cal. 2010) (same); Henderson v. Campbell, 2007 U.S.Dist.Lexis 24293, * 63-70 (N.D.Cal. 2007).

A high standard is required to show prejudice. "Substantial prejudice results from the introduction of evidence gained through the interference against the defendant at trial, from the prosecution's use of confidential information pertaining to defense plans and strategy, and from other actions designed to give the prosecution an unfair advantage at trial." Williams v. Woodward, 384 F.3d 567, 585 (9th Cir. 2002) (habeas corpus case); U.S. v. Green, 962 F.2d 938, 941 (9th Cir. 1992) (revealing defense strategy to the prosecutor is not enough to show prejudice).

There are no allegations of any prejudice in any criminal case. As detailed below, the criminal court held hearings and expressly found no prejudice.

**B. THE CRIMINAL COURT CONDUCTED HEARINGS AND FOUND NO SEARCH OF ANY PRIVILEGED DOCUMENTS AND NO PREJUDICE**

As the original complaint admitted, the criminal court conducted hearings about plaintiff's allegations. The criminal court expressly found:

1. The court ordered plaintiff to specify the privileged documents he

contends were improperly searched or seized. After reviewing them, the court expressly found that none of them were privileged.

2. The court found no misconduct and no prejudice.

See request for judicial notice, exhibits 3 and)

## C. GROUNDS FOR DISMISSING SPECIFIC FEDERAL CLAIMS

### 1. The First Amendment Claim Should Be Dismissed

The first claim is based on the First Amendment. Plaintiff contends there is a First Amendment right not to be heard. The First Amendment provides a freedom to speak, not a prohibition on being heard. There is no First Amendment right for an attorney and client to speak without being overheard. McGinnis v. County of Fresno, 2008 U.S.Dist.Lexis 71876, * 28-29 (E.D. Cal. 2008). There also is no First Amendment right to confidential *telephone* communications between attorney and client. Steele, 2009 U.S.Dist.Lexis 125000 at * 35-36.

### 2. The Fourth Amendment Claim Should Be Dismissed

The second claim is based on the Fourth Amendment. The Fourth Amendment only applies if there is a search of something where there is a reasonable expectation of privacy. Calls from jails are made with multiple inmates and/or guards present, and as plaintiff admits, are accompanied by notices that the calls are being recorded. Multiple cases find no reasonable expectation of privacy for jailhouse conversations. United States v. Van Poyck, 77 F.3d 285, 290-291 (9th Cir. 1996); U.S. v. Monghur, 588 F.3d 975, 979 (9th Cir. 2009); United States v. Sabaru, 891 F.2d 1308, 1329 (7th Cir. 1989); United States v. Hammond, 286 F.3d 189, 192 (4th Cir. 2002), cert. den. 537 U.S. 900; United States v. Lewis, 406 F.3d 11 (1st Cir. 2005); U.S. v. Friedman, 300 F.3d 111, 123 (2nd Cir. 2002).

The second claim also alleges improper searches of mail and documents kept in his cell. Again, the criminal court expressly found that none of the

documents were privileged.

**3. The Fifth Amendment Self Incrimination Claim Should Be Dismissed**

The third claim alleges violations of the 5th Amendment self-incrimination clause. Settled law finds no violation of the self incrimination clause unless statements of a criminal defendant are actually used in court. Chavez v. Martinez, 538 U.S. 760 (2003) (Fifth Amendment is not violated when statements are taken without Miranda warnings but the statements are never used in any criminal proceeding); Aguilera v. Baca, 510 F.3d 1161 (9th Cir. 2007) (coerced statements do not violate the Fifth Amendment when they were never used). There is no allegation that any statements were ever used for any purpose. The criminal case has not been tried.

**4. The Sixth Amendment Claim Should Be Dismissed**

The fourth claim is based on the Sixth Amendment. The cases cited above find no violation of the Sixth Amendment unless interception of attorney-client communications has caused actual prejudice in the criminal case. Plaintiff alleges no prejudice and the criminal court expressly found no prejudice.

