Arthur K. Cunningham, SB# 97506
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Facsimile: (909) 387-1138
Akcatty@LBBSLaw.com

Christopher D. Lockwood, SBN 110853
**Arias & Lockwood**
225 W. Hospitality Lane, Suite 314
San Bernardino, CA 92408
Phone: (909) 890-0125
Fax: (909) 890-0185
Christopher.Lockwood@AriasLockwood.com

Attorneys for defendants County of Riverside (sued as itself, as "County of Riverside Board of Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; COUNTY OF RIVERSIDE BOARD OF SUPERVISORS; RODRIC PACHECO; KELLY PATRICK KEENAN; SARA LYNN DANVILLE; OTIS STERLING, III; LISA DiMARIA; BRUCK BLANCK; COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT; STANLEY SNIFF, JR.; DAN EAGLIN; PAUL TESINSKY; LINDA HUGHES; CASSANDRA MORROW; SECURUS TECHNOLOGIES, INC.; RICHARD A (RICK) SMITH; GLOBAL TEL LINK; BRIAN OLIVER, and Does 1-10, inclusive,<br><br>    Defendants | CASE NO. 11-00034 VAP (OPx)<br><br>NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>(Filed with motion to dismiss and request for judicial notice)<br><br>DATE: August 15, 2011<br>TIME: 2:00 p.m.<br>ROOM: 2 |

Please take notice that on August 15, 2011 at 2:00 p.m. in courtroom 2, defendants County of Riverside (sued as itself, as "County of Riverside Board of

1

Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes will move for an order striking the following portions of the first amended complaint:

**Prayers for compensatory damages by plaintiff Garcia based on federal law**

All prayers for compensatory damages by plaintiff Garcia based on federal law:

1. The prayer for compensatory damages at 26/10-11
2. The prayer for compensatory damages at 27/8-9
3. The prayer for compensatory damages at 28/6-7
4. The prayer for compensatory damages at 29/4-5
5. The prayer for compensatory damages at 30/2-3
6. The prayer for compensatory damages at 30/28-31/1
7. The prayer for compensatory damages at 34/7-8
8. The prayer for compensatory damages at 34/14-15

DATED: June 17, 2011                    ARIAS & LOCKWOOD

By_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside (sued as itself, as "County of Riverside Board of Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes

MEET AND CONFER COMPLIANCE

I sent a draft motion to dismiss the original complaint to plaintiff's counsel. We had several exchanges of emails and telephone conversations then reached an agreement that plaintiff would file a first amended complaint.

Following receipt of the first amended complaint I sent a meet and confer email to plaintiffs' counsel. We then exchanged several emails and had a lengthy conference call. Plaintiff agreed to file a second amended complaint in response to the issues I raised and which counsel for co-defendants raised.

I sent a detailed meet and confer email in response to the second amended complaint. We exchanged additional emails in response to the second amended complaint and were not able to reach agreement on any other issues.

_____
Christopher D. Lockwood

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## SUMMARY OF ARGUMENT

The facts are stated in the motion to dismiss. This motion seeks an order striking prayers for compensatory damages by plaintiff Garcia based on federal law.

## II

## A DEFENDANT MAY MOVE FOR AN ORDER STRIKING ANY IMPROPER PORTION OF A COMPLAINT

F.R.Civ.P. Rule 12(f)

## III

## ALL FEDERAL CLAIMS FOR COMPENSATORY DAMAGES BY GARCIA SHOULD BE STRICKEN

Plaintiff Garcia, an inmate, seeks damages under a variety of federal statutes and Constitutional provisions based on alleged actions while he has been incarcerated. However, he never alleges any physical injury whatsoever. His claims for compensatory damages are therefore barred by 42 U.S.C. § 1997e(e), provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A person confined to a jail or prison cannot seek compensatory damages under federal law without a showing of physical injury. See, e.g., Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ("we hold today that for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury

1 that need not be significant but must be more than de minimis."); <u>Pierce v.
2 County of Orange</u>, 526 F.3d 1190, 1224 (9th Cir. 2008) (failure to provide
3 medical care); <u>Morris v. Hickson</u>, 2010 U.S.Dist.Lexis 77152, * 60 (E.D. Cal.
4 2010) (sexual harassment); <u>Jackson v. Monterey County Jail</u>, 2010
5 U.S.App.Lexis 26776 (9th Cir. 2010) (asbestos exposure).

The Ninth Circuit has held that while claims for compensatory damages cannot proceed in the absence of physical injuries, claims restricted to nominal and punitive damages may proceed. <u>Oliver v. Keller</u>, 289 F.3d 623, 626-28 (9th Cir. 2002). See <u>Morris v. Hickson</u>, 2010 U.S.Dist.Lexis 77152, * 60.

All prayers for compensatory damages based on federal law should be stricken:

9. The prayer for compensatory damages at 26/10-11
10. The prayer for compensatory damages at 27/8-9
11. The prayer for compensatory damages at 28/6-7
12. The prayer for compensatory damages at 29/4-5
13. The prayer for compensatory damages at 30/2-3
14. The prayer for compensatory damages at 30/28-31/1
15. The prayer for compensatory damages at 34/7-8
16. The prayer for compensatory damages at 34/14-15

DATED: June 17, 2011                    ARIAS & LOCKWOOD

By _____
Christopher D. Lockwood
Attorneys for defendants County of Riverside (sued as itself, as "County of Riverside Board of Supervisors" and as "County of Riverside Sheriff's Department"), Otis Sterling, III, Lisa DiMaria, Bruck Blanck, Stanley Sniff, Jr., Paul Tesinsky, and Linda Hughes