GREENBERG TRAURIG, LLP
ROBERT J. HERRINGTON (SBN 234417)
herringtonr@gtlaw.com
MATTHEW R. GERSHMAN (SBN 253031)
gershmanm@gtlaw.com
2450 Colorado Avenue, Suite 400E
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendants
GLOBAL TEL*LINK CORPORATION and
BRIAN OLIVER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, et al.<br><br>Defendants. | CASE NO. EDCV11-34 VAP (OPx)<br><br>**DECLARATION OF ROBERT J. HERRINGTON RE:  COMPLIANCE WITH LOCAL CIVIL RULE 7-3**<br><br>*[Motion to Dismiss, Request for Judicial Notice, and Appendix of Cases from Lexis filed concurrently herewith]*<br><br>DATE:     August 15, 2011<br>TIME:     2:00 PM<br>PLACE:   Courtroom 2<br>JUDGE:   Hon. Virginia A. Phillips<br><br>ACTION FILED:  April 15, 2011<br>TRIAL DATE:     Not Set |

## DECLARATION OF ROBERT J. HERRINGTON

I, Robert J. Herrington, declare:

1.     I am an attorney at law duly licensed to practice before all courts of the State of California and the United States District Court for the Central District of California.  I am a shareholder of the law firm Greenberg Traurig, LLP, attorneys of record for

1

Defendants Global Tel*Link Corporation and Brian Oliver (collectively, the "GTL Defendants"). I make this declaration in support of the GTL Defendants' Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.  Plaintiff filed his original Complaint on January 4, 2011. (Docket No. 1). After meet-and-confer discussions, Plaintiff agreed to amend. Based on the stipulation of the parties, this Court ordered that no response was necessary to the original Complaint and that Plaintiff could file an amended complaint. (Docket No. 8).

3.  Plaintiff filed his First Amended Complaint on April 7, 2011. (Docket No. 9). After further meet-and-confer discussions, Plaintiff agreed to amend once again. Based on the stipulation of the parties, this Court ordered that no response was necessary to the First Amended Complaint and that Plaintiff could file a Second Amended Complaint. (Docket No. 16).

4.  Plaintiff filed his Second Amended Complaint on May 30, 2011. (Docket No. 17). At approximately 8:30 AM on June 14, 2011, I sent a detailed e-mail to Plaintiff's counsel, setting forth the authorities supporting the GTL Defendants' motion to dismiss and requesting a meet-and-confer conference on the same, pursuant to L.R. 7-3. A true and correct copy of my e-mail is attached hereto as Exhibit 1. As of the filing of this declaration, I have not received any reply from Plaintiff's counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of June 2011, at Santa Monica, California.

/s/ Robert J. Herrington
Robert J. Herrington

# Exhibit 1

## Gershman, Matthew R. (Assoc-LA-LT)

| | |
|---|---|
| **From:** | Herrington, Robert J. (Shld-LA-LT) |
| **Sent:** | Tuesday, June 14, 2011 8:34 AM |
| **To:** | Christopher Lockwood; 'John Russo'; 'David Wright' |
| **Cc:** | 'ARTHUR CUNNINGHAM'; Gershman, Matthew R. (Assoc-LA-LT) |
| **Subject:** | RE: Garcia & Wright v. County of Riverside |

Dear Messrs. Russo and Wright:

Further to Mr. Lockwood's email below, I am also requesting a meet and confer on behalf of defendants GTL and Brian Oliver, who intend to bring a motion to dismiss against the Second Amended Complaint.

I will not needlessly repeat the grounds set forth already below by Mr. Lockwood, but I would add that the allegations against the GTL defendants are speculative, fatally vague, and cannot be cobbled together to state any claim under the *Twombly/Ashcroft* pleading standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the SAC, there are no allegations that GTL actually monitored or listened in on any of the allegedly privileged calls. Rather, the SAC alleges that two *county* employees are responsible for "monitoring, recording, copying and disseminating recorded telephone calls between the detainees and third parties, including lawyers." (SAC, ¶ 16). And there are no allegations that Oliver did anything at all other than to be an executive of GTL.

