**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL CARLOS GARCIA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, et al.<br><br>Defendants. | CASE NO. EDCV11-34 VAP (OPx)<br><br>**[PROPOSED] ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TO DEFENDANTS GLOBAL TEL*LINK CORPORATION AND BRIAN OLIVER**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>DATE:   August 15, 2011<br>TIME:   2:00 PM<br>PLACE:  Courtroom 2<br>JUDGE:  Hon. Virginia A. Phillips<br><br>ACTION FILED:  April 15, 2011<br>TRIAL DATE:    Not Set |

1

[PROPOSED] ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TO DEFENDANTS
GLOBAL TEL*LINK CORPORATION AND BRIAN OLIVER

*TCO 359,058,650v2 118920.011800*

1       On August 15, 2011, at 2:00 p.m., in Courtroom 2 of the above entitled Court, located at 3470 Twelfth Street, Riverside, California 92501, before the Honorable Virginia A. Phillips, the motion of Defendants Global Tel*Link Corporation and Brian Oliver (together, the "GTL Defendants") to dismiss the Second Amended Complaint ("SAC") of Plaintiff Daniel Carlos Garcia ("Plaintiff") as against the GTL Defendants, pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"), as well as the GTL Defendants' concurrently filed Request for Judicial Notice, came on regularly for hearing. Appearances were as noted in the record.

The Court, having considered all papers filed in support of and in opposition to the Motion, as well as oral argument of counsel, finds that there is good cause for granting the Request for Judicial Notice and the Motion in its entirety for all the reasons stated in the Motion, as summarized below:

1.      Judicial notice, pursuant to Federal Rule of Evidence 201, is appropriate in this instance on the GTL Defendants' Motion. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); *see also Lee v. Los Angeles Police Dep't*, No. CV 08-5165 JVS (FFM), 2011 WL 1691940, at *5 (C.D. Cal. Mar. 21, 2011) (false allegation of tort claim compliance is ignored when judicially noticed facts show the absence of any such tort claim); *accord Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment.").

2.      The SAC does not state facts sufficient to allege any conspiracy to deprive Plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws, any denial of equal protection, any act by the GTL Defendants in furtherance of any such a conspiracy, or any resulting injury. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007); *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949, 1950, 173 L. Ed. 2d 868 (2009); *Arnold v. Tiffany*, 487 F.2d 216, 217-218 (9th Cir. 1973); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Ove v. Gwinn*, 264 F.3d 817, 823-24 (9th Cir. 2001); *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *accord Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005); *cf. Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117-18, 45 Cal. Rptr. 3d 730, 749 (2006); *People v. Windom*, 145 Cal. App. 4th 881, 888, 891, 51 Cal. Rptr. 3d 884, 888, 890 (2006); *Forest E. Olson, Inc. v. Super. Ct.*, 63 Cal. App. 3d 188, 192, 133 Cal. Rptr. 573 (1976).  Therefore, Plaintiff's claim for violation of 42 U.S.C. § 1985(3) (Sixth "Cause of Action") brought against the GTL Defendants fails.

  2.   The SAC does not state facts sufficient to allege that the GTL Defendants are governed by, or in any way violated, California Penal Code § 11149.4.  The GTL Defendants are not "vendors" under this statute and there is no basis to apply California Penal Code § 11149.4 to this case.  *See* Cal. Penal Code §§ 11145 et seq.  Therefore, Plaintiff's claim for violation of Cal. Penal Code § 11149.4 (Tenth "Cause of Action") brought against the GTL Defendants fails.

  3.   The SAC does not state facts sufficient to allege that the GTL Defendants are responsible for any alleged actions of government employees, failed to adequately train or supervise, acted under the color of state law, deprived Plaintiff of any Constitutional right, or caused any resulting injury.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L. Ed. 2d 611 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 1206, 103 L. Ed. 2d 412 (1989); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009); *see also George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842, 102 S. Ct. 2764, 2772, 73 L. Ed. 2d 418 (1982); *United States v. Goldstein*, 532

F. 2d 1305, 1311 (9th Cir. 1976); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353, 95 S. Ct. 449, 455, 42 L. Ed. 2d 477 (1974); *Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 1573, 89 L. Ed. 2d 806 (1986); *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001); *People v. Windham*, 145 Cal. App. 4th 881, 886-87, 51 Cal. Rptr. 3d 884, 887 (2006); *Williams v. Woodford*, 384 F.3d 567, 584-85 (9th Cir. 2002); *United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991); *Aguilera v. Baca*, 510 F.3d 1161, 1173 (9th Cir. 2007); *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940, 947, 71 L. Ed. 2d 78 (1982); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Therefore, Plaintiff's 42 U.S.C. § 1983 claim, pursuant to a "*Canton*" failure-to-train-or-supervise theory (Eleventh "Cause of Action"), brought against the GTL Defendants fails.

Accordingly, the Court grants the GTL Defendants' Request for Judicial Notice and the Motion, and Plaintiff's SAC is hereby **DISMISSED**.

O R D E R

IT IS HEREBY ORDERED THAT the GTL Defendants' Motion is granted in its entirety, and Plaintiffs' SAC and the Sixth, Tenth, and Eleventh "Causes of Action" alleged therein are dismissed *with prejudice* against the GTL Defendants .

DATED: _____, 2011

The Honorable Virginia A. Phillips
United States District Judge

Submitted by:

GREENBERG TRAURIG, LLP

By: */s/ Robert J. Herrington*
Robert J. Herrington
*Attorneys for Defendants Global Tel*Link Corporation and Brian Oliver*

4

[PROPOSED] ORDER RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TO DEFENDANTS GLOBAL TEL*LINK CORPORATION AND BRIAN OLIVER

TCO 359,058,650v2 118920.011800