**5. The Equal Protection Claim Should Be Dismissed**

Portions of the fifth claim allege a violation of the Equal Protection clause. The Equal Protection clause applies only if similarly situated people have been treated differently. Steele, 2009 U.S.Dist.Lexis 125000 at * 38-39, and cases cited therein.

The sixth claim alleges no facts at all and does not mention any treatment of any kind. In the general allegations there is an allegation that plaintiff is Hispanic and a homosexual (¶ 4), but there is no allegation that any inmate who is not Hispanic or who is not homosexual was treated any differently.

**6. The Due Process Claim Should Be Dismissed**

The fifth claim also contains an allegation of violation of the Due Process

clause. No facts are alleged. The cases cited above find recording of calls made from jails to be proper. The criminal court expressly found no misconduct and no prejudice.

**7. The 42 U.S.C. § 1985(3) Claim Should Be Dismissed**

The sixth claim alleges violations of 42 U.S.C. § 1985(3). That statute only applies to class based conspiracies. Sprewell v. Golden State Warriers, 266 F.3d 979, 989 (9th Cir. 2001). Plaintiff alleges that he is Hispanic and homosexual. (¶ 62) However, he does not allege that anyone who is not Hispanic or not homosexual was treated any differently.

The only factual allegations address the policy of recording calls made from the jail. Again, settled law allows recording. Again, the criminal court expressly found no misconduct and no prejudice.

Plaintiff also alleges violations of a state court order. Sections 1983 and 1985 are not a basis for litigating alleged violations of state law. Davis v. Scherer, 468 U.S. 183, 194-96 (1984); Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990); Peruta v. County of San Diego, 2010 U.S.Dist.Lexis 130878, * 37, n. 12 (S.D.Cal. 2010) ("there is no cause of action under section 1983 for violation of a state statute"); Scheeler v. City of St. Cloud, 402 F.3d 826, 832 (8th Cir. 2005) ("alleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983."); West v. Rahr, 2009 U.S.Dist.Lexis 87818, * 15 (W.D. Wash. 2009) ("First, is the violation of a state court order, alone, actionable under § 1983. The short answer is no.").

**8. The Monell and Supervisor Claims Should Be Dismissed**

The eleventh claim alleges both a Monell claim against the County and a claim against supervisors for failure to train. The twelfth claim is a straight Monell claim.

Unless an employee actually violated federal law, it is completely

irrelevant what policies a county has or what type of training and supervision is provided, and there is no possible basis for liability under either a Monell theory or a supervisor theory. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001) ("Neither a municipality nor a supervisor, however, can be held liable under § 1983 where no injury or constitutional violation has occurred.").

**D. ALTERNATIVELY, THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BASED ON QUALIFIED IMMUNITY**

Individual defendants are not liable unless they violated clearly established law. Saucier v. Katz, 533 U.S. 194, 202 (2001) ("The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. [Citation] The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). Qualified immunity necessarily depends on the law which has been published prior to the acts in question; public employees are not required to predict future developments of the law. Wilson v. Layne, 526 U.S. 603, 617 (1999); Fogel v. Collins, 531 F.3d 824, 833 (9th Cir. 2008).

The multiple cases cited above uphold jail and prison recording systems and find no obligation to allow any confidential telephone communications with attorneys. Even if the court in hindsight should disagree with those other cases, the individual defendants did not violate any clearly established law.

**VII**

**THE STATE LAW CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE**

When a federal court dismisses all federal law claims before trial, it usually

should dismiss any state law claims without prejudice. 28 U.S.C. § 1367(c); Acri v. Varian Associates, 114 F.3d 999, 1001 (9th Cir. 1997).