I also refer you to the following authorities specific to each of the three causes of action brought against my clients:

**Sixth "Cause of Action" for Violation of 42 U.S.C. § 1985(3)**

A Section 1985(3) claim must allege three essential elements: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *E.g., Wells v. Bd. of Trustees of Cal. State Univ.*, 393 F. Supp. 2d 990, 996 (N.D. Cal. 2005); *see also Arnold v. Tiffany*, 487 F.2d 216, 218 (9th Cir. 1973). In this case, Plaintiff has failed to adequately allege any of the three elements.

First, Plaintiff fails to allege any facts required to support a claim of conspiracy—let alone a conspiracy specifically designed to deprive him of equal protection and privileges. Vague and conclusory allegations of a conspiracy are insufficient to state a claim under Section 1985(3). *See Buckheit v. Dennis*, 713 F. Supp. 2d 910, 922 (N.D. Cal. 2010); *see also Burns v. County of King*, 883 F. 2d 819, 821 (9th Cir. 1989). Additionally, the SAC also fails to allege that the purported conspiracy was designed to deprive Plaintiff of equal protections under the law. Although, Plaintiff alleges that he is a homosexual man of Hispanic ethnicity (SAC, ¶ 62), he never suggests that defendants treated him any differently than heterosexuals or non-Hispanics or that he was ever injured because of his sexual orientation or ethnicity. *See Wells v. Bd. of Trustees of Cal. State Univ.*, 393 F. Supp. 2d 990, 996 (N.D. Cal. 2005); *see also Arnold v. Tiffany*, 487 F.2d 216, 218 (9th Cir. 1973) (affirming dismissal on motion to dismiss because the plaintiffs failed to allege injury because of membership in the alleged class: "'The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory

animus behind the conspirators' action.'" (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02, 91 S. Ct. 1790, 1798, 29 L.Ed. 2d 338 (1971)); *Nakao v. Rushen*, 542 F. Supp. 856, 859 (N.D. Cal. 1982) ("There is no allegation in the complaint that the actions of defendants were the result of a class-based, invidiously discriminatory intent. Plaintiffs have thus failed to state a claim upon which relief can be granted.").

Second, even if Plaintiff had alleged the existence of a conspiracy, he still fails to allege that GTL did anything in furtherance of a conspiracy. As explained above, the SAC already concedes that two *county* employees are the ones allegedly responsible for "monitoring, recording, copying and disseminating recorded telephone calls between the detainees and third parties, including lawyers." (SAC, ¶ 16). GTL is merely the vendor for the systems and technical support. (*Id.*). But even if GTL had recorded phone calls (contrary to the allegations in paragraph 16 of the SAC), there would have been nothing improper about that because federal civil rights claims are not a basis for litigating alleged violations of state law. *See, e.g., Ove v. Gwinn*, 264 F. 3d 817, 823-24 (9th Cir. 2001); *see also Barry v. Fowler*, 902 F.2d 770, 77 (9th Cir. 1990); *Peruta v. County of San Diego*, 09CV2371-IEG (BGS), 2010 U.S. Dist. LEXIS 130878, at *37 n.12 (S.D. Cal. Dec. 10, 2010) ("there is no cause of action under section 1983 for violation of a state statute"); *accord Scheeler v. City of St. Cloud*, 402 F. 3d 826, 832 (8th Cir. 2005) ("'alleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983.'" (citation omitted)). Moreover, even if a violation of state law were sufficient to support a civil rights claim (it is not), Garcia still fails to allege facts that show such a violation by GTL/Oliver. Cause of Action Six relies upon California Penal Code § 636, which prohibits only *non-consensual* recording of prisoner/attorney phone calls, but the SAC concedes that automated recorded messages indicated to Plaintiff (and the other person on his calls) that the phone calls were being recorded. (SAC, ¶¶ 36, 46.a). Thus, there could be no violation of Penal Code § 636 where the parties to the call knew of the recording and impliedly consented thereto. *See Steele v. County of San Bernardino*, CV 03-05774-PA (VBK), 2009 U.S. Dist. LEXIS 125000, at *44-45 (C.D. Cal. Oct. 28, 2009) (holding Penal Code § 636 did not apply where jailed plaintiff was "given advance notice in a form of a prerecorded message advising Plaintiff that his calls would be subject to monitoring and recording"), *magistrate judge's recommendation was approved and adopted by U.S. District Judge in* 2010 U.S. Dist. LEXIS 12990, at *1 (Feb. 12, 2010); *cf. Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117-18 (2006); *People v. Windom*, 145 Cal. App. 4th 881, 888, 891 (Ct. App. 2006); *Forest E. Olson, Inc. v. Super. Ct.*, 63 Cal. App. 3d 188, 192 (Ct. App. 1976).

Moreover, the statutory scheme for the Privacy Act, on its face, exempts GTL/Oliver from application of Penal Code § 636. *See* Cal. Penal Code § 632(b) (defining "person" subject to the statute as follows: "The term 'person' includes an individual, business association, partnership, corporation, limited liability company, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but *excludes an individual known by all parties to a confidential communication to be overhearing or recording the communication*." (emphasis added)); *See McCarther v. Pac. Telesis Group*, 48 Cal. 4th 104, 110 (2010) ("[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (citations omitted)); *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 219 (Ct. App. 2010) ("statutes on the same subject matter or of the same subject should be construed together so that all the parts of the statutory scheme are given effect").

Third, even if there were phone calls recorded by defendants in furtherance of some conspiracy to discriminate against Plaintiff because of his sexual orientation or ethnicity, the SAC still fails to allege a Section 1985(3) claim because it does not allege any resulting damage. The SAC actually concedes that Plaintiff cannot allege this essential element. (SAC, ¶ 68).

**Tenth "Cause of Action" for violation of Cal. Penal Code § 11149.4**

Garcia alleges that the GTL defendants are vendors governed by Penal Code § 11149.4 and that their alleged disclosures of information to the County Defendants violated the statute.  (SAC, ¶¶ 82-92).  But GTL and its employees are not governed by Penal Code Section 11149.4, which has nothing to do with recording prison phone calls or disclosing those  recordings to anyone.  Rather, Section 11149.4 is part of a specific chapter of the Penal Code called "Chapter 1.5 - National Search of Criminal Records"—the sole purpose of which is to protect the youth of California by providing for background checks on employees of the state and local government who work with children.  *See also* the Session Law that enacted all of Chapter 1.5, which explains that the law was necessary to fill a gap left by the Reagan administration when it suspended the FBI's national fingerprinting services, which has nothing to do with the allegations in this action.  (1982 Cal. Stat. 4518 sec. 1, 4519 sec. 3, 4520 sec. 5).

**Eleventh "Cause of Action" for failure to train and/or supervise**

This claim apparently purports to be a *Canton/Monell* failure-to-supervise claim.  Even if Plaintiff actually alleged any facts regarding the allegedly inadequate training or supervision provided by the GTL defendants (he doesn't), this claim still fails, because (1) the SAC does not allege facts to show that the GTL defendants were acting under the color of state law, (2) even if GTL/Oliver were acting under the color of state law, the SAC does not allege facts showing a deprivation of any Constitutional right, and (3) the SAC does not allege facts showing any resulting injury.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L.Ed. 2d 130 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.''" (citations omitted)).

First, as non-government parties, GTL and Oliver are not state actors and cannot be held liable for any supposed violations of Garcia's constitutional rights.  *George v. Pacific-CSC Work Furlough*, 91 F. 3d 1227, 1229 (9th Cir. 1996) ("Individuals bringing actions against private parties for infringement of their constitutional rights … must show that the private parties' infringement somehow constitutes state action."); *see also United States v. Goldstein*, 532 F. 2d 1305, 1311 (9th Cir. Cal. 1976) ("Although communications carriers may sometimes give the appearance of governmental agencies, they in fact are private companies which possess none of the criteria which might make them responsible under the Fourth Amendment as government bodies."); *see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974) ("the supplying of utility service is not traditionally the exclusive prerogative of the State"); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").

Second, Even assuming the GTL defendants operated under color of law (they did not), the claim still fails.  Garcia alleges that "[t]he failure to train and supervise was an official policy of the Defendants County, Pacheco, Sniff, GTL and Oliver."  (SAC, ¶ 98).  However, it makes no difference what GTL's policy was under a *Monell/Canton* theory, because unless a GTL employee actually violated federal law, the alleged failure to train or supervise is no basis for liability.  *See Los Angeles v. Heller*, 475 U.S. 796, 798-99 (1986); *see also Jackson v. City of Bremerton*, 268 F. 3d 646, 653 (9th Cir. 2001).  And in this case, neither GTL nor Oliver can be held liable under a *Monell/Canton* theory because there cannot be any underlying constitutional violation by any GTL employee, in light of Garcia's admission that two *county* employees were responsible for "monitoring, recording, copying and

disseminating recorded telephone calls between the detainees and third parties, including lawyers." (SAC, ¶ 16). Still, even assuming that GTL actually conducted the monitoring and recording of phone calls, Garcia still alleges no facts showing violation of any of the Amendments mentioned in the 11th Cause of Action:

- *There is no First Amendment "due process" violation.* Nothing in the SAC or in the universe of judicially noticeable facts suggests how the recording of jail phone calls unreasonably restrained Garcia free speech, especially in light of the criminal court's holding that there was no prosecutorial misconduct and no prejudice against Garcia. *See, e.g., McGinnis v. County of Fresno*, CV-F-08-542 OWW, 2008 U.S. Dist. LEXIS 71876, at *28-29 (E.D. Cal. Sept. 22, 2008) (granting motion to dismiss claim for violation of the First Amendment based on alleged inability to conduct an unmonitored attorney-client conference).

- *There is no Fourth Amendment violation.* It is well established that there is no violation of federal law when an inmate's or detainee's phone calls are recorded and the inmate or detainee is on notice of the recording, because "an inmate who uses jail or prison telephones with knowledge of a recording policy impliedly consents to the monitoring and recording of the calls." *See, e.g., People v. Windham*, 145 Cal. App. 4th 881, 886-87 (Ct. Ap. 2007). Moreover, Garcia could not have had any expectation of privacy in phone calls that he knew were monitored and recorded by jail personnel.

- *There is no Sixth Amendment violation.* Garcia does not (and cannot) allege any resulting prejudice—let alone *substantial* prejudice—from the government's alleged recording of attorney phone calls. The criminal court has already found there was no prejudice in Garcia's case. *See Williams v. Woodford*, 384 F. 3d 567, 584-85 (9th Cir. 2002) ("When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant. Substantial prejudice results from the introduction of evidence gained through the interference against the defendant at trial, from the prosecution's use of confidential information pertaining to defense plans and strategy, and from other actions designed to give the prosecution an unfair advantage at trial." (citations omitted)); *see also United States v. Hernandez*, 937 F. 2d 1490, 1493 (9th Cir. 1991) ("Despite the high approbation our system has for the attorney-client privilege, the Supreme Court has twice held that government invasion of that privilege or the defense camp is not sufficient by itself to cause a Sixth Amendment violation. The defendant must have been prejudiced by such actions. Our circuit has also explicitly held that prejudice is required." (citations omitted)).

- *There is no Fifth or Fourteenth Amendment violation.* Garcia's Fifth Amendment right against self-incrimination could not have been violated because he does not allege that any of his recorded statements have actually been used against him in Court. Indeed, his criminal case has not even been tried yet. *See, e.g., Aguilera v. Baca*, 510 F. 3d 1161, 1173 (9th Cir. 2007). There are also no facts alleged to support a claim based on a due-process violation. Nor could there be, because even if the criminal court had not already ruled that there was *no misconduct and no prejudice against Garcia*, "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial," and Garcia has not had any unfair trial. *See Smith v. Phillips*, 455 U.S. 209, 219 (1982). Additionally, as set forth above, there are no facts alleged indicating any violation of the Equal Protection Clause. *See Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

Third, Garcia's claim also fails for the independently sufficient reason that the SAC fails to

allege any facts showing basic element of an actual injury.  Nor can the SAC be amended to allege any injury, because there has already been a finding of no prejudice.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.''" (citations omitted)); *see also Bova v. City of Medford*, 564 F. 3d 1093, 1096 (9th Cir. 2009) ("To have standing, a plaintiff must have suffered an injury in fact that is 'concrete and particularized;' that can be fairly traced to the defendant's action … ." (citing *Lujan*)).

**Motion to Strike Improper Prayer for Compensatory Damages**

Also, GTL and Oliver intend to join in the County Defendants' motion to strike, or to otherwise separately move to strike, pursuant to FRCP 12(f), the prayer for compensatory damages against the GTL defendants.  *See* 42 U.S.C. § 1997e(e).

*     *     *

I have provided the foregoing detailed explanation so that we may hold a productive meet-and-confer conference, pursuant to L.R. 7-3.  I am available most of today and tomorrow for such a conference.  Please let me know if and when you are willing to discuss these issues.  This is now the third iteration of the complaint, and we have already discussed many of these issues.  I understand you have not held a meet-and-confer discussion with Mr. Lockwood, so perhaps we can do it all at one time.  But if I do not hear from you in time, then we will have no choice but to move forward with filing these motions on the 20th.

---

**From:** Christopher Lockwood [mailto:christopher.lockwood@ariaslockwood.com]
**Sent:** Friday, June 10, 2011 12:44 PM
**To:** 'John Russo'; 'David Wright'
**Cc:** 'ARTHUR CUNNINGHAM'; Herrington, Robert J. (Shld-LA-LT); Gershman, Matthew R. (Assoc-LA-LT)
**Subject:** Garcia & Wright v. County of Riverside

I am writing yet again to meet and confer prior to filing a motion to dismiss.  I provided you with my authorities and analysis several times previously.  The question is whether you are willing to dismiss the lawsuit or portions thereof.  Please let me know your position.  To repeat, the grounds are:

**Federal claims**

All    42 U.S.C. § 1997e(e) bars all claims for compensatory damages.

1    There is a first amendment right to speak but no right not to be heard.  McGinnis v. County of Fresno, 2008 U.S.Dist.Lexis 71876, * 28-29 (E.D. Cal. 2008).

2    Multiple cases find no reasonable expectation of privacy in calls made from jails.  See United States v. Van Poyck, 77 F.3d 285, 290-291 (9th Cir. 1996); U.S. v. Monghur, 588 F.3d 975, 979 (9th Cir. 2009); United States v. Sabaru, 891 F.2d 1308, 1329 (7th Cir. 1989); United States v. Hammond, 286 F.3d 189, 192 (4th Cir. 2002), cert. den. 537 U.S. 900; United States v. Lewis, 406 F.3d 11 (1st Cir. 2005); U.S. v. Friedman, 300 F.3d 111, 123 (2nd Cir. 2002).

3     The fifth amendment applies only if statements have been used against a criminal defendant.  <u>Chavez v. Martinez</u>, 538 U.S. 760 (2003); <u>Aguilera v. Baca</u>, 510 F.3d 1161 (9th Cir. 2007).  No statements have ever been used.  In fact, no statements are even identified.

4     The sixth amendment is potentially implicated only if there is actual prejudice in a criminal case.  <u>Bradley v. Health Midwest, Inc.</u>, 203 F.Supp.2d 1254, 1259 (D. Kan. 2002); <u>Almond v. Sea</u>, 2009 U.S.Dist.Lexis 89288 (S.D. W.Va 2009); <u>Horecek v. Seaman</u>, 2009 U.S.Dist.Lexis 82451, * 28-29 (E.D.Mich. 2009); <u>Wyatt  v. County of Butte</u>, 2007 U.S.Dist.Lexis 31352 (E. D. Cal. 2007); <u>Buford v. Bradley</u>, 2010 U.S.Dist.Lexis 97372, * 6 (E.D. Ark. 2010); <u>Marical v. Harrington</u>, 2010 U.S.Dist.Lexis 106854, * 21 (C.D. Cal. 2010); <u>Bryant v. Sells</u>, 2010 U.S.Dist.Lexis 125076 (D. Haw. 2010); <u>Zavala v. Rios</u>, 2010 U.S.Dist.Lexis 55697, * 19 (E.D. Cal. 2010).  You do not allege any prejudice, and the factual finding by the criminal court that there is no prejudice precludes you from doing so.

5     The due process portion of this claim duplicates the claims listed above and fails for the same reasons.  The equal protection portion does not identify anyone similarly situated but treated more favorably.

6     42 U.S.C. § 1985(3) requires proof of unequal treatment based on membership in a protected class.  You allege that Mr. Garcia is Hispanic and homosexual, but allege nothing to suggest that either of those has any relevance to anything alleged in this case.  You do not identify anyone similarly situated but treated more favorably.

State law claims

All     They should be dismissed once the federal claims are dismissed.  28 U.S.C. § 1367(c); <u>Acri v. Varian Associates</u>, 114 F.3d 999, 1001 (9th Cir. 1997).

7     The California Constitutional provisions are not a basis for damages.  <u>Katzberg v. Regents of University of California</u> (2002) 29 Cal.4th 300 (due process clause); <u>Shaw v. County of Santa Cruz</u>, 170 Cal.App.4th 228, 265, n. 4 (2008) (same); <u>DeGrassi v. Cook</u> (2002) 29 Cal.4th 333 (free speech clause); <u>Motevalli v. Los Angeles Unified School District</u>, 122 Cal.App.4th 97, 115 (2004) (same); <u>MHC Financing Partnership Two v. City of Santee</u>, 182 Cal.App.4th 1169 (2010) (right to petition clause); <u>Giraldo v. Department of Corrections & Rehabilitation</u>, 168 Cal.App.4th 231 (2008) (cruel and unusual punishment and excessive fines clause); <u>County of San Diego v. State</u>, 164 Cal.App.4th 580, 609 (2008) (reimbursement clause); <u>Richards v. Department of Alcoholic Beverages</u>, 139 Cal.App.4th 304, 317 (2006) (due process and equal protection clauses);  <u>Javor v. Taggart</u>, 98 Cal.App.4th 795, 807 (2002) (same); <u>Wargnier v. National City Mortgage</u>, 2010 U.S.Dist.Lexis 62805, * 4 (S.D. Cal. 2010) (clause stating "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin"); <u>Wigfall v. City and County of San Francisco</u>, 2007 U.S.Dist.Lexis 82047, * 9 (N.D.Cal. 2007) (search and seizure clause); <u>Hutchinson v. Mara</u>, 2010 U.S.Dist.Lexis 4488, * 9-10

(E.D. Cal. 2010) (same); <u>Smith v. City of Riverside</u>, 2006 U.S.Dist.Lexis 98213, * 18-19 (C.D. Cal. 2006) (Article I, § 1); <u>Camarillo v. City of Maywood</u>, 2008 U.S.Dist.Lexis 85386, * 18 (C.D. Cal. 2008) (same).

8   <u>People v. Windom</u>, 145 Cal.App.4th 881 (2006), held that recording of jail telephone calls, after notice of a standard recording procedure, does not violate these statutes.  See also <u>Mariscal v. Harrington</u>, 2010 U.S.Dist. Lexis 106854, * 20 (C.D. Cal. 2010); <u>Doe v. City of San Mateo</u>, 2010 U.S.Dist.Lexis 45374, * 14-16 (N.D. Cal. 2010).

9   The portion based on federal law fails for the reasons stated above.  Although there are generic equal protection allegations, there are no allegations that anyone similarly situated was treated more favorably.

10  Only applicable to other defendants

11  It is unclear whether this is based on federal or California law.  If federal, it fails for the reasons stated above.  If California, it fails both because of the lack of any duty and because of <u>Government Code</u> § 820.8.

12  The <u>Monell</u> claim fails for the reasons stated above.


If you have any contrary authority on any of these issues please cite it and I will review it.  If you are sticking to your position, just say so and we will let the court decide.

This e mail message, including any attachments, is intended for the sole viewing and use of the individual or entity to which it is addressed, and may contain confidential and privileged information, and may also be covered by the attorney client privilege and attorney client work product privilege, which is prohibited from disclosure. Any unauthorized review, use, disclosure, distribution, or the taking of any action in reliance on the information contained in this e mail, including attachments is prohibited. If you are not the intended recipient, you are hereby notified that any dissemination or copy of this message, or any attachment is strictly prohibited. If you have received a copy of this e mail in error, please notify the sender by reply e mail immediately, and remove all copies of this original message, including attachments, from your computer.