VIII

**THE STATE CONSTITUTIONAL CLAIMS FOR DAMAGES SHOULD BE DISMISSED**

The seventh claim seeks damages based on various provisions of the California Constitution. That claim should be dismissed because the cited provisions do not provide a right to damages. In a series of cases, California and federal courts have held that California Constitutional provisions which do not inherently include a right to damages, such as the inverse condemnation clause, are not a basis for a claim for a cause of action seeking damages. Katzberg v. Regents of University of California (2002) 29 Cal.4th 300 (due process clause); Shaw v. County of Santa Cruz, 170 Cal.App.4th 228, 265, n. 4 (2008) (same); DeGrassi v. Cook (2002) 29 Cal.4th 333 (free speech clause); Motevalli v. Los Angels Unified School District, 122 Cal.App.4th 97, 115 (2004) (same); MHC Financing Partnership Two v. City of Santee, 182 Cal.App.4th 1169 (2010) (right to petition clause); Giraldo v. Department of Corrections & Rehabilitation, 168 Cal.App.4th 231 (2008) (cruel and unusual punishment and excessive fines clause); County of San Diego v. State, 164 Cal.App.4th 580, 609 (2008) (reimbursement clause); Richards v. Department of Alcoholic Beverages, 139 Cal.App.4th 304, 317 (2006) (due process and equal protection clauses); Javor v. Taggart, 98 Cal.App.4th 795, 807 (2002) (same); Wargnier v. National City Mortgage, 2010 U.S.Dist.Lexis 62805, * 4 (S.D. Cal. 2010) (clause stating "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin"); Wigfall v. City and County of San Francisco, 2007 U.S.Dist.Lexis 82047, * 9 (N.D.Cal. 2007) (search and seizure clause); Hutchinson v. Mara,

2010 U.S.Dist.Lexis 4488, * 9-10 (E.D. Cal. 2010) (same); Smith v. City of Riverside, 2006 U.S.Dist.Lexis 98213, * 18-19 (C.D. Cal. 2006) (Article I, § 1); Camarillo v. City of Maywood, 2008 U.S.Dist.Lexis 85386, * 18 (C.D. Cal. 2008) (same).

## IX

## THE STATE INVASION OF PRIVACY CLAIM SHOULD BE DISMISSED

The eighth claim is based on Penal Code § 632 et seq. Those statutes address recording of telephone calls. People v. Windom, 145 Cal.App.4th 881 (2006), held that recording of jail telephone calls, after notice of a standard recording procedure, does not violate these statutes. See also Steele, 2009 U.S.Dist.Lexis 125000 at * 44-45; Mariscal v. Harrington, 2010 U.S.Dist. Lexis 106854, * 20 (C.D. Cal. 2010); Doe v. City of San Mateo, 2010 U.S.Dist.Lexis 45374, * 14-16 (N.D. Cal. 2010).

## X

## THE CIVIL CODE § 51 CLAIM SHOULD BE DISMISSED

The ninth claim alleges violations of Civil Code § 51. That statute only applies if there has been unequal treatment based on one of the listed categories. Plaintiff again alleges that he is Hispanic and homosexual, but he again makes no allegation that anyone who is not Hispanic or not homosexual was treated any differently. Actions which apply to everyone or which are based on reasons not included in § 51 are not a basis for a claim under § 51. Roth v. Rhodes, 25 Cal.App.4th 530, 538 (1994); Marsh v. San Diego County, 432 F.Supp.2d 1035, 1059 (S.D. Cal. 2006); Mohammad Akhavein v. Argent Mortgage Co., 2009 U.S.Dist.Lexis 61796, * 16 (N.D. Cal. 2009)

## CONCLUSION

For all the foregoing reasons it is respectfully submitted that the second amended complaint should be dismissed for the grounds stated above.

DATED: June 17, 2011

ARIAS & LOCKWOOD

By ______________________
Christopher D. Lockwood
Attorneys for defendants County of Riverside (sued as itself, as "County of Riverside Board of Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes